# Exhibit A



Peter Strojnik, Arizona Bar No. 6464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: Strojnik@aol.com
Attorney for Plaintiff

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE MARICOPA COUNTY

NO. CV2008-002732

| | |
|---|---|
| PETER STROJNIK, a married man dealing with his sole and separate claim, | COMPLAINT |
| Plaintiff, | Extortion |
| vs. | Conspiracy |
| PAUL EDALAT a/k/a PAUL P. EDALAT and JANE DOE EDALAT, husband and wife; VERIPAK CORPORATION, a Delaware Corporation; CHARLES MENZIES and JANE DOE MENZIES, his wife, | Pattern of Unlawful Activity in Violation of State Statute A.R.S. 13-2314.04 |
| | Defamation |
| Defendants. | Negligence |

## THE PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Peter Strojnik ("Strojnik") is an attorney licensed to practice within the State of Arizona. Strojnik was admitted to the Arizona State Bar on or about 1980.

2.  Defendant Paul Edalat ("Edalat") and Defendant Jane Doe Edalat are residents of the State of California.

3.  Defendant Veripak Corporation ("Veripak") is a Delaware Corporation doing business in Orange County, California.

4. Defendant Charles Len Menzies ("Menzies") is a California attorney with the bar number 198223 believed to be in good standing with the California State Bar at the present time.

5. Menzies is the agent for Edalat and/or Veripak, and, according to Edalat, Veripak's corporate counsel; the defendants are each other's agents and co-conspirators for the purposes of this Complaint as more fully stated below.

6. Edalat is an employee, officer or director of Veripak; Edalat committed the acts complained of herein in his personal capacity and in his capacity as the agent for Veripak.

7. Defendants caused events to occur in the State of Arizona, County of Maricopa that are the subject of this Complaint.

## BACKGROUND ALLEGATIONS

8. Defendants Edalat and Veripak owe Diversified Global Investments, LLC the principal sum of $200,000.00 plus interest pursuant to that certain Promissory Note dated September 11, 2007 (Exhibit 1).

9. Defendants Edalat and Veripak failed to make payment on said Promissory Note, Exhibit 1.

10. Diversified Global Investments, LLC engaged Plaintiff for the purpose of collecting on said note.

11. On January 4, 2008 (Exhibit 2) and then again on January 7, 2008 (Exhibit 3), Plaintiff communicated with Defendants Edalat and Veripak regarding the Promissory Note.

12. On January 7, 2008, Edalat and Veripak responded with the e-mail (Exhibit 4) in which Edalat and Veripak make the following threats of harm to Plaintiff:

> Be very cautious as to the tactics you choose to attack my personal character and entrepreneurship over the past 20 years of doing business. And I am sure that practicing law in your state of Arizona has its own guidelines in which you have to live by and

respect.  Fear is not in my vocabulary and if you feel that I am one bit concerned of your past two letters to my office, you are dead wrong!  You will soon get a real taste of what is about to come your way and not just bits and pieces.  To protect a convicted felon is only going to hurt what little reputation you have as a lawyer or maybe you are also involved in the schemes as was Jeanne Marie Rowzee, Esq.  Be careful counsel for you are walking on very thin ice!  In the state of California, we have very strong laws that soon you will be schooled if you are not aware of for trying to extort money or use such tactics for collection.

13. The term "You will soon get a real taste of what is about to come your way and not just bits and pieces" was understood by Plaintiff as a threat of emotional, economic and physical harm.

14. Plaintiff understood that Edalat and Veripak did not intend to honor their Promissory Note; therefore, a Complaint was prepared against Edalat and Veripak.

15. Since Plaintiff is not licensed to practice law in the State of California, Plaintiff engaged Plaintiff's son Peter K. Strojnik, a California attorney, Peter K. Strojnik, for the purposes of providing local *pro hac vice* representation.

16. On January 17, 2008, Diversified filed a Complaint against Edalat and Veripak. (Exhibit 5) in the matter styled *Diversified Global v. Edalat et al*, Orange County Superior Court No 30-2008-00101627.

17. On February 1, 2008, Menzies issued an e-mail the relevant portion of which threatened criminal prosecution unless the Complaint is dismissed:

Further, considering the junior Mr. Strojnik filed the Complaint, which advises the violation of California law, and could have been avoided with a modicum of due diligence, my client has advised me that he will be reporting these violations of the California Rules of Professional Conduct to the California State Bar.  He has asked me to inform you of this.  That said, my client will also oppose your pro hac vice application on the same grounds.

However, my client agrees to forbear filing the criminal complaint with the California AG if your client withdraws the complaint and enters into a full waiver and release of any and all claims.  Please note that the filing of the state bar complaint is not contingent, as my client intends on doing this independent of the litigation and does not want it factored

-3-

into any proposed settlement or considered in any way as a means to gain leverage in any negotiations.

## COUNT ONE
### (Extortion)

18. Plaintiff realleges all allegations heretofore set forth.

19. The offense of attempted or completed extortion is a predicate offense to Arizona Racketeering statutes pursuant to ARS §12-2301(D)(4)(ix).

20. Under the rationale of *MacCollum v. Perkinson*, 185 Ariz. 179, 913 P.2d 1097, 211 Ariz. Adv. Rep. 44 (App.1996), predicate offenses provide a private cause of action.

21. Defendants Edalat, Veripak and Menzies are engaging in extortion, causing Plaintiff damage in an amount no less than $500,000.00.

22. Defendants' conduct was intentional and premeditated, intended to unjustly benefit Defendants at the expense of Plaintiff, entitling Plaintiff to punitive damages in an amount sufficient to deter these Defendants and others similarly situated from repeating or committing the wrongful acts complained of herein, but in no event less than $5,000,000.00 each.

23. WHEREFORE, Plaintiff prays for judgment as follows:

    a. For judgment on this Court in an amount to be proven at trial, but in no event less than $500,000.00; and

    b. For punitive damages in an amount no less than $5,000,000.00 as to each Defendant; and

    c. For such other and further relief as the Court may deem just and proper.

## COUNT TWO
### (Civil Conspiracy)

24. Plaintiff realleges all allegations heretofore set forth.

25. Defendants agreed among themselves to engage in a course of conduct involving threatening and intimidating.

26. Defendants agreed to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages to Plaintiff.

27. Plaintiff has been damaged by Defendant's Civil Conspiracy in an amount to be proven at trial, but in no event less than $500,000.00

28. Defendants' conduct was intentional and premeditated, intended to unjustly benefit Defendants at the expense of Plaintiff, entitling Plaintiff to punitive damages in an amount sufficient to deter these Defendants and others similarly situated from repeating or committing the wrongful acts complained of herein, but in no event less than $5,000,000.00 each.

