**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Booker T. Evans, Jr., EvansBT@gtlaw.com, SBN 009970
Kimberly A. Warshawsky, WarshawskyK@gtlaw.com, SBN 022083
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, a married man dealing with his sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL EDALAT a/k/a/ PAUL P. EDALAT and JANE DOE EDALAT, husband and wife; VERIPAK CORPORATION, a Delaware Corporation; CHARLES MENZIES and JANE DOE MENZIES, his wife,<br><br>Defendants. | Case No. 08-CV-00344-MHB<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>(Oral Argument Requested)<br><br>(Assigned to the Honorable Michele H. Burns) |

Defendants Paul and Jane Doe Edalat (collectively, "Edalat"), Veripak Corporation ("Veripak) and Charles and Jane Doe Menzies (collectively, "Menzies") move the Court for an Order dismissing each Count of Plaintiff's Complaint against them with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that Plaintiff fails to state a claim upon which relief may be granted against any Defendant. Defendants further specially appear for the purpose of moving the Court for an Order dismissing all counts brought against them pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because this Court lacks personal jurisdiction over them.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND RELEVANT BACKGROUND.

As alleged in Plaintiff's Complaint,[1] Defendants Veripak Corporation and Paul Edalat entered into a Promissory Note with Diversified Global Investments, LLC ("Diversified") on September 11, 2007 (the "Note").[2] Pursuant to the Note, Diversified purported to loan Veripak and Edalat the sum of $200,000 for a period of 90 days in exchange for Veripak's and Edalat's payment of $45,000 in interest over the same period. Exh. 1, Note, at 1. The $45,000 interest was to be paid in monthly increments of $15,000 each. Exh. 1, Note, at 2. Because all parties to the Note were California residents, the Note was expressly governed by, and subject to, California law. Exh. 1, Note, at 2.

On January 4, 2008, Diversified sent a letter through its attorney (and Plaintiff in this action) Peter Strojnik to Paul Edalat, Veripak's Executive Vice President, and demanded payment of both the Note and all interest payments allegedly due.[3] Mr. Strojnik sent a second letter to Mr. Edalat three days later, on January 7, 2008 (the "January 7 Letter").[4] Although the January 7 letter was a supposed "follow up" on Diversified's demand for payment of principal and interest due under the Note, Mr. Strojnik took the liberty of accusing Mr. Edalat of improperly failing to disclose certain personal information to Diversified at the time that he signed the Note. *See* Exh. 3, January 7 Letter, at 1-2 (inviting a response, and then noting "[y]ou should understand, of course, that anything you say in response to this letter may be used against your interest").

Defendant Edalat responded to the January 4 and 7 Letters with the following email dated January 7, 2008:[5]

---

[1] Because the Court must accept Plaintiff's allegations as true in a Motion to Dismiss, Defendants accept Plaintiff's factual allegations for the purposes of this pleading only. As set forth in more detail below, Defendants do not accept Plaintiff's legal conclusions about those facts.
[2] A copy of the Note is attached to Plaintiff's Complaint and is attached hereto as Exhibit 1.
[3] A copy of the January 4 Letter is attached to Plaintiff's Complaint and is attached hereto as Exhibit 2.
[4] The January 7 Letter is attached to Plaintiff's Complaint and is attached hereto as Exhibit 3.
[5] A copy of the January 7 email is attached to Plaintiff's Complaint and is attached hereto as Exhibit 4.

-2-

-3-

> Dear Peter:
>
> It is very interesting that you have taken a position … which would attack ones solid character. Have you researched you own clients dealings in the past and did he ever disclose his personal problems to me and my investors that are still awaiting to get paid back? …
>
> Be very cautions as to the tactics you choose to attack my personal character and entrepreneurship over the past 20 years of doing business. And I am sure that practicing law in your state of Arizona has its own guidelines in which you have to live by and respect. Fear is not in my vocabulary and if you feel that I am one bit concerned of your past two letters to my office, you are dead wrong! You will soon get a real taste of what is about to come your way and not just bits and pieces. To protect a convicted felon is only going to hurt what little reputation you have as a lawyer, or maybe you are also involved in the schemes as was Jeanne Marie Rowzee, Esq. Be careful counsel for you are walking on very thin ice! In the state of California, we have very strong laws that soon you will be schooled if you are not aware of for trying to extort money or use such tactics for collection.
>
> You will be contact[ed] by Mr. Menzies (corporate counsel) shortly. He is well aware of the situation and I am sure that he has some ideas of how you can resolve this situation.
>
> All of this could have been avoided if "Uncle Jimmy" would of just been a man of his word and took care of me as he has mentioned many times in writing and messages on my VM. Now you have all escalated it to the next level.
>
> Let's Dance!

