# EXHIBIT 5

# EXHIBIT 5

```
1  Peter Strojnik, 6464
   THE LAW FIRM OF PETER STROJNIK
2  3030 North Central Avenue, Suite 1401      JAN 2 8 2008
3  Phoenix, Arizona 85012
   Telephone: 602-297-3019
4  Facsimile: 602-297-3176
   e-mail: Strojnik@aol.com
5  application pro hac vice pending

6
   Peter K. Strojnik, Esq. California Bar Number 242728
7  Friedland, Rivas and Associates
   152 N 3rd St Ste 501
8  San Jose, CA 95112
   Phone: (408) 297-5300
9  Fax: (408) 297-0900
10 e-mail: pksesq@aol.com
```

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 17 2008

ALAN SLATER, Clerk of the Cour

BY: _____A. HERRO_____, DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ORANGE

30-2008
00101627

| | |
|---|---|
| DIVERSIFIED GLOBAL INVESTMENTS, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>PAUL EDALAT a/k/a PAUL P. EDALAT and JANE DOE EDALAT, husband and wife; VERIPAK CORPORATION, a Delaware Corporation,<br><br>　　　　　　　　Defendants. | NO.<br><br>COMPLAINT<br><br>(Fraud in the Inducement and Promissory Fraud)<br><br>(Breach of Contract)<br><br>Hon. McKino C3 |

Plaintiff alleges:

1. Diversified Global Investments, LLC is a California Corporation.

-1-

2. Paul Edalat is also known as Paul P. Edalat ("Edalat") and Jane Doe Edalat are husband and wife. Edalat caused the events that are the subject matter of this complaint to occur for the benefit of his marital community.

3. Veripak Corporation ("Veripak") is a Delaware Corporation doing business out of a warehouse in Santa Ana, California.

4. Defendants are subject to the jurisdiction of this Court by virtue of maintaining their primary operations within the State of California.

5. Venue is proper in this Court by virtue of the fact that the acts and events that form the subject matter of this Complaint arose out of Orange County, State of California.

6. On or about September 11, 2007, Edalat and Veripak requested that Diversified lend them the sum of $200,000.00 to be repaid in 90 days with interest thereon in the amount of $45,000.00, for the total of $245,000.00, and providing for a default rate of $25.00 per day.

7. Diversified made the loan as agreed, and Edalat and Veripak signed a promissory note. (Exhibit 1)

8. Prior to making the loan, Edalat led Diversified to believe that Edalat and Veripak were solvent and able to repay the loan, and that it was their intent to repay the loan.

9. Unbeknownst to Diversified, Edalat and Veripak had in the past conducted their business irresponsibly, carelessly and negligently as evidenced by the following non-exclusive events:

    a. Edalat filed two bankruptcies within the past ten years, to wit:

-2-

i. 8:97-bk-30199-LR Paul P Edalat , Case type: bk Chapter: 7 Asset: No Vol: v Hon.: Lynne Riddle, Date filed: 12/19/1997 Date discharged: 03/30/1998, Date terminated: 04/10/1998 Date of last filing: 04/10/1998; and

ii. 8:05-bk-13868-JB Paul Edalat Case type: bk Chapter: 7 Asset: No Vol: v Judge: James N. Barr Date filed: 05/31/2005 Date discharged: 11/17/2005 Date terminated: 12/09/2005 Date of last filing: 12/09/2005.

b. Edalat's other company, Formulated Sciences, Inc., was placed on the NFL's "banned list" of supplement makers that supposedly manufactured products containing anabolic steroids or related substances in 2002. Upon information and belief, Formulated Sciences, Inc was later taken off that list.

c. Under Edalat's leadership, Formulated Sciences, Inc. was run to the verge of bankruptcy. (Exhibit 2)

d. Under Edalat's leadership, Formulated Sciences, Inc. had been involved in two separate lawsuits, to wit:

i. 8:03-cv-01837-SJO-CW Formulated Sciences v. Natl Football League, et al S. James Otero, presiding Carla Woehrle, referral Date filed: 12/30/2003 Date terminated: 02/16/2006 Date of last filing: 02/27/2006; and

ii. 3:00-cv-00808-AET PROSOURCE INC. v. FORMULATED SCIENCES, et al Anne E. Thompson, presiding Date filed: 02/22/2000 Date terminated: 04/28/2000 Date of last filing: 04/28/2000.

10. Edalat and Veripak did not disclose to Diversified that Edalat and Veripak conduct their business in an unscrupulous, vicious, fraudulent and financially irresponsible manner.

-3-

11. Edalat and Veripak intentionally concealed their financial irresponsibility and intentionally misled and otherwise deceived Diversified into believing that it was their intent and ability to repay the money lent.

12. Defendants' implied promise to repay the Note was made without such intention; therefore there was an implied misrepresentation of fact constituting promissory fraud.

