Peter Strojnik, Arizona Bar No. 6464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
E-mail: Strojnik@aol.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, a married man dealing with his sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL EDALAT a/k/a PAUL P. EDALAT and JANE DOE EDALAT, husband and wife; VERIPAK CORPORATION, a Delaware Corporation; CHARLES MENZIES and JANE DOE MENZIES, his wife,<br><br>Defendants. | Case No. 08-CV-00344-MHB<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**<br><br>**AND**<br><br>**PLAINTIFF'S RULE 12(c) MOTION FOR SUMMARY JUDGMENT** |

### SUMMARY OF RESPONSE

Plaintiff's client Diversified Global Investments, LLC ("Diversified") lent to Defendants Edalat and Veripak $200,000.00. Defendants executed a promissory note (doc 6-2). Plaintiff's counsel made a pre-litigation demand on Defendants to pay the Note. In response to the legitimate demand for payment, Defendants:

1. Threatened Plaintiff with emotional, economic and physical harm if he pursued the collection action (doc 6-5); and

2. Threatened Plaintiff's client with criminal prosecution if the Complaint is not withdrawn (doc 6-7); and

3. Threatened Plaintiff's counsel's son with a bar complaint (doc 6-7).

The essence of Defendants' argument is that threats of physical harm, criminal prosecutions and bar complaints represent an acceptable manner of avoiding payment under a promissory note. Plaintiff disagrees. The question is whether a trial by extortion is the preferred manner of resolving conflict in a civilized society, or whether Defendants' extortionate e-mails provide the aggrieved Plaintiff with civil causes of action. If Defendants are correct, Plaintiff loses and the Complaint is dismissed. If Plaintiff is correct, Plaintiff is entitled to summary judgment on counts one (extortion), count three (pattern of unlawful activity) and count five (negligence) pursuant to Rule 12(c), Fed. R. Civ. P.

In its latter part of the Motion, Defendant seeks a dismissal for lack of personal jurisdiction. Defendants do not consider the "effects" test of personal jurisdiction that grants this Court jurisdiction over the defendants. See *Calder v. Jones*, 465 U.S. 783, 788-90 (1984).

This Response is more fully supported by the following Memorandum of Points and Authorities that is by this reference incorporated herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Facts Alleged In the Complaint**

In reviewing a motion to dismiss, the Court must "take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the plaintiff." *Desaigoudar*

*v. Meyercord*, 223 F.3d 1020, 1021 (9th Cir. 2000), cert. denied, 532 U.S. 1021 (2001). In his Complaint, Plaintiff alleges, in part:

> 8. Defendants Edalat and Veripak owe Diversified Global Investments, LLC the principal sum of $200,000.00 plus interest pursuant to that certain Promissory Note dated September 11, 2007 (Exhibit 1).
>
> 9. Defendants Edalat and Veripak failed to make payment on said Promissory Note, Exhibit 1.
>
> 10. Diversified Global Investments, LLC engaged Plaintiff for the purpose of collecting on said note.
>
> 11. On January 4, 2008 (Exhibit 2) and then again on January 7, 2008 (Exhibit 3), Plaintiff communicated with Defendants Edalat and Veripak regarding the Promissory Note.
>
> 12. On January 7, 2008, Edalat and Veripak responded with the e-mail (Exhibit 4) in which Edalat and Veripak make the following threats of harm to Plaintiff:
>
>> Be very cautious as to the tactics you choose to attack my personal character and entrepreneurship over the past 20 years of doing business. And I am sure that practicing law in your state of Arizona has its own guidelines in which you have to live by and respect. Fear is not in my vocabulary and if you feel that I am one bit concerned of your past two letters to my office, you are dead wrong! You will soon get a real taste of what is about to come your way and not just bits and pieces. To protect a convicted felon is only going to hurt what little reputation you have as a lawyer or maybe you are also involved in the schemes as was Jeanne Marie Rowzee, Esq. Be careful counsel for you are walking on very thin ice! In the state of California, we have very strong laws that soon you will be schooled if you are not aware of for trying to extort money or use such tactics for collection.
>
> 13. The term "You will soon get a real taste of what is about to come your way and not just bits and pieces" was understood by Plaintiff as a threat of emotional, economic and physical harm.
>
> 14. Plaintiff understood that Edalat and Veripak did not intend to honor their Promissory Note; therefore, a Complaint was prepared against Edalat and Veripak.

15. Since Plaintiff is not licensed to practice law in the State of California, Plaintiff engaged Plaintiff's son Peter K. Strojnik, a California attorney, for the purposes of providing local *pro hac vice* representation.

