**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Booker T. Evans, Jr., EvansBT@gtlaw.com, SBN 009970
Kimberly A. Warshawsky, WarshawskyK@gtlaw.com, SBN 022083
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

PETER STROJNIK, a married man dealing with his sole and separate claim,

Plaintiff,

vs.

PAUL EDALAT a/k/a/ PAUL P. EDALAT and JANE DOE EDALAT, husband and wife; VERIPAK CORPORATION, a Delaware Corporation; CHARLES MENZIES and JANE DOE MENZIES, his wife,

Defendants.

Case No. 08-CV-00344-MHB

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT – AND - RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 12(c) MOTION FOR SUMMARY JUDGMENT**

(Oral Argument Requested)

(Assigned to the Hon. Michele H. Burns)

Defendants submit this combined Reply in support of their Motion to Dismiss Plaintiff's Complaint pursuant to Rules 12(b)(2) and 12(b)(6), Fed.R.Civ.P., and Response in Opposition to Plaintiff's Rule 12(c) Motion for Summary Judgment.

Plaintiff's "shoot from the hip" Response is premised on the basic notion that Plaintiff's Complaint is not subject to dismissal because, in his estimation, it substantially complies with the notice pleading requirements of Rule 8, Fed.R.Civ.P. Plaintiff ignores, however, that even if it were true that Plaintiff adequately states causes of action against Defendants – which he does not – the Complaint must still be dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P., because he cannot prove any set of facts that would entitle <u>him</u> to

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

relief under any circumstances. Plaintiff cannot avoid a motion to dismiss by simply turning a blind eye to the law and the elements of the claims he purports to have against each of the Defendants. Moreover, and even if he could establish facts that would entitle him to relief, the Complaint must still be dismissed pursuant to Rule 12(b)(2), Fed.R.Civ.P., because, as Plaintiff implicitly admits, this Court lacks jurisdiction over any of the Defendants.

Plaintiff's Rule 12(c) Motion for Judgment on the Pleadings must be denied because it is premature and because it is otherwise defeated by Plaintiff's own admission that discovery is necessary to flesh out certain of his claims.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

In his response to Defendants' Motion to Dismiss, Plaintiff requests, incredibly, that the Court enter judgment in his favor on his Count One, Three, and Five pursuant to Rule 12(c), Fed.R.Civ.P.. Response, at 2. Rule 12(c) provides, in pertinent part:

> **(c) Motion for Judgment on the Pleadings**. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. …

Rule 12(c), Fed.R.Civ.P. (underlining added). The term "pleadings" is defined in Rule 7(a) as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third party complaint, … and a third-party answer…." Rule 7(a), Fed.R.Civ.P. "The pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming … that no counterclaim or cross-claim is made." *Doe v. U.S.*, 419 F.3d 1058, 1061 (9th Cir. 2005); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice And Procedure* § 1367 (3d ed. 2004) ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer.").

Defendants have not filed an answer in this case, and, instead, have moved to dismiss Plaintiff's Complaint. Because Plaintiff's motion for judgment on the pleadings was filed before the Defendants filed an answer, the pleadings are not closed in this case. Plaintiff's

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

motion is thus premature and must be denied. *Doe*, 419 F.3d at 1061 (denying a Rule 12(c) motion as premature because it was filed before defendant's answer).

Even if Plaintiff's motion was not premature, it must still be denied. Unlike a Rule 12(b) motion, a Rule 12(c) motion does not assume that the allegations in Plaintiff's Complaint are true. *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). Rather, "judgment on the pleadings is proper [only] when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." *Id.*

Plaintiff has not established and cannot establish that there is no genuine issue of material fact such that he is entitled to judgment as a matter of law on any Count. Defendants have not yet answered the Complaint and Plaintiff cannot truthfully represent to this Court that Defendants agree with Plaintiff's recitation of the facts. Indeed, Defendants <u>do not</u> agree with Plaintiff's assertion and characterization of the facts and will set forth all denials in their answer, should it become necessary to file one. *Id.* (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1368 (1969) for the proposition that "if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings"). Plaintiff further **<u>admits</u>** that additional discovery is necessary on some of the essential elements of his claims. *See* Response, at 8 ("The discovery will determine which" benefit Defendants sought by virtue of their alleged extortion) and 9 (noting that Count Three is based upon the extortion claim). Plaintiff's admissions defeat his own motion.