29. WHEREFORE, Plaintiff prays for judgment as follows:

    a.   For judgment on this Court in an amount to be proven at trial, but in no event less than $500,000.00; and

    b.   For punitive damages in an amount no less than $5,000,000.00 as to each Defendant; and

    c.   For such other and further relief as the Court may deem just and proper.

## COUNT THREE
### (Pattern of Unlawful Activity in Violation of State Statute A.R.S. 13-2314.04)

30. Plaintiff realleges all allegations heretofore set forth.

31. By making threats of physical harm and of criminal prosecutions, committed on at least two occasions, to with, the e-mails referenced above, predicate offenses listed in the Arizona Revised Statutes § 13-2301.

32. Defendants' *modus operandi* in threatening and intimidating opposing counsel with treats of physical harm and criminal prosecutions discloses a course of illegal conduct with common external organizing principle relating to Plaintiff and others similarly situated.

33. The illegal acts committed by Defendant with respect to Plaintiff and others similarly situated are related in that they have the same or similar purposes, results, participants, victims or methods of commission and are otherwise interrelated by distinguishing characteristics, to wit:

    a.  Defendants committed extortion through intimidation and threats of physical harm and criminal prosecutions in violation of the same predicate offense described in A.R.S. § 13-2301 (D)(4)(ix); and

    b.  Defendants intended to resolve a pending legal dispute through the use of extortion through intimidation and threats of physical harm and criminal prosecutions in violation of the same predicate offense described in A.R.S. § 13-2301 (D)(4)(ix); and

    c.  Defendants intended to interfere with the attorney-client relationship between Plaintiff and his client, Diversified Global Investments, LLC through intimidation, threats of physical harm and criminal prosecutions of the attorney; and

d.  The extortion, threats and intimidation were motivated by a financial gain, to wit: Defendants desire not to pay on a legitimate promissory note; and

34. Defendants engaged in a pattern of racketeering activity as follows:

a.  The last act of racketeering activity that is alleged as the basis of the claim occurred within five years of a prior act of racketeering.

b.  The acts of racketeering that are alleged as the basis of the claim were related to each other or to a common external organizing principle, including the affairs of an enterprise. Acts of racketeering are related if they have the same or similar purposes, results, participants, victims or methods of commission or are otherwise interrelated by distinguishing characteristics.

c.  The acts of racketeering that are alleged as the basis of the claim were continuous or exhibited the threat of being continuous.

35. The misconduct committed by Defendant demonstrates a series of two related predicates involving the Plaintiff extending over a period of time.

36. By its very nature, Defendants' misconduct projects into the future with a threat of repetition.

37. Defendant's *modus operandi* discloses a course of illegal conduct with common external organizing principle, to wit: the protection of Edalat and Veripak from payment of a legitimate claim.

38. Plaintiff has been damages as a direct and consequential result of Defendant's commission of the misconduct alleged above in an amount to be proven at trial, but in no event less than $500,000.00.

39. Defendant's illegal and unlawful conduct is indictable under the provisions of Title 13 of the Arizona Criminal Code.

40. Plaintiff has been damaged by Defendant's Pattern of Unlawful Activities in violation of State Statute.

41. Plaintiff is entitled to treble damages pursuant to A.R.S. § 13-2314.04.

WHEREFORE, Plaintiff prays for judgment as follows:

    a.  For damages in the amount of $500,000.00 trebled to $1,500,000.00; and

    b.  For punitive damages in an amount no less than $5,000,000.00 as to each Defendant; and

    c.  For such other and further relief as the Court may deem just and proper.

## COUNT FOUR
### (Defamation)

42. Defendants' 02-01-08 e-mail accused Plaintiff of a criminal act.

43. Defendants' 02-01-08 e-mail was sent to Plaintiff's son, Peter K. Strojnik.

44. The allegation of criminal conduct is false.

45. Defendants committed defamation *per se*.

46. Plaintiff has been damaged by Defendants' act of defamation in an amount to be proven at trial, but in no event less than $500,000.00.

47. Defendants' conduct was intentional and premeditated, intended to unjustly benefit Defendants at the expense of Plaintiff, entitling Plaintiff to punitive damages in an amount sufficient to deter these Defendants and others similarly situated from repeating or

committing the wrongful acts complained of herein, but in no event less than $5,000,000.00 each.

48. WHEREFORE, Plaintiff prays for judgment as follows:

    a.  For judgment on this Court in an amount to be proven at trial, but in no event less than $500,000.00; and

    b.  For punitive damages in an amount no less than $5,000,000.00 as to each Defendant; and

    c.  For such other and further relief as the Court may deem just and proper.

## COUNT FIVE
### (Negligence)

49. Plaintiff realleges all allegations heretofore set forth.

50. California Rule of Professional Conduct 5-100(A) provides: "A member shall not threaten to present criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute."

51. Defendants owed Plaintiff a duty of care, including a duty of a type described in the California Rule of Professional Conduct 5-100.

52. Defendants breached their duty to Plaintiff, causing damage in an amount to be proven at trial, but in no event less than $500,000.00

53. Defendants' conduct was intentional and premeditated, intended to unjustly benefit Defendants at the expense of Plaintiff, entitling Plaintiff to punitive damages in an amount sufficient to deter these Defendants and others similarly situated from repeating or committing financial frauds described herein, but in no event less than $5,000,000.00.

54. WHEREFORE, Plaintiff prays for judgment as follows:

    a.   For judgment on this Court in an amount to be proven at trial, but in no event less than $500,000.00; and

    b.   For punitive damages in an amount no less than $5,000,000.00 as to each Defendant; and

    c.   For such other and further relief as the Court may deem just and proper.

RESPECTFULLY submitted this 4th day of February, 2008.