Diversified responded to Mr. Edalat's email by filing suit against Veripak and Paul Edalat in the Superior Court in and for Orange County, California on January 17, 2008 (the "California action").[6] Although the primary basis for the California action appeared to be defendants' alleged breach of the Note, Diversified's complaint (like the Complaint in this action) included several scurrilous allegations regarding defendants' business ethics. *See* Exh. 5, ¶ 10 ("Edalat and Veripak did not disclose to Diversified that Edalat and Veripak conduct their business in an unscrupulous, vicious, fraudulent, and

---

[6] A copy of Diversified's complaint is attached to Plaintiff's Complaint and is attached hereto as Exhibit 5.

financially irresponsible manner."). Because Plaintiff is not licensed to practice law in California, Plaintiff's son, Peter K. Strojnik signed the complaint in the California action as counsel for Diversified. Upon information and belief, the younger Strojnik is a resident of the State of California.

After receiving service of process in the California action, but before formally answering the Complaint, Veripak's corporate in-house counsel, Defendant Charles Menzies, contacted Plaintiff and the younger Strojnik by email dated February 1, 2008.[7] The February 1 email provides, in pertinent part:

> Mr. Strojnik,
>
> Actually, I might as well make a settlement offer as we're moving forward.
>
> The purported promissory note executed by James Halstead on behalf of Diversified Global Investments, LLC violated California usury laws. Indeed, the amount of interest demanded is unconscionable and violates Article 15 of the California Constitution. As you know, there is absolutely no exception to the usury laws and penalties are severe. Indeed, such a violation amounts to a crime. My clients intend on filing a complaint with the California Attorney General against both Diversified Global Investments, LLC and James Halstead, and in support of the complaint, will submit both the illegal promissory note, the Complaint (which contains admissions of usury violations), and your correspondence demanding Mr. Edalat and Veripak pay the unconscionable interest rate. Considering Mr. Halstead's history as a securities scam artist in California, I anticipate the AG will be eager to explore this strict liability violation.
>
> Further, considering the junior Mr. Strojnik filed the Complaint, which advises the violation of California law, and could have been avoided with a modicum of due diligence, my client has advised me that he will be reporting these violations of the California Rules of Professional Conduct to the California State Bar. He has asked me to inform you of this. That said, my client will also oppose your pro hac vice application on the same grounds.
>
> However, my client agrees to forbear filing the criminal complaint with the California AG if your client withdraws the complaint and enters

---

[7] The February 1, 2008 email is attached to Plaintiff's Complaint, and is attached hereto as Exhibit 6.

into a full waiver of any and all claims. Please note that the filing of the state bar complaint is not contingent, as my client intends on doing this independent of the litigation and does not want it factored into any proposed settlement or considered in any way as a means to gain leverage in any negotiations.

We will be filing our demurrer and motion to strike next week. Accordingly, you have until the end of the day to provide me with a response on whether or not your client accepts the mutual walk-away. Respond in writing please.

Plaintiff responded to Mr. Menzies' February 1 email correspondence by filing the instant Complaint against Messrs. Edalat and Menzies and against Veripak Corporation for extortion, conspiracy, pattern of unlawful activity, defamation, and negligence. Because Plaintiff cannot establish any set of facts for which he would be entitled to relief, Plaintiff's Complaint must be dismissed with prejudice. Even if he could establish facts that would entitle him to relief, his claims against all Defendants must still be dismissed because this Court lacks personal jurisdiction over any of them.