13. Diversified made a demand on Edalat and Veripak to pay the sums due under the Note. (Exhibits 3, 4)

14. Defendants refused to make payment; instead, they threatened counsel for Plaintiff as follows by stating, "You will soon get a real taste of what is about to come your way and not just bits and pieces" and "[B]e careful counsel for you are walking on very thin ice! In the state of California, we have very strong laws that soon you will be schooled if you are not aware of for trying to extort money or use such tactics for collection". (Exhibit 5)

15. Edalat and Veripak failed to honor the Promissory Note, causing Diversified damage.

## COUNT ONE
### (Fraud in the Inducement)
### (Promissory Fraud)

16. Plaintiff realleges all allegations heretofore set forth.

17. Defendants intentionally induced Plaintiff into making the loan by their intentional concealment and omissions of disclosure of the following non-exclusive facts:

a. Edalat filed two bankruptcies within the past ten years, to wit:

  i. 8:97-bk-30199-LR Paul P Edalat, Case type: bk Chapter: 7 Asset: No Vol: v Hon.: Lynne Riddle, Date filed: 12/19/1997 Date discharged: 03/30/1998, Date terminated: 04/10/1998 Date of last filing: 04/10/1998; and

-4-

ii. 8:05-bk-13868-JB Paul Edalat Case type: bk Chapter: 7 Asset: No Vol: v Judge: James N. Barr Date filed: 05/31/2005 Date discharged: 11/17/2005 Date terminated: 12/09/2005 Date of last filing: 12/09/2005.

b. Edalat's other company, Formulated Sciences, Inc., had been placed on the NFL's "banned list" of supplement makers that supposedly manufactured products containing anabolic steroids or related substances. Upon information and belief, Formulated Sciences, Inc was later taken off that list.

c. Under Edalat's leadership, Formulated Sciences, Inc. was run to the verge of bankruptcy. (Exhibit 2)

d. Under Edalat's leadership, Formulated Sciences, Inc. had been involved in two separate lawsuits, to wit:

i. 8:03-cv-01837-SJO-CW Formulated Sciences v. Natl Football League, et al S. James Otero, presiding Carla Woehrle, referral Date filed: 12/30/2003 Date terminated: 02/16/2006 Date of last filing: 02/27/2006; and

ii. 3:00-cv-00808-AET PROSOURCE INC. v. FORMULATED SCIENCES, et al Anne E. Thompson, presiding Date filed: 02/22/2000 Date terminated: 04/28/2000 Date of last filing: 04/28/2000.

18. Defendants created the impression that it was their intent to repay the loan and that they had the ability to repay the loan.

19. Defendants' implied promise to repay the Note was made without such intention; therefore there was an implied misrepresentation of fact constituting promissory fraud

-5-

20. Plaintiff has been fraudulently induced to make the loan by virtue of Defendants fraudulent omissions.

21. Plaintiff has been damaged by Defendants' acts of fraudulent omissions in the amount of the Note plus interest which, as of December 11, 2007, stood at $245,000.00, incurring interest at the rate of $15,000.00 per month and daily late charges at the rate of $25.00 per day.

22. Defendants' actions were intentional and recklessly disregarded the rights of Plaintiff herein, entitling Plaintiff to punitive damages in an amount to be proven at trial, but in no event an amount sufficient to deter these and other Defendants similarly situated from committing like acts in the future, the punitive damages amount to be no less than $500,000.00.

23. This matter arises out of contract, entitling Plaintiff to an award of attorney's fees pursuant to A.R.S. § 12-341.01.

24. NOW, THEREFORE, Plaintiff prays for judgment against Defendants as follows:

    a. For damages for fraudulent inducement in the amount of $245,000.00 to December 11, 2007, plus $15,000.00 per month in interest and $25.00 late fee per day thereafter; and

    b. For punitive damages in the minimum amount of $500,000.00; and

    c. For costs and attorney's fees incurred in this action; and

    d. For such other and further relief as the Court may deem just and proper.

-6-

## COUNT TWO
### (Breach of Contract)

25. Plaintiff realleges all allegations heretofore set forth.

26. Defendants breached the promissory note contract as set forth hereinabove.

27. Defendants breached their duty of good faith and fair dealing which is incorporated into every contract.

28. Defendants Plaintiff has been damaged by Defendants' breach of contract and the covenant of good faith and fair dealing in the amount of the Note plus interest which, as of December 11, 2007, stood at $245,000.00, incurring interest at the rate of $15,000.00 per month and daily late charges at the rate of $25.00 per day.

29. Defendants' actions were intentional and recklessly disregarded the rights of Plaintiff herein, entitling Plaintiff to punitive damages in an amount to be proven at trial, but in no event an amount sufficient to deter these and other Defendants similarly situated from committing like acts in the future, the punitive damages amount to be no less than $500,000.00.

30. This matter arises out of contract, entitling Plaintiff to an award of attorney's fees pursuant to A.R.S. § 12-341.01.

31. NOW, THEREFORE, Plaintiff prays for judgment against Defendants as follows:

   a. For damages for breach of contract and the implied covenant of good faith and fair dealing in the amount of $245,000.00 to December 11, 2007, plus $15,000.00 per month in interest and $25.00 late fee per day thereafter; and

   b. For punitive damages in the minimum amount of $500,000.00; and

-7-

1   c. For costs and attorney's fees incurred in this action; and

2   d. For such other and further relief as the Court may deem just and proper.

3   RESPECTFULLY SUBMITTED this 14th day of January, 2008.

4

5                                           PETER STROJNIK, P.C.

6
                                            /s/ Peter Strojnik
7                                           Peter Strojnik

8   The original of the foregoing mailed
    This 14th day of January, 2008, to:
9

10  The Clerk of the Orange County Superior Court
    P.O. Box 838
11  Santa Ana, CA 92702-0838

12  /s/

13

14

15

16

17

18

19

20

21

22

23

24

25

-8-