16. On January 17, 2008, Diversified filed a Complaint against Edalat and Veripak. (Exhibit 5) in the matter styled *Diversified Global v. Edalat et al*, Orange County Superior Court No 30-2008-00101627.

17. On February 1, 2008, Menzies issued an e-mail the relevant portion of which threatened criminal prosecution unless the Complaint is dismissed:

> Further, considering the junior Mr. Strojnik filed the Complaint, which advises the violation of California law, and could have been avoided with a modicum of due diligence, my client has advised me that he will be reporting these violations of the California Rules of Professional Conduct to the California State Bar. He has asked me to inform you of this. That said, my client will also oppose your pro hac vice application on the same grounds.
>
> However, my client agrees to forbear filing the criminal complaint with the California AG if your client withdraws the complaint and enters into a full waiver and release of any and all claims. Please note that the filing of the state bar complaint is not contingent, as my client intends on doing this independent of the litigation and does not want it factored into any proposed settlement or considered in any way as a means to gain leverage in any negotiations.

\*\*\*

25. Defendants agreed among themselves to engage in a course of conduct involving threatening and intimidating.

26. Defendants agreed to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages to Plaintiff.

\*\*\*

50. California Rule of Professional Conduct 5-100(A) provides: "A member shall not threaten to present criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute."

51. Defendants owed Plaintiff a duty of care, including a duty of a type described in the California Rule of Professional Conduct 5-100.

-4-

**Legal Argument**

*1) Initial Observations On "Notice Pleading"*

In *Swierkiewicz v. Sorema, N.A.,* 534 US. 506 (2002), the Supreme Court reaffirmed the liberal pleading requirements of the Federal Rules. In that case, the Court addressed whether a complaint must contain specific facts establishing a prima facie case. The Court resolved the issue in the negative, holding that a complaint need only comport with Rule 8's "short and plain statement of a claim." In so holding, the Court stressed its own precedent and support for Rule 8's "simplified notice pleading" standard. *McDonnell Douglas Corp. v. Green*, 41 1 US. 792, 998 (1973). "This simplified notice pleading standard," the Court said, "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmentorious claims." Id.

"The purpose of notice pleading [under Rule 8] is to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *In re Marino*, 37 F.3d 1354, 1357 (9th Cir. 1994) (quoting Conley, 355 U.S. at 47, 78 S.Ct. at 103). "The trial court may not grant a motion to dismiss for failure to state a claim 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957)).

Under these fundamental rules of pleading, Plaintiff's Complaint is not subject to criticism.

*2) The Extortion Claim States A Claim For Relief*

The genesis of the civil extortion action is *MacCollum v. Perkinson*, 185 Ariz. 179, 913 P.2d 1097, 211 Ariz. Adv. Rep. 44 (App.1996) where the Court of Appeals held that predicate offenses – such as extortion - provide a private cause of action.

Defendants correctly argue that the "extortion" cause of action is predicated on A.R.S. §13-1804, Theft by Extortion. Under the statute, "[A] person commits theft by extortion by … seeking to obtain property or services by means of a threat to do in the future any of the following: (1) …; (2) Cause physical injury to anyone …; (3) Cause damage to property; (4) Engage in other conduct constituting an offense; (5) Accuse anyone of a crime or bring criminal charges against anyone; (6) …; (7) …(8) Cause anyone to part with any property.

Defendants argue that the threats against Plaintiff's son somewhat insulate them from the extortion claim. In other words, "If you do not do what we want you do to, we will hurt your son" is the claimed defense. This is nonsense. The threat against Plaintiff's son merely makes the extortion so much uglier. The threats constitute threatening and intimidating, a crime constituting a predicate offense to extortion. See A.R.S. §13-1804 (4) ("Theft by extortion [is committed] by means of a threat to …engage in other conduct constituting an offense") Threatening and Intimidating is an offense proscribed by A.R.S. §13-1202[1].

Defendants argue that "Plaintiff does not allege anywhere in his Complaint (i) which Defendant he claims is committing extortion and how, (ii) the threat(s) he claims each

---

[1] §13-1202 also makes reference to "cause serious damage to property" of another. The definition of "property" applicable to this section is found in A.R.S. § 13-105(32) ("Property" means anything of value, tangible or intangible.) A threat of an unjustified bar complaint is a serious threat against the property of attorney licensure.

Defendant made that would amount to extortion, or (iii) the property or service he claims that each Defendant knowingly obtained or sought to obtain by virtue of those threats." See Defendants' Motion to Dismiss (doc 6), page 5, lines 3-7. Each of these issues is addressed in turn.