## II. <u>THE COURT SHOULD DISMISS EACH OF PLAINTIFF'S COUNTS AGAINST DEFENDANTS PURSUANT TO RULE 12(b)(6).</u>

### A. <u>Rule 8's "Notice Pleading" Requirements Do Not Relieve Plaintiff of His Obligation to Establish His Entitlement to Relief.</u>

Citing to outdated Supreme Court precedence, Plaintiff, throughout his Response, excuses his failure to adequately plead causes of action against Defendants by referencing Rule 8, Fed.R.Civ.P. Although it is true that Rule 8 requires that all complaints contain,

among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8 is not the saving grace that Plaintiff hopes it is. As the Supreme Court made clear in its May 2007 decision in *Bell Atlantic Corporation, et al. v Twombly*, 127 S.Ct. 1955 (2007), a complaint must contain allegations sufficient for a defendant to determine both the grounds for the plaintiff's claims and the plaintiff's entitlement to relief. 127 S.Ct. at 1964-65 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004) for the proposition that "[T]he pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.").

Where, as here, a plaintiff has failed to plead allegations sufficient for the defendant to determine the bases for his claims and his entitlement to relief, dismissal pursuant to Rule 12(b)(6) is appropriate. *Id.* at 1965 n. 3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). Plaintiff cannot rely upon the Court to imply those elements necessary to save his Complaint from dismissal, particularly where, as here, Plaintiff is a licensed attorney who should know the legal requirements of his claims.

**B. <u>Count One Must Be Dismissed.</u>**

Plaintiff, in his Response, does not dispute the legal elements of his Count One for extortion against all Defendants. Thus, he agrees that he must establish that defendants Edalat, Veripak, and Menzies each (i) knowingly obtained or sought to obtain property or services (ii) by means of a threat to Plaintiff before he can maintain a claim for extortion against them.[1] Plaintiff has not and cannot establish that Edalat is liable to Plaintiff for

[1] Plaintiff's Response attempts to shift the burden of establishing his entitlement to relief to Defendants. As the Court knows, the "question is [not] whether a trial by extortion is the preferred manner of resolving conflict in a civilized society," Response, at 2, but rather whether <u>Plaintiff</u> can sustain legal action against

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

extortion. Edalat's January 7 email **<u>does not</u>** threaten Plaintiff in any way. As set forth in Defendants' Motion to Dismiss, Arizona's extortion statue requires a showing of a "true threat." A "true threat" for purposes of Arizona's extortion statute, A.R.S. § 13-1804(A) is a statement made in

> a context or under such circumstances wherein a *reasonable person would foresee* that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of an intention to inflict bodily harm upon or to take the life of [a person].

*In re Ryan A.*, 202 Ariz. 19, 22, 39 P.3d 543, 546 (App. 2002) (quoting *In re Kyle M.*, 200 Ariz. 447, 451, ¶ 21, 27 P.3d 804, 808 (App. 2001)) (alterations in original). "The test is clearly an objective one." *Id.* Here, Plaintiff cannot credibly claim that Edalat's rejection of a demand to pay and a warning that Plaintiff's reputation will be at stake should Plaintiff continue to protect a "convicted felon" was a "true threat." Moreover, and even if the January 7 email did contain "true threats," no reasonable person would interpret the contents of the email as communicating a "serious expression of an intention to inflict bodily harm" upon **<u>Plaintiff</u>**. *Id.* Plaintiff has no standing to sue Edalat for alleged threats to a third party.

Plaintiff also cannot sustain a claim for extortion against Edalat unless Plaintiff can establish that Edalat's alleged threats were coupled with a knowing demand for some service or property. *See* A.R.S. § 13-1804. As Plaintiff's Response begrudgingly admits, the January 7 email contained **<u>no</u>** demands whatsoever. Response, at 8 ("[The January 7 email] threatened without identifying the benefit sought[,]" and claiming that discovery was necessary to determine whether a demand was in fact made); *see also Bell Atlantic Corp.*, 127 S.Ct. at 1968 ("[I]t is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence.")