Peter Strojnik
Attorney for Plaintiff

*Exhibit 1*

*Diversified Global Investments LLC (LENDER)*
**PROMISSORY LOAN NOTE**

| Section A:  Borrower's Section - VeriPak Corporation | | |
|---|---|---|
| 1.  Company Name | 2.  TAX ID: | |
| Veripak Corporation | 71-0823255 | |
| Address: | 3.  Area Code / Telephone Number | |
| 1963 E. Blair Ave. | 949 250 8672 | |
| Address: | | |
| City, State, Zip | | |
| Santa Ana CA. 92705 | | |
| **Section B:  Co-Borrower's Section –** | | |
| 4.  Co-Borrower's Name: | Co-Borrower's Social Security Number | |
| Co-Borrower's Address: | Co-Borrower's Date of Birth: | |
| Co-Borrower's City, State, Zip | Co-Borrower's Driver's License Number | |
| **Section C:  Private Lender's Section – Joe Herrera** | | |
| 5.  Private Lender's Name & Address ( Street, City, State, Zip Code) | 6.  Interest to be paid | 7.  Loan Period |
| Diversified Global Investments LLC | $45,000.00 | 90 days/ 3 months |
| 1281 La Limonar Rd. | 8.  Loan Amount | 9.  The date that the loan is given from the lender to the borrower will be set by the date that the money is wired by the lender to VeriPak Corporation's Checking Account |
| Santa Ana, CA. 92705 | $200,000.00 | |

**TERMS AND CONDITIONS**

REPAYMENT – I, Paul Eddal principal at VeriPak Corporation and Paul Eddal an individual (hereinafter called the "Borrower") promise to pay to Diversified Global Investments LLC (hereinafter called the "Lender") or to any holder to whom the Lender may assign this Note, all sums of principal and interest that accrues on the loan evidenced by this Promissory Note. Interest on this loan shall accrue at the Fixed Rate (at Acceleration default) I promise to pay the entire principal and interest which has accrued. In case non payment paid in full 90 days after the receipt of the loan. This loan will become due on the 90th day after the loan is given to the Borrower. The date that the loan is given from the lender to the borrower will be set by the date that the money is wired by the lender to VeriPak Corporation's Bank Account.

LATE CHARGES. The I ender will impose a late charge if I do not make a scheduled payment when due. I set charges will be $25 per day starting with the 90th day after loan was given to the Borrower. The Lender may act send any late notice to the Borrowers.

EVENTS OF DEFAULT – The following are "Events of Default": I fail to make any payment promptly when due; I provide the lender with false information or signatures in any way; I become legally incompetent; I do not comply with the terms and conditions of this Note; I cannot pay any of my debts as they come due, or proceedings are instituted by or against me under the Bankruptcy Act, or the Lender at any time in its reasonable judgment, believes that the prospect of my repaying any debt as it is impaired. The failure of the Lender to exercise this right shall not constitute a waiver of the right to exercise the same at any other time. In the event I am in default as provided above, the Lender may, at its option, declare my loan to be in default and may accelerate my loan (demand immediate payment of the entire unpaid balance of due loan, including principal, interest, late charges, and collection cost. The Lender shall disclose my default to credit bureaus or credit reporting agencies. In the event of a default, I agree to pay that under all reasonable expenses, including attorney fees and court costs, which it incurs in collecting any amount I owe under this Note which is not paid when due.

REQUESTS FOR DEFERMENT – If I am not in default under this Note, and I make a timely, fully documented written request containing all information required by the Lender, the Lender may at its sole and absolute discretion, defer my obligation to make payments under this Note after the Repayment Date. I will lose my right to defer principal payments and late fees if I default on my loan.

Page 1 of 2

**CHANGE OF STATUS -** I will inform the Lender of any change in my name, address, telephone number, Social Security number, or driver's license number.

**PREPAYMENT -** I may prepay all or any part of my unpaid loan balance, plus any accrued interest, at any time without penalty. Amounts I repay before the Repayment Due Date, will be used to reduce the amount of the loan but not the interest due.

**GOVERNING LAW -** This Note has been executed and delivered in California and any from the Borrowers reside and/or incorporated, and its validity, construction, and enforceability shall be governed by the laws obtain of California and all the state Borrowers reside and/or are incorporated, unless Federal law shall otherwise apply. If any provision of this Note is held to be invalid or unenforceable, the other provisions shall remain valid and shall be construed and enforced as if that provision was never contained in this Note.

### TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | AMOUNT FINANCED |
|---|---|
| The cost of your credit as a yearly rate. | The amount of credit provided to you or on your behalf is listed on the front of this loan document under item 8. |
| 1.  Monthly payment of: $15,000 for 3 months totaling $45,000 interest payments to start on the 11th of each month after funds have been received by Veripak. | |
| 2.  Any day after Note Becomes Due (not including any late fees and the $45,000 interest payment) ___ % | |

**Late Charge:** If a payment is late, you will be charged a minimum fee of $5 per day. Collection Fees and Attorney fees may also apply.

**Prepayment:** If you pay off early, you will not have to pay a penalty and the lender will not reimburse any interest due for early prepayment.

I will not sign this Note before reading it. This loan has been made to me and guaranteed by all my business and personal assets My signature certifies I have read, understand, and agree to the terms and conditions of this Promissory Note. THIS IS A LOAN THAT MUST BE REPAID ON DUE DATE. INTENDING TO BE LEGALLY BOUND THEREBY, the parties have set their hands and seals below.

Borrower's Signature (Signature of the Principal of
VeriPak Corporation)      Date   9-11-07

Co-Borrower's Signature – PAUL EDALAT      Date   9-11-07

Lender's Signature – Diversified Global Investments LLC      Date   9-11-07

Witness –      Date   9-11-07

Page 2 of 2

**Washington Mutual**

**Confirmation of Domestic Wire Transfer Order**

| | |
|---|---|
| **Customer Information:** | |
| Name:   DIVERSIFIED GLOBAL INVESTMENTS, LLC | Date:  09/11/2007 |
| Authorized Representative Name:      JAMES R HALSTEAD | |
| Address: | |
| 1251 LA LIMONAR RD | SANTA ANA, CA 927052307 |
| Fax Number: | Phone Number:   (714) 264-5923 |
| Name: TUSTIN | Phone Number:   (714) 573-7815 |
| Address: | |
| 615 E 1ST ST | TUSTIN, CA 927803417 |
| Fax/Phone Wire Request Confirmed with (Customer/AR/AIF): | |
| Time:         Date:            FC Representative Name: | |

Thank you for banking with Washington Mutual.