**II. THE COURT SHOULD DISMISS EACH OF PLAINTIFF'S COUNTS AGAINST DEFENDANTS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

**A. Standards for Granting a Rule 12(b)(6) Motion to Dismiss.**

A complaint may be dismissed pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). When analyzing a complaint for failure to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Even so, the court may not assume that the plaintiff can prove facts different from those alleged in the complaint. *See Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory

-5-

allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1988).  Attachments to a complaint become part of that pleading for all purposes, including motions to dismiss. *Amfac Mort. Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 429-30 (9th Cir. 1978)

**B.     The Court Should Dismiss Plaintiff's Extortion Claim Against All Defendants.**

At Count One of the Complaint, Plaintiff asserts all Defendants have committed extortion and are therefore liable to Plaintiff for compensatory and punitive damages, among other alleged damages.  The crime of theft by extortion is defined in Section 13-1804 of the Arizona Revised Statutes as follows:

> **A.**  A person commits theft by extortion by knowingly obtaining or seeking to obtain property or services by means of a threat to do in the future any of the following:
>
> 1. Cause physical injury to anyone by means of a deadly weapon or dangerous instrument.
> 2. Cause physical injury to anyone except as provided in paragraph 1 of this subsection.
> 3. Cause damage to property.
> 4. Engage in other conduct constituting an offense.
> 5. Accuse anyone of a crime or bring criminal charges against anyone.
> 6. Expose a secret or an asserted fact, whether true or false, tending to subject anyone to hatred, contempt or ridicule or to impair the person's credit or business.
> 7. Take or withhold action as a public servant or cause a public servant to take or withhold action.
> 8. Cause anyone to part with any property.

A.R.S. § 13-1804(A).[8]

---

[8] Although Section 13-1804 does not explicitly provide for a private cause of action for extortion, Plaintiff alleges that such a cause of action exists by virtue of *MacCollum v. Perkinson*, 185 Ariz. 179, 913 P.2d 1097 (App. 1996), which allows for a private cause of action for securities violations because a securities violation is a predicate offense to Arizona's Racketeering statutes.  Even if, as Plaintiff contends, Arizona law provides for a private cause of action for extortion, Plaintiff has failed to state a claim for extortion, and his Count One must be dismissed.

PHX 328,117,022v 1

Plaintiff does not even *attempt* to state a valid claim for extortion in his Complaint, and his Count One should therefore be dismissed. Specifically, and although each is a required element of his alleged claim, Plaintiff does not allege anywhere in his Complaint (i) which Defendant he claims is committing extortion and how, (ii) the threat(s) he claims each Defendant made that would amount to extortion, or (iii) the property or service he claims that each Defendant knowingly obtained or sought to obtain by virtue of those threats. *Lucas v. Bechtel Corp.*, 633 F.2d 757, 759 (9th Cir. 1980) (dismissal for insufficiency of a complaint is proper if, on its face, the complaint fails to state a claim).

Even if Plaintiff had properly alleged a claim in his Complaint, however, dismissal pursuant to Rule 12(b)(6), Fed.R.Civ.P., would still be proper because Plaintiff is unable to establish any set of facts that, if true, would entitle him to relief against any Defendant. Edalat's January 7 email[9] contained no threats of physical harm or property damage, did not accuse Plaintiff of a crime, did not expose a secret that would subject Plaintiff to ridicule or contempt, and did not cause Plaintiff to part with any property. *See* Exh. 4; A.R.S. § 13-1804(A). Rather, the January 7 email rejected Plaintiff's demand for payment on the Note, and at worst, cautioned Plaintiff that his reputation may be at stake should he continue to protect a "convicted felon." Even if Plaintiff could have somehow interpreted the January 7 email as a threat of injury such that the email provided a sufficient basis for extortion, it made no demands of Plaintiff whatsoever. Without evidence that Edalat knowingly obtained or sought to obtain property by virtue of a threat, there can be no extortion. A.R.S. § 13-1804(A). Edalat must be dismissed.

Menzies' February 1 email likewise does not constitute extortion and he must also be dismissed. Although the February 1 email accuses Diversified of illegal conduct, Menzies did not accuse <u>Plaintiff</u> of any illegal conduct and Plaintiff therefore lacks

---

[9] In the "Background Allegations" section of Plaintiff's complaint, Plaintiff alleges only that Edalat (i) sent the January 7 email, and (ii) caused Veripak not to pay on the illegal Note.