### a. *Defendants Veripak, Adelat and Menzies all Committed Extortion*

The Complaint clearly identifies the parties who committed the extortion. Paragraph 12 identifies Defendant Edalat and Veripak as the authors of the January 7, 2008, extortionate e-mail, and Paragraph 17 identified Defendant Menzies as the author of the February 1, 2008, extortionate e-mail.

### b. *The Threats are Identified in the Complaint*

The January 7, 2008 and the February 1, 2008, e-mails are stated in the body of the Complaint, see ¶¶ 12, 17. There, Defendants make the following threats:

1. Be very cautious as to the tactics you choose to attack my personal character and entrepreneurship over the past 20 years of doing business. (01-07-08 threat)

2. And I am sure that practicing law in your state of Arizona has its own guidelines in which you have to live by and respect. (01-07-08 threat)

3. Fear is not in my vocabulary and if you feel that I am one bit concerned of your past two letters to my office, you are dead wrong! (01-07-08 threat)

4. You will soon get a real taste of what is about to come your way and not just bits and pieces. (01-07-08 threat)

5. To protect a convicted felon is only going to hurt what little reputation you have as a lawyer or maybe you are also involved in the schemes as was Jeanne Marie Rowzee, Esq. (01-07-08 threat)

6. Be careful counsel for you are walking on very thin ice! (01-07-08 threat)

7. In the state of California, we have very strong laws that soon you will be schooled if you are not aware of for trying to extort money or use such tactics for collection. (01-07-08 threat)

8. Further, considering the junior Mr. Strojnik filed the Complaint, which advises the violation of California law, and could have been avoided with a modicum of due diligence, my client has advised me that he will be reporting these violations of the California Rules of Professional Conduct to the California State Bar. He has asked me to inform you of this. (02-01-08 Threat)

9. However, my client agrees to forbear filing the criminal complaint with the California AG if your client withdraws the complaint and enters into a full waiver and release of any and all claims. (02-01-08 Threat)

### c. *The Property or Services Are Identified*

The term "property" is defined broadly in A.R.S. §13-1801(A)(1) ("'Property' means any thing of value, tangible or intangible…") While the February 1, 2008, extortionate e-mail clearly identified the "value" it sought to enforce through the threat ("my client agrees to forbear filing the criminal complaint with the California AG if your client withdraws the complaint and enters into a full waiver and release of any and all claims"), the January 7, 2008, extortionate e-mail was a bit more clever: It threatened without identifying the benefit sought.

But the benefit is loudly implied. The terms "You will soon get a real taste of what is about to come your way" and "Be careful counsel for you are walking on very thin ice!", as examples, are stated for a reason. Defendants Veripak and Adelat sought to obtain the value of a dismissal of the claim, and/or counsel's withdrawal. The discovery will determine which.

### 2. *The Conspiracy Count States a Claim for Relief*

Plaintiff alleges that Defendants engaged in threatening, intimidating and extorting. In ¶¶ 25, 26, Plaintiff specifically alleges:

27. Defendants agreed among themselves to engage in a course of conduct involving threatening and intimidating.

28. Defendants agreed to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages to Plaintiff.

This is all that is required under the notice pleading federal rules of procedure. *See Mulleneaux v. State*, 190 Ariz. 535, 950 P.2d 1156 (App.1997) (Where Plaintiff alluded to specific acts by the Defendants done with an improper intent which caused damage, the Complaint stated a claim for relief.)

### 3. Count 3, Pattern of Unlawful Activity in Violation of State Statute A.R.S. 13-2314, States a Claim for Relief

In their request to dismiss the civil RICO action, Defendants again fail to consider the fact that federal courts subscribe to notice pleading. A complaint should only be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). Therefore, the Court will accept all of plaintiff's material factual allegations as true, and draw all reasonable inferences in plaintiff's favor. *Anderson v. Clow* (In re Stac Elecs. Sec. Litig.), 89 F.3d 1399, 1403 (9th Cir. 1996). Rule 8, Fed. R. Civ. P.'s "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 998 (2002).

Defendants first argue that since the statements contained in the January 7 and February 1 extortionate e-mails do not constitute "extortion", there can be no pattern of unlawful activity. This argument is discredited above.