---

these <u>Defendants</u> based upon the allegations in Plaintiff's Complaint. If he cannot, his claims must be dismissed.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

(internal citations and alterations omitted). Indeed, the January 7 email did not even demand that Plaintiff stop contacting Edalat and/or Veripak regarding the illegal note. Without a knowing demand for property or services, there can be no extortion claim against Edalat. A.R.S. § 13-1804.

Plaintiff also has failed to establish his extortion claim against Menzies. As even the paragraphs cited in Plaintiff's Response, make clear, Menzies' only comments in the February 1 email relate to (i) Diversified Global Investments, LLC's[2] insistence upon payment for an illegal note, and (ii) Plaintiff's son's[3] improper filing of a complaint in California. As Plaintiff acknowledges, the alleged threats (to the extent they can be characterized as such) are not directed at Plaintiff, but rather at third parties. Response, at 6, 7. No matter how "ugly" Plaintiff contends Menzies' February 1 email was, he simply has no standing to sue for threats and demands allegedly made to third parties. Response, at 6 ("The threat **against Plaintiff's son** merely makes the extortion so much uglier.") (emphasis added). Because neither Edalat nor Menzies are liable to Plaintiff for extortion, Veripak must also be dismissed from Count One.

**C. Count Two Must Be Dismissed.**

Plaintiff's Response confirms that Count Two should be dismissed. Plaintiff's Complaint, which is quoted in the Response at page 8, fails to identify (i) the unlawful purpose or unlawful object about which Defendants' allegedly agreed, or (ii) the unlawful means by which the purpose or the object was obtained. *Baker v. Stewart Title & Trust of Phoenix*, 5 P.3d 249, 256 (Ariz. App. 2000). As the Supreme Court has made clear, even under the liberal pleading standards of Rule 8, Fed.R.Civ.P., Defendants should not be forced to guess about the bases for Plaintiff's conspiracy claim. *Bell Atlantic Corp.*, 127 S.Ct. at 1965 (dismissing plaintiff's conspiracy claim because plaintiff failed to allege "enough facts

[2] Plaintiff held himself out as Diversified's counsel, even though Plaintiff is not licensed to practice in the State of California, and had not formally appeared in the California action. *See* Motion, at 2-4.

[3] Plaintiff's son is a California attorney, and appeared as counsel of record for Diversified in the California action.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

to raise a reasonable expectation that discovery will reveal evidence of illegal agreement"). Nor should Defendants be forced to guess as to whether Plaintiff is entitled to any relief under his claims. *Id.* at 1966 ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the plain statement possess enough heft to show that the pleader is entitled to relief.") (internal citations omitted).

To the extent Plaintiff now claims that the conspiracy claim is based upon some alleged agreement among the Defendants to commit extortion, Plaintiff has failed to establish (i) that Defendants did in fact commit extortion, (ii) that Plaintiff has standing to bring an extortion claim based upon the January 7 and February 1 emails, or (iii) that Plaintiff was damaged by either the alleged extortion or alleged conspiracy. *See* Section II.B., *supra.*

**D. <u>Count Three Must Be Dismissed.</u>**

Ignoring the law set forth in Defendants' Motion to Dismiss, Plaintiff, in his Response, again relies upon Rule 8, Fed.R.Civ.P., and again asks the Court to imply those allegations necessary to save his Count Three from dismissal. The Court cannot and must not grant Plaintiff the benefit of inferences that his Complaint (and the law) cannot support to help Plaintiff avoid a Rule 12(b)(6) motion to dismiss. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1988). Plaintiff has not established and cannot establish that he suffered damages as a result of Defendants' alleged racketeering. A.R.S. § 13-2301; Motion, at 9-10. Plaintiff has not established and cannot establish that Defendants committed a predicate act (i.e. engaged in extortion) such that *any* person can bring a racketeering claim against Defendants. A.R.S. § 13-2301; Section II.B, *supra.* Plaintiff has not established and cannot establish that that Arizona law allows a plaintiff to recover punitive damages for a racketeering claim. A.R.S. § 13-2314.04(K).