This serves as a confirmation for a Domestic Wire
Your account will be debited on:          08/11/2007

You must contact the Bank immediately at the center noted above if any information contained in this confirmation is inconsistent with your records.

| | |
|---|---|
| Beneficiary Bank: | BANK OF AMERICA, N.A., CA |
| Beneficiary Name: | VERIPAK CORPORATION |
| Beneficiary Account Number: | 1220710682 |
| Wire Amount: | $200,000.00 |

| | |
|---|---|
| By Order of: | JAMES R HALSTEAD |
| Amount Debited: | $200,020.00 |
| Fee: | $20.00 |

Transaction Reference Number:      V800009257880364

Account number:      088400001297787

Agent Name: ALFREDO ROMAN

33040m 404404

*Exhibit 2*

THE LAW FIRM OF

# PETER STROJNIK
ATTORNEY AT LAW

January 4, 2008

Mr. Paul Edalat
VeriPak Corporation
1963 East Blair Avenue
Santa Ana, California 92705
*By first class mail and e-mail paul@veripak.net*

Re:    Diversified Global Investments, LLC v. VeriPak, Edalat et al

Dear Mr. Edalat:

I have been retained by Diversified to collect on the promissory note dated 09-11-07 (attached) in the principal amount of $200,000.00, payable in full in 90 days with interest thereon at the rate of $15,000 per month. The Note became due on December 11, 2007. A demand notice was sent out to you on December 4, 2007 (attached). The Note remains unpaid to this day. As of January 11, 2008, the principal and interest on the Note will be $260,000.00.

I have also reviewed your e-mail dated November 29, 2007 (attached) in which you make statements suggesting the right of offset against the Note for claims you believe you have against Mr. Halstead. Let me suggest to you that any claims you believe you may have against Mr. Halstead are utterly irrelevant to your and your company's obligation under the Note.

Unless the Note is paid off by January 11, 2008, or acceptable repayment arrangements have been reached, I will file suit to collect on the note. Let me suggest that you discuss this matter with competent counsel; if you wish, you can contact me on the cell at 602-524-6602.

Very Truly Yours,

Peter Strojnik

PJS: ps
Encl.: *as indicated*
CC:  Client *by e-mail only*

*Diversified Global Investments LLC (LENDER)*
*PROMISSORY LOAN NOTE*

| Section A:  Borrower's Section – VeriPak Corporation | | |
|---|---|---|
| 1.   Company Name  **Veripak Corporation** | 2.   TAX ID:  71-0923265 | |
| Address:  1963 E. Blair Ave. | 3.   Area Code / Telephone Number  949 250 8672 | |
| Address: | | |
| City, State, Zip  Santa Ana CA. 92705 | | |
| Section B:  Co-Borrower's Section – | | |
| 4.   Co-Borrower's Name: | Co-Borrower's Social Security Number: | |
| Co-Borrower's Address: | Co-Borrower's Date of Birth: | |
| Co-Borrower's City, State, Zip | Co Borrower's Driver's License Number: | |
| Section C:  Private Lender's Section – Joe Herrera | | |
| 5.   Private Lender's Name & Address ( Street, City, State, Zip Code)   **Diversified Global Investments LLC**  **1281 La Limonar Rd.**  **Santa Ana, CA. 92705** | 6.   Interest to be paid  **$45,000.00** | 7.   Loan Period  **90 days/ 3 months** |
| | 8.   Loan Amount  **$200,000.00** | 9.   The date that the loan is given from the lender to the borrower will be set by the date that the money is wired by the lender to VeriPak Corporation's Checking Account |

## TERMS AND CONDITIONS

REPAYMENT – I, Paul Edalat principal of VeriPak Corporation and Paul Edalat as an individual (hereinafter called the "Borrowers") promise to pay to Diversified Global Investments LLC (hereinafter called the "Lender" or to any holder to whom the Lender may assign this Note, all sums of principal and interest that accrues on the loan evidenced by this Promissory Note. Interest on this loan shall accrue at the Due Date (as hereinafter defined) I promise to pay the entire principal and interest which has accrued. In one sum payment paid in full 90 days after the receipt of the loan. This Note will become due on the 90th day after the loan is given to the Borrowers. The date that the loan is given from the lender to the borrower will be set by the date that the money is wired by the lender to VeriPak Corporation's Bank Account.

LATE CHARGES – The Lender will impose a late charge if I do not make a scheduled payment when due  I are charges of the $25 per day starting with the 90th day after loan was given to the Borrowers. The Lender may not send any late notice to the Borrowers.

EVENTS OF DEFAULT – The following are "Events of Default": I fail to make any payment promptly when due; I provide the lender with false information or signatures at any time; I become legally incompetent; I do not comply with the terms and conditions of this Note; I cannot pay any of my debts as they come due, or proceedings are instituted by or against me under the Bankruptcy Act, or the Lender at any time in its reasonable judgment, believes that the prospect of my repaying any debt to it is impaired.  The failure of the Lender to exercise this right shall not constitute a waiver of the right to exercise the same at any other time.  In the event I am in default as provided above, the Lender may, at its option, declare my loan to be in default and may accelerate my loan (demand immediate payment of the entire unpaid balance of the loan, including principal, interest, late charges, and collection cost). The Lender shall disburse my default to credit bureaus or credit reporting agencies.  In the event of a default, I agree to pay under all reasonable expenses, including attorney fees and court costs, which it incurs in collecting any amount I owe under this Note which it not paid when due.

REQUESTS FOR DEFERMENT – If I am not in default under this Note, and I make a timely, fully documented written request containing all information required by the Lender, the Lender may at its sole and absolute discretion, defer my obligation to make payments under this Note after the Repayment Date.  I will lose my right to defer principal payments and late fees if I default on my loan.

Page 1 of 2

**CHANGE OF STATUS** - I will inform the Lender of any change in my name, address, telephone number, Social Security number, or driver's license number.

**PREPAYMENT** - I may prepay all or any part of any unpaid loan balance, plus any accrued interest, at any time without penalty. Amounts Ipay before the Repayment Due Date, will be used to reduce the amount of the loanbut not the interest due.

**GOVERNING LAW** – This Note has been executed and delivered in California and any State the Borrowers reside and/or incorporated, and its validity, construction, and enforceability shall be governed by the laws ofState of California and all the states Borrowers reside and/or are incorporated, unless Federal law shall otherwise apply. If any provision of this Note is held to be invalid or unenforceable, the other provisions shall remain valid and shall be construed and enforced as if that provision was never contained in this Note.

TRUTH-IN-LENDING DISCLOSURES

| *ANNUAL PERCENTAGE RATE* | *AMOUNT FINANCED* |
|---|---|
| The cost of your credit as a yearly rate. | The amount of credit provided to you or on your behalf is listed on the front of this loan document under item 8. |
| 1.  Monthly payment of: $15,000 for 3 months totaling $45,000 interest payments to start on the 11ᵗʰ of each month after funds have been received by Veripak. | |
| 2.  Any day after Note Becomes Due (not including any late fees and the $45,000 interest payment)  __15__ % | |

Late Charge:  If a payment is late, you will be charged a minimum fee of $25 per day. Collection Fees and Attorney fees may also apply.