-7-

standing to sue for extortion for that accusation. *Citibank (Arizona) v. Miller & Schroeder Financial, Inc.*, 812 P.2d 996 (App.1990) (a party has standing to sue in Arizona if, under all circumstances, the party possesses an interest in the outcome of the litigation). Menzies further did not demand anything from Plaintiff – rather he advised Plaintiff that the charges would not be brought if the illegality was resolved – i.e. if Diversified did not insist upon payment on the illegal note.

Menzies' comments about the California State Bar and the younger Strojnik's violations of the California Rules of Professional Conduct also do not constitute extortion. Indeed, as Menzies made clear in the February 1 email "the filing of the state bar complaint is not contingent, as [Veripak] intends on doing this independent of the litigation…." By definition Menzies could not have "extorted" Plaintiff because he expressly did not obtain or seek to obtain any property or services from either Plaintiff or the younger Strojnik. A.R.S. § 13-1804(A).

Because neither Edalat nor Menzies committed extortion, Veripak, whose liability is based upon Edalat's and Menzies' conduct, must also be dismissed.

**C. The Court Should Dismiss Plaintiff's Civil Conspiracy Claim Against All Defendants.**

Plaintiff's second claim against all Defendants is for civil conspiracy. "For a civil conspiracy to occur, two or more people must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages." *Baker v. Stewart Title & Trust of Phoenix*, 5 P.3d 249, 256 (Ariz. App. 2000). "A mere agreement to do a wrong imposes no liability; an agreement plus a wrongful act may result in liability." *Id*.

Here again, Plaintiff has failed to allege (i) the unlawful purpose or unlawful object about which Defendants' allegedly agreed, or (ii) the unlawful means by which the purpose or the object was obtained. Because Plaintiff only generally alleges that a civil conspiracy existed, Defendants are left to guess as to the bases for Plaintiff's claim. Based upon the allegations in the complaint, Defendants must assume that Plaintiff is

-8-

claiming Defendants conspired to not pay Diversified on the illegal Note. Even if that was true, Plaintiff has not alleged, and cannot credibly allege, that an agreement not to pay an illegal debt (or any other debt to which Defendants had a defense), is wrongful. Even if it was, Plaintiff has not alleged, and cannot credibly allege, that <u>he</u> was damaged by Defendants' agreement not to pay <u>Diversified</u>. *Tovrea Land & Cattle Co. v. Linsenmeyer*, 412 P.2d 47, 63 (Ariz. 1966) ("The damage for which recovery may be had in such a civil action is not the conspiracy itself but the injury to the plaintiff produced by the specific overt acts."). Plaintiff has no standing to sue for a conspiracy that allegedly resulted in damages to a third party. *Citibank*, 812 P.2d at 996. Plaintiff's Count Two must be dismissed.

### D. The Court Should Dismiss Plaintiff's "Pattern Of Unlawful Activity" Claim Against All Defendants.

Plaintiff's third claim is for Pattern of Unlawful Activity in Violation of State Statute A.R.S. § 13-2314.04. To establish a violation under Arizona's RICO statutes, a plaintiff must show that he suffered damage or injury as a result of racketeering, and that the act that caused the injury was performed for financial gain, was one of the illegal acts enumerated in A.R.S. § 13-2301, and was chargeable and punishable in accordance with the requirements of the statute. *Holeman v. Neils*, 803 F.Supp. 237 (D. Ariz. 1992). Plaintiff can make no such showing, and his Count Three must be dismissed.

According to Plaintiff's Complaint, Defendants committed certain predicate acts (i.e. engaged in extortion), with the common external organizing principle of protecting Edalat and Veripak from paying under the Note. Complaint, ¶¶ 30-41. As set forth above, none of the Defendants engaged in extortion. Because none of the Defendants engaged in extortion, Plaintiff cannot establish as a matter of law that Defendants committed a predicate act. Without a predicate act, there can be no racketeering claim.

Even if Edalat's and Menzies' emails could somehow be interpreted as extortion, however, Plaintiff still has no claim for damages under Arizona's RICO statutes. The

-9-

1  only damage Plaintiff has alleged resulted from Defendants' "common external principle"
2  is the damage caused by Defendants' failure to pay on the Note.  Complaint, ¶¶ 30-41.
3  Plaintiff was not a party to the Note and he has not alleged that he is a beneficiary under
4  the Note.  Any failure to pay the Note could thus not have caused him damage, and
5  Plaintiff lacks standing to bring this claim.  His Count Three must be dismissed.