### 4. Count 3, Defamation, States a Claim for Relief Against All Defendants

Defamation is a false publication that impeaches another's honesty, integrity, virtue, or reputation or brings the defamed person into disrepute, contempt, or ridicule. See *Godbehere v.*

*Phoenix Newspapers, Inc.*, 162 Ariz. 335, 341, 783 P.2d 781, 787 (1989). A statement is defamatory if it tends to "harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Restatement § 559. A person who publishes a false and defamatory statement concerning a private person is subject to liability if he or she knows that the statement is false and that it defames the other, acts in reckless disregard of these matters, or acts negligently in failing to ascertain the truth or falsity of the statement. See *Peagler v. Phoenix Newspapers, Inc.,* 131 Ariz. 308, 311-12, 640 P.2d 1110, 1113-14 (App. 1981)

The January 7, 2008, extortionate e-mail was sent by Defendant Adelat in his capacity as an officer, director or employee of Defendant Veripak to Plaintiff, to Plaintiff's client, and to Defendant Menzies (doc 6-5). The 01-07-08 extortionate e-mail contains statements about Plaintiff that were published to third parties.

But for a cause of action for defamation to exist it is sufficient that the published matter by defamatory by innuendo.

> "It is the office of an innuendo to define the defamatory meaning which the plaintiff sets on the words; to show how they come to have that defamatory meaning; and also to show how they relate to the plaintiff, whenever that is not clear on the face of them. But an innuendo may not introduce new matter, or enlarge the natural meaning of words. It must not put upon the defendant's words a construction which they will not bear. It cannot alter or extend the sense of the words, or make that certain which is in fact uncertain...." Odgers on Libel and Slander, 6th ed., p. 99. Quoted with approval in *Central Arizona Light & Power Co. v. Akers*, 45 Ariz. 526 at 536-37, 46 P.2d 126 (1935)

In the matter at hand, the innuendos from the 01-07-08 extortionate e-mail include:

1. That Plaintiff used some sort of improper "tactics" ("Be very cautious as to the tactics you choose…"); and

-10-

2. That Plaintiff improperly attacked Defendants good character ("…to attack my personal character and entrepreneurship over the past 20 years of doing business"); and

3. That Plaintiff does not follow Arizona rules of ethics ("I am sure that practicing law in your state of Arizona has its own guidelines in which you have to live by and respect"); and

4. That Plaintiff intended to instill fear in Defendants ("Fear is not in my vocabulary and if you feel that I am one bit concerned of your past two letters to my office, you are dead wrong!"); and

5. The use of the word "dead" ("you are "dead" wrong"); and

6. That Plaintiff is subject to some serious sanctions for some unknown illegal misconduct ("You will soon get a real taste of what is about to come your way and not just bits and pieces"); and

7. That representing a client who may be a convicted felon (whit it is not) is somehow wrongful and illegal ("To protect a convicted felon is only going to hurt what little reputation you have as a lawyer or maybe you are also involved in the schemes as was Jeanne Marie Rowzee, Esq."); and

8. That Plaintiff is conducting himself wrongfully and is on thin ice ("Be careful counsel for you are walking on very thin ice!"); and

9. That Plaintiff broke California laws ("In the state of California, we have very strong laws that soon you will be schooled if you are not aware of for trying to extort money or use such tactics for collection.")

The innuendos from the 02-01-08 (Exhibit 6 to Complaint) extortionate e-mail sent by Defendant Menzies to Plaintiff and Plaintiff's son are no less defamatory, both on its face and by innuendo:

-11-

> Subj:    **Re: Diversified -- Settlement Communication**
> Date:    2/1/2008 12:04:52 P.M. US Mountain Standard Time
> From:    menzies_charles@yahoo.com
> To:      Strojnik@aol.com
> CC:      PksEsq@aol.com, Charles@veripak.net
>
> Mr. Strojnik,
>
> Actually, I might as well make a settlement offer as we're moving forward.
>
> The purported promissory note executed by James Halstead on behalf of Diversified Global Investments, LLC violated California usury laws. Indeed, the amount of interest demanded is unconscionable and violates Article 15 of the California Constitution. As you know, there is absolutely no exception to the usury laws and penalties are severe. Indeed, such a violation amounts to a crime. My clients intend on filing a complaint with the California Attorney General against both Diversified Global Investments, LLC and James Halstead, and in support of the complaint, will submit both the illegal promissory note, the Complaint (which contains admissions of usury violations), and your correspondence demanding Mr. Edalat and Veripak pay the unconscionable interest rate. Considering Mr. Halstead's history as a securities scam artist in California, I anticipate the AG will be eager to explore this strict liability violation.
>
> Further, considering the junior Mr. Strojnik filed the Complaint, which advises the violation of California law, and could have been avoided with a modicum of due diligence, my client has advised me that he will be reporting these violations of the California Rules of Professional Conduct to the California State Bar. He has asked me to inform you of this. That said, my client will also oppose your pro hac vice application on the same grounds.
>
> However, my client agrees to forbear filing the criminal complaint with the California AG if your client withdraws the complaint and enters into a full waiver and release of any and all claims. Please note that the filing of the state bar complaint is not contingent, as my client intends on doing this independent of the litigation and does not want it factored into any proposed settlement or considered in any way as a means to gain leverage in any negotiations.
>
> We will be filing our demurrer and motion to strike next week. Accordingly, you have until the end of the day to provide me with a response on whether or not your client accepts the mutual walk-away. Respond in writing please.
>
> Regards,
>
> Charles