**E. <u>Count Four Must Be Dismissed.</u>**

Plaintiff's response does not bicker with the law set forth in Defendants' Motion to Dismiss. Rather, and as was typical in the Response, Plaintiff ignores the allegations in his

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

Complaint and the substance of the law in an attempt to save his defamation claim against all Defendants. Plaintiff's attempts fall flat, and this Count must be dismissed.

Plaintiff's defamation claim, as alleged in the Complaint, was clearly and unambiguously based **solely** upon defendant Menzies' February 1 email. Menzies sent the February 1 email to Plaintiff's son and the contents of the February 1 email – even if defamatory – related to Plaintiff's son, not Plaintiff. Motion, at 10-11. Plaintiff has no legal standing to bring a claim for alleged defamation of his son, nor is he entitled to damages resulting from any alleged defamation that was published to him (rather than published about him). Plaintiff does not dispute this, and Menzies must be dismissed from Count Four.

So too must Edalat. Mr. Edalat was not a party to the February 1 email, and he made no statements in that email that could be considered defamatory. Because the February 1 email was the *only* email that Plaintiff cited in support of his defamation claims, this Court must dismiss Plaintiff's defamation claim against Edalat with prejudice. *See Bell Atlantic Corp.*, 127 S.Ct. at 1966, 1974 ("[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.") (internal citations and alterations omitted).

In a last-ditch effort to save his Count Four, Plaintiff claimed in his Response that his defamation claim was also based upon Edalat's January 7 email. Even if it is proper for Plaintiff to re-write his Complaint in response to a Rule 12(b) motion to dismiss (which it is not), Plaintiff's Count Four must still be dismissed. *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005) (noting that the court may not assume that plaintiff can prove facts different from those alleged in the complaint when deciding a Rule 12(b)(6) motion to dismiss). Edalat's January 7 email did not contain false or defamatory statements about Plaintiff that would cause him damage, or that would harm his reputation. *See* Motion, at Exh. 6; Restatement (Second) of Torts § 559.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

Moreover, statements of opinion do not constitute defamation and are therefore not actionable. *Info. Control Corp. v. Genesis One Computer Corp.*, 611 F.2d 781, 783 (9th Cir. 1980). "The determination of whether an allegedly defamatory statement is a statement of fact or statement of opinion is a question of law," based upon the court's analysis of three factors. *Id.* First, "it is established that words are not defamatory unless they are understood in a defamatory sense." *Id.* "Mere expressions of opinion or severe criticism are not libelous if they clearly go only to the merits or demerits of a condition, cause, or controversy which is under public scrutiny." *Id.* Second, even apparent statements of fact can assume the character of opinion statements when made under circumstances in which an "audience may anticipate efforts by the parties to persuade others to their positions by [the] use of epithets, fiery rhetoric, or hyperbole." *Id.* at 784.

Third, the Court must consider concerns the language of the alleged defamatory statement. "Where the language of the allegedly defamatory statement is cautiously phrased in terms of apparency or is of a kind typically generated in a spirited legal dispute in which the judgment, loyalties, and subjective motives of the parties are reciprocally attacked and defended in the media and other public forums, the statement is less likely to be understood as a statement of fact rather than as a statement of opinion." *Id.*

Here, Edalat sent his January 7 email in response to Plaintiff's January 4 and 7 letters. Motion, at 2. Plaintiff's January 4 and 7 letters (which were copied to Plaintiff's client Diversified Global Investments, LLC – the same client that was copied on Edalat's January 7 email), accused Edalat and Veripak of improper conduct with respect to Diversified. *See* Motion, at Exh. 3. Plaintiff's January 7 also invited a response, and cautioned that "anything [Edalat said] in response to [that] letter may be used against [his interest." *Id.* Edalat's January 7 email was no more than an expected and spirited response to Plaintiff's letter, and, thus, it is not defamation as a matter of law.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

**F. Count Five Must Be Dismissed.**

As Plaintiff acknowledges, to sustain his claim for negligence against Defendants, Plaintiff must establish that (i) each Defendant owed him a duty, (ii) each Defendant breached that duty, (iii) the breach proximately caused Plaintiff injury, and (iv) Plaintiff was damaged. Plaintiff has not established and cannot establish each element, and has not established that he is entitled to relief from Defendants for this claim.