Prepayment:  If you pay off early, you will not have to pay a penaltyand the Lender will not reimburse any interest due for earlyprepayments.

I will not sign this Note before reading it. This loan has been made to meand guaranteed by all my business and personal assets My signature certifies I have read, understand, and agree to the terms and conditions of this Promissory Note. THIS IS A LOAN THAT MUST BE REPAID ON DUE DATE. INTENDING TO BE LEGALLY BOUND THEREBY, the parties have set their hands and seals below.

_Borrower's Signature (Signature of the Principal of VeriPak Corporation)_          Date  9-11-07

_Co-Borrower's Signature – PAUL EDALAT_          Date  9-11-07

_Lender's Signature – Diversified Global Investments LLC_          Date  9-11-07

_Witness –_          Date  9-11-07

Page 2 of 2

Hand Delivered and send Certified Mail Return Receipt Requested # 7000 0520 0023 4850 3920

# DEMAND NOTICE
## Date: December 4th, 2007

Debtor:    **Veripak Corporation**
Debtor 2:   **Paul Edalat**
Lender:     Diversified Global Investments, LLC.
               C/O James Halstead (714) 264- 5823 (Authorized Representative)
               1281 La Limonar Rd
               Santa Ana, California 92705

**Notice of Default** is hereby given pursuant to the Promissory Loan Note executed by you in favor of Diversified Global Investments, LLC on September 11th, 2007 that you are in default of your obligations therein by your failure to make payments when due; specifically you have failed to make the November 11th, 2007 interest payment of $15,000.

**Evidence of your acceptance of the terms** of the Promissory Loan Note including the monthly payment of $15,000 due on the 11th of each month is; the executed document, the wire confirmation of the monies received by you on September 11th, 2007 and your prompt payment of the first interest installment of $15,000 on October 11th, 2007.

**Acceleration:** Because you are in default the terms of your Promissory Loan Notes is hereby accelerated and the entire principal amount together with interest and late charges and/or collection and legal fees are now due.

**Demand** is hereby made by the Lender, Diversified Global Investments, LLC for immediate payment of all monies due no later than December 7th, 2007;

| | |
|---|---|
| Principal: | $200,000 |
| Interest: | $ 30,000 |
| Late fees accumulated until December 7th 2007* | $    75 |
| Total due by December 7th, 2007 | $ 230,075 |

**This is an attempt to collect a debt.** Any information you provide will be used to collect that debt. Be advised that if the Lender does not receive the full amount above on or before December 7th, 2007 or you have not contacted the Lender by that date to make other payment arrangements acceptable to the Lender than the Lender may take any and all legal actions necessary to collect this debt including but not limited to; filing suit against you and the corporation, performing an asset search on all of your assets and those of th corporation, filing a lis pendis against those assets, filing a motion for summary judgment, asking the court to file notices of judgment or garnishment, notifying customers, vendors and governmental agencies of the nature of this debt and the lis pendis thereof and notifying the credit bureaus of the status of this account. Under the terms of the Promissory Loan Note that you executed in favor of Diversified Global Investments, LLC you are responsible for the Lender's costs to collect the obligation.

**From:** Paul P. Edelst [paul@verlpak.net]

**Sent:** Thursday, November 29, 2007 3:09 AM

**To:** GameplanJH@aol.com

**Subject:** RE: las vegas

**Importance:** High

Uncle Jimmy

I want to upfront with you now in writing then meeting with you. So you ask why I am upset? It is for these reasons:

1. I was promised by you (your word) that were going to take care of me with Omar's deals. You offered $35k plus 5% of the total stock investment plus profits. Omar invested $350k with your group. (never happened)

2. you guarantee me to buy in on that Friday for $100k and to get out on Monday $200k doubling my investment (never happened)

3. you called on everyone you met through me: Mikey, Rick, Dr. Tom, Max, Omar and his family and met with some on in person on investments.

4. you asked on numerous times that I introduce you to my uncle and more then once in from of Bob and Angelo. (never will now!!!)

5. you consistently offered me to get involved in your "deals" not considering the risk factors that you would get me involved in by pure greed. (never fell for it)

do you see the consistency in all of the above? It was always about you. I was very honest with you and in a time that you needed my help, that is exactly what I did for you. I liked you and your wife and thought of you were nice people However, you did not consider my honesty and my being upfront with you to be of CLASS ACT! You thought or maybe considered me to be like the others. I told you that no contract or offer is as good as your "word". I don't need your money, but when I saw you and your group, like a bunch of sharks, started to take advantage of everyone that I introduced you all to without taking care of me, well that is when my side that you have now seen and not like came to life. You all made a mistake in considering my sweetness for weakness! What do you think that I make my money from handouts and family??? I earned every dollar and worked very hard at it and believe me that I will fight to keep it plus more if someone tries to take it. As easy as I put you in front of the group, as easy as I cut you off from them. Do you see how loyalty works? Do you for one minute think that any of the guys would disrespect me or my requests? You experience first hand how Mikey did not call you back, Rick backed off the $10million investment with you and Max and his investment group stopped their interest all of the sudden. Do you know why? They were all waiting to see how you were going to take care of me and if you were going to be good on your word. Well you didn't and still have not so you really blew it. You had a great thing going with everyone and believe me that they all reported to me everytime you or your group contacted them. But the fools that you all are, thought that I am some new to the "game" rookie that didn't know what was going on. So now you realized the power in which I have to make or break your sought after goals with my friends. Sure you may have other fish on the line, but its not going to be from my waters pal. Those fish will soon realize that there is no "food" and will soon turn their backs on you as well. But that is not my concern.

So to make the story short, I am not a bit bothered or disturbed by your messages. You have a long way to go to try to even scratch the surface. The reason that I write you rather the to talk to you is just that, I don't have the time for anymore BS! If you feel any different, then be it. You have the right to react. However consider that what actions you take from here now will suffer consequences that will be direct and precise.

For the last time, do the right thing and do what you promised. You have had enough time to settle your obligations. You owe me $135,000....pay up!
Who is and has been now in "default"? I will collect.