If the Court does not dismiss Count Three in total, the Court must still dismiss Plaintiff's request for punitive damages for the alleged RICO violations.  Complaint, at p. 8.  Section 13-2314.04(K) is clear:  "Civil remedies provided under this title are supplemental and not mutually exclusive, except that **a person may not recover**, for an action brought pursuant to this section, **punitive damages** or emotional injury damages in the absence of bodily injury."  A.R.S. § 13-2314.04(K) (emphasis added).  Plaintiff has not alleged that he suffered bodily injury as a result of receiving two emails from the Defendants, and punitive damages are thus not available under his "Pattern of Unlawful Activity" claim.

### E. The Court Should Dismiss Plaintiff's Defamation Claim Against All Defendants.

Plaintiff's fourth claim for relief seeks damages against <u>all</u> Defendants for defamation.  To establish this claim, Plaintiff must allege and prove the following as to <u>each Defendant</u>: (i) the defendant made a false statement concerning Plaintiff, (ii) the statement was defamatory, (iii) the statement was published to a third party, (iv) the defendant made the statement with actual malice, and (v) Plaintiff was damaged as a result of the statements.  *See, e.g.*, *Morris v. Warner*, 770 P.2d 359, 366 (App. 1988).  Plaintiff has not alleged, nor can he allege, each of these elements against each of the Defendants, and all of them must be dismissed from Count Four with prejudice.

According to the allegations in Plaintiff's Complaint, the sole basis for Count Four is a February 1, 2008 email, which is reproduced in whole above, and which is attached hereto as Exhibit 6.  Defendant Menzies, acting in his capacity as Veripak's in-house

PHX 328,117,022v 1

counsel, drafted and sent that email to Plaintiff and the younger Strojnik, Plaintiff's son. Defendant Paul Edalat did not prepare that email, and in fact was not even carbon copied on it. *Id*. Plaintiff cannot therefore establish the first element to his defamation claim against Edalat – i.e. that Edalat made *any* statements about Plaintiff, let alone defamatory statements.

Plaintiff similarly cannot establish critical elements of his defamation claim against Menzies and Veripak. Even reading the February 1 email in the light most favorable to Plaintiff, Menzies makes *no* comments about Plaintiff. Specifically, the February 1 email alleges that the Note, which was between Diversified, Veripak, and Edalat, violated California law and, as a result, Veripak was going to refer the matter to the Attorney General's office. Menzies' comments were directed at Diversified's conduct – not Plaintiff, and Plaintiff cannot credibly claim that statements regarding Diversified's conduct were statements (i) concerning Plaintiff, or (ii) that caused Plaintiff injury.

Again reading it in the light most favorable to Plaintiff, the February 1 email also alleges that because the complaint Diversified filed against Veripak insists that Veripak pay Diversified on the illegal Note, the complaint itself constitutes a violation of the California Rules of Professional Conduct. Menzies' February 1 email notes that the violation will be reported to the California State Bar. Even if advising someone of a violation of the law or an ethical obligation is defamation – which it is not – Plaintiff has no claim for defamation against Menzies or Veripak. The younger Strojnik – not Plaintiff – signed and filed the complaint, and thus, any comments made about the illegality of the complaint are necessarily directed at the younger Strojnick. Further, Plaintiff is not a member of the California State Bar, and had not been admitted pro hac vice, and thus could not have been reported to the Bar in any event. Because the statements were not about Plaintiff, they could not have damaged him, and he cannot sustain a claim for defamation.

-11-

PHX 328,117,022v 1

All defendants must be dismissed from this Count with prejudice.