Whether Plaintiff has been defamed is a question for the jury, not a question to be determined on a Motion to Dismiss.

### 5. Count 4, Negligence, States a Claim for Relief

A plaintiff may maintain an action in negligence by showing that (1) defendant owed plaintiff a duty; (2) that the duty was breached; (3) that the breach proximately caused an injury; and (4) plaintiff was damaged. *Donnelly Const. Co. v. Oberg/Hunt/Gilleland*, 139 Ariz. 184, 187, 677 P.2d 1292, 1295 (1984) Whether a defendant owes plaintiff a duty is a question

-12-

of law. *Markowitz v. Arizona Parks Bd.*, 146 Ariz. 352, 354, 706 P.2d 364, 366 (1985) "The question of duty . . . is whether the relationship of the parties was such that the defendant was under an obligation to use some care to avoid or prevent injury to the plaintiff." Id., 146 Ariz. at 356, 706 P.2d at 368.

Defendants suggest that the only basis of liability for negligence is the violation by Defendant Menzies of the California Rule of Professional Conduct 5-100(A). This limitation is not present in the Complaint. The negligence count *specifically* incorporates "all allegations heretofore set forth", and *specifically* references California Rule of Professional Conduct 5-100(A). ¶ 51 of the Complaint *specifically* alleges that "Defendants owed Plaintiff a duty of care, including a duty of a type described in the California Rule of Professional Conduct 5-100" and that they, ¶ 52, "breached their duty to Plaintiff, causing damage".

The question for the Court, then, did Defendants owe Plaintiff a duty of not engaging in criminal acts?

See Alhambra Sch. Dist. v. Superior Court, 165 Ariz. 38, 42, 796 P.2d 470, 474 (1990) ("The relationship that gives rise to a duty of care may also be created by statute."); Ontiveros v. Borak, 136 Ariz. 500, 511, 667 P.2d 200, 211 (1983) ("We conclude, therefore, that the legislative enactment imposes an obligation upon tavern owners and that the particular obligation under consideration is one which was intended partly for the safety of others. We therefore recognize the duty described in that statute as a duty imposed by statute and adopted by the common law."). Citing with approval from W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 36, at 229-30 (5th ed. 1984), the Arizona Supreme Court stated, "A criminal statute may establish a tort duty if the statute is 'designed to

protect the class of persons, in which the plaintiff is included, against the risk of the type of harm which has in fact occurred as a result of its violation . . . .'". *Estate of Ruben A. Hernandez v. Arizona Board of Regents*, 177 Ariz. 244, 866 P.2d 1330 (1994)

### 6. This Court has Personal Jurisdiction over Defendants

In *Calder v. Jones*, 465 U.S. 783, 788-90 (1984) the United States Supreme Court noted that personal jurisdiction can be based upon: "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered, and which the defendant knows is likely to be suffered, in the forum state." *Core-Vent Corp. AB v. Nobel Indus.*, 11 F.3d 1482, 1486 (9th Cir. 1993). The Ninth Circuit has held that "jurisdiction may attach if an out-of-forum defendant merely engages in conduct aimed at, and having an effect in, the situs state." *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995)

Here, Defendants intentionally e-mailed extortionate e-mails to the State of Arizona. The "effects" test is satisfied.

### CONCLUSION AND PRAYER FOR RELIEF

Plaintiff prays that the Court deny in its entirety Defendants' Motion to Dismiss or, in the alternative, grant Plaintiff leave to amend the Complaint. In addition, Plaintiff requests that this Court consider the entirety of the exhibits submitted by Defendants in their Motion and rule that there are no factual issues precluding the granting of summary judgment in favor of Plaintiff on counts one (extortion), three (pattern of unlawful activity) and five (negligence).

RESPECTFULLY submitted this 7th day of February, 2008.

_____
Peter Strojnik
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

The foregoing e-filed this 7th day of March, 2008.

/s/