Plaintiff's sole basis for his negligence claim in his Complaint is the duty each Defendant allegedly owed him under the California Rules of Professional Conduct. As Defendants' Motion makes clear, **no** Defendant owed him a duty pursuant to those rules. Plaintiff has not alleged and cannot allege any other duty that Defendants owed him, as counsel for a third party. *See*, *e.g.*, *Jones v. Tozzi*, 2006 WL 1582311, *18 (E.D. Cal. June 2, 2006) ("Plaintiff has not and cannot plead the existence of a duty of care owed by Defendant, an opposing attorney, to Plaintiff as a party to litigation."). Even if Defendants did owe a duty to Plaintiff, as set forth above, Plaintiff has not established and cannot establish that Defendants breached that duty, or that Plaintiff suffered harm as a result of the alleged breach.

**III. THIS CASE MUST BE DISMISSED PURSUANT TO RULE 12(b)(2).**

Plaintiff's attempt to have the Court find that it has personal jurisdiction over any of the Defendants is disingenuous at best. Plaintiff, in his response, does not dispute that, as the plaintiff, he bears the burden of showing that the court has jurisdiction. Plaintiff, in his response, also does not dispute that Edalat's and Menzies' Declarations, which were submitted in support of Defendants' Motion to Dismiss, unequivocally establish that none of the Defendants has any contacts with the State of Arizona, much less the minimum contacts required by the United States Constitution. Rather, Plaintiff's one paragraph response baldly states that "Defendants intentionally e-mailed extortionate e-mails to the State of Arizona. The "effects" test is satisfied." Response, at 14. Plaintiff is wrong.

Merely asserting that a defendant knew or should have known that his intentional acts

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

would cause harm in the forum state is not enough to establish jurisdiction under the effects test set forth in *Calder v. Jones*, 465 U.S. 783 (1984); *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259-260, 261 (3d Cir. 1998) ("[W]e ... agree with the conclusion reached by the First, Fourth, Fifth, Eighth, Ninth and Tenth Circuits that jurisdiction under *Calder* requires more than a finding that the harm caused by the defendant's intentional tort is primarily felt within the forum"). In the Ninth Circuit, as in other jurisdictions, a plaintiff must also establish that the defendant "committed an intentional act ... expressly aimed at the forum state." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

Here, neither Edalat nor Menzies committed *any* act that would cause harm in Arizona. Neither the January 7 nor February 1 email constituted extortion, *see* Section II.B, *supra*, nor can Plaintiff claim damages for the alleged extortion. Neither the January 7 nor February 1 email constituted defamation, *see* Section II.E, *supra*, nor can Plaintiff claim damages for the alleged defamation.[4] Neither Menzies nor Edalat – both California residents – expressly aimed their conduct at Arizona. Indeed, both the January 7 and February 1 emails related to, and commented on, conduct in <u>California</u>. Because none of the Defendants have any contacts with the State of Arizona, and because none of the Defendants caused any harm in this State, Plaintiff's case against them must be dismissed pursuant to Rule 12(b)(2), Fed.R.Civ.P.

DATED this 25th day of March, 2008.

GREENBERG TRAURIG, LLP

By: /s/Kimberly A. Warshawsky
Booker T. Evans, Jr.
Kimberly A. Warshawsky
Attorneys for Defendants

[4] To the extent the February 1 email could be considered defamatory, it was sent to Plaintiff's son and merely published to Plaintiff. All statements in that email related to Plaintiff's son, and any alleged damage from those statements were necessarily felt in California, where the son lives, rather than in Arizona, where the email was published.

## CERTIFICATE OF SERVICE

☒ I hereby certify that on March 25, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, AZ 85012
Strojnik@aol.com
Attorney for Plaintiff

☐ I hereby certify that on March ____, 2008, I served the attached document by facsimile and United States mail on the following, who are not registered participants of the CM/ECF System:

By: /s/ Sue Cole
Employee, Greenberg Traurig, LLP

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000