Executive Vice President



1953 EAST BLAIR AVE | SANTA ANA | CA 92705
T: 949.250.8572 | F: 949.250.4022 | E: ssivak.com
VERIPAK.NET

INFORMATION CONTAINED IN THIS TRANSMISSION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE AND
MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF THE READER OF THIS MESSAGE IS NOT THE
INTENDED RECIPIENT. YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS
STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE PERMANENTLY DELETE THIS MESSAGE
IMMEDIATELY

*Exhibit 3*



THE LAW FIRM OF
# PETER STROJNIK
A T T O R N E Y   A T   L A W

January 7, 2008

Mr. Paul Edalat
VeriPak Corporation
1963 East Blair Avenue
Santa Ana, California 92705
*By first class mail and e-mail paul@veripak.net*

Re:    Diversified Global Investments, LLC v. VeriPak, Edalat et al

Dear Mr. Edalat:

This is a follow up to my correspondence dated January 4, 2008 in which I made a demand for payment on behalf of Diversified Global Investments, LLC.

In reviewing your dealings with others – including Terrell Owen - it has come to my attention that you have in the past taken a very strong position against those who you claim breached their agreements with you. As president of Formulated Sciences Inc., you stated in a December  10 [2004] press release[i], "...when it comes to a partnership with corporate America these acts [of breach] will not be tolerated," and "[Terrell Owens'] acts ... may cause millions of dollars in damages to your corporate sponsors and partners including putting many innocent employees jobs at risk." Press releases of the type quoted from above benefit not only the immediate parties, but also the government in their search for the truth, and the parties' vendors, purchasers and business associates in their due diligence endeavors.

In light of your vociferous advocacy of fairness in "corporate America", we are surprised that you did not disclose to Diversified that you have personally been involved in two bankruptcies in the last ten years[ii] that you have been involved, through FS, in two distinct litigation matters[iii] as disclosed on PACER.

Please comment on these matters.   You should understand, of course, that

3030 NORTH CENTRAL AVENUE - SUITE 1401 – PHOENIX – ARIZONA – 85012-2712
TEL: 602.297.3019 – FAX: 602.297.3176 – CELL: 602.524.6602 – EMAIL: STROJNIK@AOL.COM
WEBSITE: WWW.STROJNIK.COM

anything you say in response to this letter may be used against your interest.

Very Truly Yours,

Peter Strojnik

PJS: ps
Encl.: *as indicated*
CC:  Client *by e-mail only*

---

[1] http://www.prnewswire.com/cgi-bin/stories.pl?ACCT=109&STORY=/www/story/12-10-2004/0002594549&EDATE=

[ii] 8:97-bk-30199-LR Paul P Edalat
Case type: bk Chapter: 7 Asset: No Vol: v Hon.: Lynne Riddle
Date filed: 12/19/1997 Date discharged: 03/30/1998
Date terminated: 04/10/1998 Date of last filing: 04/10/1998

8:05-bk-13868-JB Paul Edalat
Case type: bk Chapter: 7 Asset: No Vol: v Judge: James N. Barr
Date filed: 05/31/2005 Date discharged: 11/17/2005
Date terminated: 12/09/2005 Date of last filing: 12/09/2005

[iii] 8:03-cv-01837-SJO-CW Formulated Sciences v. Natl Football League, et al
S. James Otero, presiding
Carla Woehrle, referral
Date filed: 12/30/2003
Date terminated: 02/16/2006 Date of last filing: 02/27/2006

3:00-cv-00808-AET PROSOURCE INC. v. FORMULATED SCIENCES, et al
Anne E. Thompson, presiding
Date filed: 02/22/2000
Date terminated: 04/28/2000 Date of last filing: 04/28/2000

*Exhibit 4*

Subj:       **RE: Diversified v. Edalat, Veripak**
Date:       1/7/2008 3:52:12 P.M. US Mountain Standard Time
From:       paul@veripak.net
To:         Strojnik@aol.com
CC:         GameplanJH@aol.com, charles@veripak.net, menzies_charles@yahoo.com

Dear Peter,
It is very interesting that you have taken a position in which would attack ones solid character. Have you researched your own clients dealings in the past and did he ever disclose his personal problems to me and my investors that are still awaiting to get paid back?
http://caselaw.lp.findlaw.com/cgi-bin/getcase.pl?court=9th&navby=case&no=9555004
http://www.corp.ca.gov/enf/info/dr/07pdf/rowzeej.pdf

Be very cautious as to the tactics you choose to attack my personal character and entrepreneurship over the past 20 years of doing business. And I am sure that practicing law in your state of Arizona has its own guidelines in which you have to live by and respect. Fear is not in my vocabulary and if you feel that I am one bit concerned of your past two letters to my office, you are dead wrong! You will soon get a real taste of what is about to come your way and not just bits and pieces. To protect a convicted felon is only going to hurt what little reputation you have as a lawyer or maybe you are also involved in the schemes as was Jeanne Marie Rowzee, Esq. Be careful counsel for you are walking on very thin ice! In the state of California, we have very strong laws that soon you will be schooled if you are not aware of for trying to extort money or use such tactics for collection.

You will be contact by Mr. Menzies (corporate counsel) shortly. He is well aware of the situation and I am sure that he has some ideas of how you can resolve this situation.

All of this could of have had been avoided if "Uncle Jimmy" would of just been a man of his word and took care of me as he has mentioned many times in writing and messages on my VM. Now you have all escalated it to the next level.

Lets dance!

Regards,


**Paul P. Edalat**
Executive Vice President

**▼VERIPAK**

1963 EAST BLAIR AVE | SANTA ANA | CA 92705
T 949.250.8672 | F: 949.250.4092 | F: 949.955.0898
VERIPAK.NET

INFORMATION CONTAINED IN THIS TRANSMISSION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE PERMANENTLY DELETE THIS MESSAGE IMMEDIATELY.

**From:** Strojnik@aol.com [mailto:Strojnik@aol.com]
**Sent:** Monday, January 07, 2008 2:21 PM
**To:** paul@veripak.net
**Cc:** GameplanJH@aol.com
**Subject:** Diversified v. Edalat, Veripak

Dear Mr. Edalat:

Please see attached.

Peter Strojnik
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail strojnik@aol.com
website: strojnik.com

---

Start the year off right. Easy ways to stay in shape in the new year.