### F. The Court Should Dismiss Plaintiff's "Negligence" Claim Against All Defendants.

Plaintiff's final claim for relief against all Defendants is for "negligence," based upon an alleged violation of California Rule of Professional Conduct 5-100(A). As clearly set forth in Rule 1-100 of California's Rules of Professional Conduct (the "Rules"), the Rules are intended only to regulate the professional conduct of members of the California State Bar. *See* Cal. R. Prof. Conduct, R. 1-100. The Rules do not govern the conduct of non-lawyers. Because neither defendant Paul Edalat nor Veripak Corporation are lawyers, neither are bound by the Rules, and they cannot therefore be sued for violations thereof. *See* Exh. 7 (screen shots of the State Bar of California website). Both must be dismissed from Plaintiff's Count Five with prejudice.

Even though defendant Charles Menzies <u>is</u> a California lawyer, his dismissal with prejudice from this Count is also appropriate. As a matter of law, no separate private cause of action exists for a violation of the California Rules of Professional Conduct. Cal. R. Prof. Conduct, R. 1-100; *see also Mirabito v. Liccardo*, 4 Cal.App.4th 41 (1992); *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1333, fn. 5 (1986). Even though conduct violative of the Rules can be used to support a claim for professional negligence, claims for professional negligence can be brought only by persons or entities with which or whom the attorney has an attorney-client relationship. *Major Clients Agency v. Diemer*, 67 Cal.App.4th 1116 (1998). Plaintiff has not alleged, and cannot credibly allege, that Menzies entered into an attorney-client relationship with Plaintiff at any time. Menzies does not owe a duty to Plaintiff – an unrelated third party – to comply with the Rules, and Plaintiff's claim for negligence fails as a matter of law. *Id.* Menzies must be dismissed from Count Five with prejudice.

-12-

PHX 328,117,022v 1

### III. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST DEFENDANTS PURSUANT TO RULE 12(b)(2).

Even if Plaintiff could establish claims against Defendants – which he cannot – this Court lacks personal jurisdiction over any of the Defendants, and this case must be dismissed. Once a defendant has challenged the exercise of personal jurisdiction, the plaintiff bears the burden of showing that that court has jurisdiction. *Travelers Cas. & Sur. Co. of Am. v. Telstar Constr. Co., Inc.*, 252 F.Supp.2d 917, 928 (D. Ariz. 2003); *MacPherson v. Taglione*, 762 P.2d 596, 599 (Ariz. Ct. App. 1988). To satisfy that burden, Plaintiff must show that **each** Defendant's personal contacts with the forum state are sufficient to meet the requirements of due process. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). Since Plaintiff cannot establish that Menzies, Edalat, or Veripak Corporation have sufficient minimum personal contacts with the State of Arizona to support this Court's exercise of jurisdiction, and because none of these Defendants have such contacts with Arizona, exercising personal jurisdiction over them would violate the due process clause of the United States Constitution and, consequently, Arizona's long-arm statute.

#### A. Legal Standards Governing the Exercise of Personal Jurisdiction.

The Arizona long-arm statute, Rule 4.2(a) of the Arizona Rules of Civil Procedure, authorizes the exercise of personal jurisdiction over a non-resident defendant only to the extent permitted by the due process clause of the United States Constitution. Ariz.R.Civ.P. Rule 4.2(a); *Travelers Cas. & Sur. Co. of Am.*, 252 F.Supp. at 929. *Uberti v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995). Due process requires that each defendant in an action have sufficient minimum contacts with the forum state such that the state's exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316. To determine whether sufficient minimum contacts exist, "courts focus on the relationship among the defendant, the forum, and the litigation." *Brink v. First Credit Res.*, 57 F.Supp.2d 848, 860 (D. Ariz.

-13-

1999). A court may exercise general or specific jurisdiction over a defendant only if it first finds that the defendant's contacts with the forum state are sufficient to satisfy due process. *Travelers Cas. & Sur. Co.*, 252 F.Supp. at 930 (citing *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414-15 nn. 8-9 (1984)).

"The nature of the defendant's contacts with the forum state will determine whether the court exercises general or specific jurisdiction over the defendant." *Id*. General jurisdiction is appropriate only where the defendant's activities in the forum state are "substantial" or "continuous and systematic," even if the cause of action is unrelated to those activities. *Helicopteros*, 466 U.S. at 413-414. Specific jurisdiction is established by a three-part test: "(1) the out of state defendant must have purposefully directed its activities toward residents of the forum state; (2) the cause of action must arise out of or result from the defendant's forum-related action; and (3) the forum's exercise of personal jurisdiction must be reasonable." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F.Supp. 820, 824 (N.D. Cal. 1992); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997).