*Exhibit 5*

1   Peter Strojnik, 6464
    THE LAW FIRM OF PETER STROJNIK
2   3030 North Central Avenue, Suite 1401          JAN 2 8 2008
    Phoenix, Arizona 85012
3   Telephone: 602-297-3019
4   Facsimile: 602-297-3176
    e-mail: *Strojnik@aol.com*
5   *application pro hac vice pending*

6
    Peter K. Strojnik, Esq. California Bar Number 242728
7   Friedland, Rivas and Associates
    152 N 3rd St Ste 501
8   San Jose, CA 95112
    Phone: (408) 297-5300
9   Fax: (408) 297-0900
10  e-mail: pksesq@aol.com

11

12          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

13              IN AND FOR THE COUNTY OF ORANGE            30-2008

14  DIVERSIFIED GLOBAL          ) NO.              0 0 1 0 1 6 2 7
    INVESTMENTS, LLC,           )
15                              )              COMPLAINT
                   Plaintiff,   )
16                              )  (Fraud in the Inducement and Promissory Fraud)
        vs.                     )
17                              )          (Breach of Contract)
    PAUL EDALAT a/k/a PAUL P. EDALAT )
18  and JANE DOE EDALAT, husband and )     Hon. McKino C3
    wife; VERIPAK CORPORATION, a )
19  Delaware Corporation,       )
                                )
20                 Defendants.  )
21

22  Plaintiff alleges:

23  1.  Diversified Global Investments, LLC is a Califomia Corporation.
24

25

                                -1-

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 17 2008

ALAN SLATER, Clerk of the Cour

BY:_____ A. HERRO_____,DEPUTY

2. Paul Edalat is also known as Paul P. Edalat ("Edalat") and Jane Doe Edalat are husband and wife. Edalat caused the events that are the subject matter of this complaint to occur for the benefit of his marital community.

3. Veripak Corporation ("Veripak") is a Delaware Corporation doing business out of a warehouse in Santa Ana, California.

4. Defendants are subject to the jurisdiction of this Court by virtue of maintaining their primary operations within the State of California.

5. Venue is proper in this Court by virtue of the fact that the acts and events that form the subject matter of this Complaint arose out of Orange County, State of California.

6. On or about September 11, 2007, Edalat and Veripak requested that Diversified lend them the sum of $200,000.00 to be repaid in 90 days with interest thereon in the amount of $45,000.00, for the total of $245,000.00, and providing for a default rate of $25.00 per day.

7. Diversified made the loan as agreed, and Edalat and Veripak signed a promissory note. (Exhibit 1)

8. Prior to making the loan, Edalat led Diversified to believe that Edalat and Veripak were solvent and able to repay the loan, and that it was their intent to repay the loan.

9. Unbeknownst to Diversified, Edalat and Veripak had in the past conducted their business irresponsibly, carelessly and negligently as evidenced by the following non-exclusive events:

a. Edalat filed two bankruptcies within the past ten years, to wit:

-2-

i. 8:97-bk-30199-LR Paul P Edalat , Case type: bk Chapter: 7 Asset: No Vol: v Hon.: Lynne Riddle, Date filed: 12/19/1997 Date discharged: 03/30/1998, Date terminated: 04/10/1998 Date of last filing: 04/10/1998; and

ii. 8:05-bk-13868-JB Paul Edalat Case type: bk Chapter: 7 Asset: No Vol: v Judge: James N. Barr Date filed: 05/31/2005 Date discharged: 11/17/2005 Date terminated: 12/09/2005 Date of last filing: 12/09/2005.

b. Edalat's other company, Formulated Sciences, Inc., was placed on the NFL's "banned list" of supplement makers that supposedly manufactured products containing anabolic steroids or related substances in 2002. Upon information and belief, Formulated Sciences, Inc was later taken off that list.

c. Under Edalat's leadership, Formulated Sciences, Inc. was run to the verge of bankruptcy. (Exhibit 2)

d. Under Edalat's leadership, Formulated Sciences, Inc. had been involved in two separate lawsuits, to wit:

i. 8:03-cv-01837-SJO-CW Formulated Sciences v. Natl Football League, et al S. James Otero, presiding Carla Woehrle, referral Date filed: 12/30/2003 Date terminated: 02/16/2006 Date of last filing: 02/27/2006; and

ii. 3:00-cv-00808-AET PROSOURCE INC. v. FORMULATED SCIENCES, et al Anne E. Thompson, presiding Date filed: 02/22/2000 Date terminated: 04/28/2000 Date of last filing: 04/28/2000.

10. Edalat and Veripak did not disclose to Diversified that Edalat and Veripak conduct their business in an unscrupulous, vicious, fraudulent and financially irresponsible manner.

-3-

11. Edalat and Veripak intentionally concealed their financial irresponsibility and intentionally misled and otherwise deceived Diversified into believing that it was their intent and ability to repay the money lent.

12. Defendants' implied promise to repay the Note was made without such intention; therefore there was an implied misrepresentation of fact constituting promissory fraud.

13. Diversified made a demand on Edalat and Veripak to pay the sums due under the Note. (Exhibits 3, 4)

14. Defendants refused to make payment; instead, they threatened counsel for Plaintiff as follows by stating, "You will soon get a real taste of what is about to come your way and not just bits and pieces" and "[B]e careful counsel for you are walking on very thin ice! In the state of California, we have very strong laws that soon you will be schooled if you are not aware of for trying to extort money or use such tactics for collection". (Exhibit 5)

15. Edalat and Veripak failed to honor the Promissory Note, causing Diversified damage.

## COUNT ONE
### (Fraud in the Inducement)
### (Promissory Fraud)

16. Plaintiff realleges all allegations heretofore set forth.

17. Defendants intentionally induced Plaintiff into making the loan by their intentional concealment and omissions of disclosure of the following non-exclusive facts:

   a. Edalat filed two bankruptcies within the past ten years, to wit:

   i. 8:97-bk-30199-LR Paul P Edalat , Case type: bk Chapter: 7 Asset: No Vol: v Hon.: Lynne Riddle, Date filed: 12/19/1997 Date discharged: 03/30/1998, Date terminated: 04/10/1998 Date of last filing: 04/10/1998; and

-4-

ii. 8:05-bk-13868-JB Paul Edalat Case type: bk Chapter: 7 Asset: No Vol: v Judge: James
N. Barr Date filed: 05/31/2005 Date discharged: 11/17/2005 Date terminated:
12/09/2005 Date of last filing: 12/09/2005.

b. Edalat's other company, Formulated Sciences, Inc., had been placed on the NFL's
"banned list" of supplement makers that supposedly manufactured products containing
anabolic steroids or related substances. Upon information and belief, Formulated
Sciences, Inc was later taken off that list.

c. Under Edalat's leadership, Formulated Sciences, Inc. was run to the verge of
bankruptcy. (Exhibit 2)

d. Under Edalat's leadership, Formulated Sciences, Inc. had been involved in two separate
lawsuits, to wit:

i. 8:03-cv-01837-SJO-CW Formulated Sciences v. Natl Football League, et al S. James
Otero, presiding Carla Woehrle, referral Date filed: 12/30/2003 Date terminated:
02/16/2006 Date of last filing: 02/27/2006; and

ii. 3:00-cv-00808-AET PROSOURCE INC. v. FORMULATED SCIENCES, et al Anne
E. Thompson, presiding Date filed: 02/22/2000 Date terminated: 04/28/2000 Date of
last filing: 04/28/2000.