**B.   None of the Defendants are Subject to the Jurisdiction of this Court.**

None of the Defendants have *any* contacts with the State of Arizona, and none are legally present in Arizona. This Court may not therefore exercise jurisdiction over them.

Mr. Edalat is a California resident, who is not working in or transacting business in Arizona. Exh. 8, Declaration of Paul Edalat ("Edalat Decl.") ¶¶ 9, 10, 12, 15. Mr. Edalat has no bank accounts, no telephone numbers, no offices, no employees, and no agents in Arizona. Exh. 8, Edalat Decl. ¶¶ 11-19. There is simply no basis upon which to exercise general jurisdiction over Mr. Edalat. Nor is there a basis upon which to exercise specific jurisdiction over him. As set forth above, Mr. Edalat did not direct his alleged activities (i.e. his non-payment of an illegal Note) at Arizona – the Note was with a California resident. He did not commit a tort by sending his January 7 email, and thus he did not commit any act in Arizona out of which this action could arise. Because of this, it would

-14-

be unreasonable for this Court to retain jurisdiction over him.

Mr. Menzies is likewise not subject to the jurisdiction of this Court. He too is a California resident, and has never resided in or worked in this State. Exh. 9, Declaration of Charles Menzies ("Menzies Decl.") ¶¶ 3, 4, 6, 9. He also has no bank accounts, no telephone numbers, no offices, no employees, and no agents in Arizona. Exh. 9, Menzies Decl. ¶¶ 5-13. Moreover, Mr. Menzies' February 1 email – even if somehow actionable – concerned a California resident. He could not therefore have "directed" any activities toward Arizona, and there is no Arizona act out of which this action could arise. The complaint is further devoid of any allegations that Mr. Menzies *personally* committed any act in Arizona and it would thus be unreasonable for this Court to retain jurisdiction over him. *See* Complaint, ¶ 5 ("Menzies is the agent for Edalat and/or Veripak…"); *see also Sidco Indus., Inc. v. Wimar Tahoe Corp.*, 768 F.Supp. 1343, 1349 (D. Or. 1991) ("A corporate officer who has contact with a forum only in the performance of his official duties is not subject to the personal jurisdiction of the courts of that forum…").

Veripak Corporation is also not subject to the jurisdiction of this Court. Veripak is a Delaware corporation, and its principal place of business is in California. Exh. 8, Edalat Decl. ¶ 2. It has conducted no business in this State and is not even qualified to do business in Arizona. Exh. 8, Edalat Decl. ¶¶ 3-4. Veripak also has no agents or employees in this State, and has not been the subject of litigation in this State. Exh. 8, Edalat Decl. ¶¶ 5-7. It has also not targeted Arizona as business opportunity. Exh. 8, Edalat Decl. ¶ 8. As set forth above, Veripak has also not conducted any act in Arizona that would give rise to the reasonable exercise of the jurisdiction of this Court.

### IV. <u>CONCLUSION.</u>

Plaintiff has not and cannot state valid claims for relief against any Defendant, and the Court should dismiss each Count of Plaintiff's Complaint against them with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Moreover, even if

PHX 328,117,022v 1

Plaintiff could conceivably state valid claims against the Defendants, none of the Defendants have sufficient contacts with Arizona to warrant this Court's exercise of personal jurisdiction over them, and they should be dismissed. Defendants therefore respectfully request that the Court dismiss the case brought against them with prejudice, and for such other relief as the Court deems appropriate.

DATED this 29th day of February, 2008.

GREENBERG TRAURIG, LLP

By: /s/Kimberly A. Warshawsky
    Booker T. Evans, Jr.
    Kimberly A. Warshawsky
    Attorneys for Defendants

PHX 328,117,022v 1

# CERTIFICATE OF SERVICE

☒  I hereby certify that on February 29, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Strojnik@aol.com
Attorney for Plaintiff

☐  I hereby certify that on February __, 2008, I served the attached document by facsimile and United States mail on the following, who are not registered participants of the CM/ECF System:

/s/Cynthia Fischer

PHX 328,117,022v 1