18. Defendants created the impression that it was their intent to repay the loan and that they had
the ability to repay the loan.

19. Defendants' implied promise to repay the Note was made without such intention; therefore
there was an implied misrepresentation of fact constituting promissory fraud

-5-

20. Plaintiff has been fraudulently induced to make the loan by virtue of Defendants fraudulent omissions.

21. Plaintiff has been damaged by Defendants' acts of fraudulent omissions in the amount of the Note plus interest which, as of December 11, 2007, stood at $245,000.00, incurring interest at the rate of $15,000.00 per month and daily late charges at the rate of $25.00 per day.

22. Defendants' actions were intentional and recklessly disregarded the rights of Plaintiff herein, entitling Plaintiff to punitive damages in an amount to be proven at trial, but in no event an amount sufficient to deter these and other Defendants similarly situated from committing like acts in the future, the punitive damages amount to be no less than $500,000.00.

23. This matter arises out of contract, entitling Plaintiff to an award of attorney's fees pursuant to A.R.S. § 12-341.01.

24. NOW, THEREFORE, Plaintiff prays for judgment against Defendants as follows:

    a.  For damages for fraudulent inducement in the amount of $245,000.00 to December 11, 2007, plus $15,000.00 per month in interest and $25.00 late fee per day thereafter; and

    b.  For punitive damages in the minimum amount of $500,000.00; and

    c.  For costs and attorney's fees incurred in this action; and

    d.  For such other and further relief as the Court may deem just and proper.

-6-

## COUNT TWO
### (Breach of Contract)

25. Plaintiff realleges all allegations heretofore set forth.

26. Defendants breached the promissory note contract as set forth hereinabove.

27. Defendants breached their duty of good faith and fair dealing which is incorporated into every contract.

28. Defendants Plaintiff has been damaged by Defendants' breach of contract and the covenant of good faith and fair dealing in the amount of the Note plus interest which, as of December 11, 2007, stood at $245,000.00, incurring interest at the rate of $15,000.00 per month and daily late charges at the rate of $25.00 per day.

29. Defendants' actions were intentional and recklessly disregarded the rights of Plaintiff herein, entitling Plaintiff to punitive damages in an amount to be proven at trial, but in no event an amount sufficient to deter these and other Defendants similarly situated from committing like acts in the future, the punitive damages amount to be no less than $500,000.00.

30. This matter arises out of contract, entitling Plaintiff to an award of attorney's fees pursuant to A.R.S. § 12-341.01.

31. NOW, THEREFORE, Plaintiff prays for judgment against Defendants as follows:

   a. For damages for breach of contract and the implied covenant of good faith and fair dealing in the amount of $245,000.00 to December 11, 2007, plus $15,000.00 per month in interest and $25.00 late fee per day thereafter; and

   b. For punitive damages in the minimum amount of $500,000.00; and

-7-

c.  For costs and attorney's fees incurred in this action; and

d.  For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 14th day of January, 2008.

PETER STROJNIK, P.C.

Peter Strojnik

The original of the foregoing mailed
This 14th day of January, 2008, to:

The Clerk of the Orange County Superior Court
P.O. Box 838
Santa Ana, CA 92702-0838

–8–

*Exhibit 6*

Re: Diversified -- Settlement Communication                                    Page 1 of 2

Subj:   **Re: Diversified -- Settlement Communication**
Date:   2/1/2008 12:04:52 P.M. US Mountain Standard Time
From:   menzies_charles@yahoo.com
To:     Strojnik@aol.com
CC:     PksEsq@aol.com, Charles@veripak.net

Mr. Strojnik,

Actually, I might as well make a settlement offer as we're moving forward.

The purported promissory note executed by James Halstead on behalf of Diversified Global Investments, LLC violated California usury laws. Indeed, the amount of interest demanded is unconscionable and violates Article 15 of the California Constitution. As you know, there is absolutely no exception to the usury laws and penalties are severe. Indeed, such a violation amounts to a crime. My clients intend on filing a complaint with the California Attorney General against both Diversified Global Investments, LLC and James Halstead, and in support of the complaint, will submit both the illegal promissory note, the Complaint (which contains admissions of usury violations), and your correspondence demanding Mr. Edalat and Veripak pay the unconscionable interest rate. Considering Mr. Halstead's history as a securities scam artist in California, I anticipate the AG will be eager to explore this strict liability violation.

Further, considering the junior Mr. Strojnik filed the Complaint, which advises the violation of California law, and could have been avoided with a modicum of due diligence, my client has advised me that he will be reporting these violations of the California Rules of Professional Conduct to the California State Bar. He has asked me to inform you of this. That said, my client will also oppose your pro hac vice application on the same grounds.

However, my client agrees to forbear filing the criminal complaint with the California AG if your client withdraws the complaint and enters into a full waiver and release of any and all claims. Please note that the filing of the state bar complaint is not contingent, as my client intends on doing this independent of the litigation and does not want it factored into any proposed settlement or considered in any way as a means to gain leverage in any negotiations.

We will be filing our demurrer and motion to strike next week. Accordingly, you have until the end of the day to provide me with a response on whether or not your client accepts the mutual walk-away. Respond in writing please.

Regards,

Charles


On 2/1/08 8:56 AM, "Menzies" <menzies_charles@yahoo.com> wrote:

> You're welcome. And I sincerely hope you have a good weekend.
>
> On 2/1/08 7:28 AM, "Strojnik@aol.com" <Strojnik@aol.com> wrote:
>
>> Thank you.
>>
>> In a message dated 2/1/2008 1:42:47 A.M. US Mountain Standard Time,
>> menzies_charles@yahoo.com writes:
>>
>>> Peter,
>>>
>>> Sorry I didn't call you back, but after getting to my office later that
>>> afternoon, I found out you actually served the complaint. Frankly, I was
>>> surprised you followed through. I really thought it was just a really bad
>>> bluff. My mistake.
>>>
>>> Considering this, I certainly believe the time for talking should wait until

Saturday, February 02, 2008 AOL: Strojnik

I hope you have a good weekend and I  appreciate your effort to touch  base today.

Regards,

Charles

Start the year off right.  Easy ways to stay in shape <http://body.aol.com/fitness/winter-exercise?NCID=aolcmp00300000002489>  In the new year.