IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, a married man dealing with his sole and separate claim,,<br>Plaintiff,<br>vs.<br>PAUL EDALAT a/k/a PAUL P. EDALAT and JANE DOE EDALAT, husband and wife; VERIPAK CORPORATION, a Delaware Corporation; CHARLES MENZIES and JANE DOE MENZIES, his wife,<br>Defendants. | No. CV-08-344-PHX-MHB<br>**ORDER** |

**OVERVIEW**

This matter comes before the Court on consideration of Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. #6). Plaintiff has filed a Response (Doc. #7), and Defendants have filed a Reply (Doc. #10). This case was removed from Maricopa County Superior Court by Defendants based upon diversity of citizenship. (Doc. #1.) Plaintiff alleges in his Complaint five (5) causes of action under Arizona law or Arizona common law: Extortion, Conspiracy, Pattern of Unlawful Activity, Defamation, and Negligence. The Complaint alleges, in summary, that in September, 2007, a promissory note loan was made by Diversified Global Investment LLC (hereinafter, "Diversified") to Defendants Edalat and Veripak Corporation (hereinafter, "Veripak"). The terms of the loan were that Diversified would provide $200,000.00 to Defendants Edalat and Veripak Corporation, who would, in

1 turn, pay interest in the amount of $45,000.00, and then return the principal at the end of the 90-day loan period. When Defendants did not pay, Plaintiff, an attorney licensed to practice in Arizona, was engaged by Diversified to collect on the note. In his collection attempts, Plaintiff alleges that Defendants Edalat and Veripak, and Defendant Menzies, corporate counsel for Veripak, engaged in a pattern of unlawful conduct with the intent to deter Plaintiff's collection efforts. In Defendants' Motion to Dismiss, they argue that Plaintiff fails to state a claim upon which relief can be granted, and furthermore, request that all counts be dismissed because the Court lacks personal jurisdiction over them.

## APPLICABLE LAW

A complaint must contain,

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; ...

Fed. R. Civ. P. 8(a). "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

These pleading requirements are to be liberally construed. Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002). The purpose of notice pleading is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." In re Marino, 37 F.3d 1354, 1357 (9th Cir. 1994). A court construing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint may be dismissed for failure to state a claim only where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him top relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Smith v. Jackson Terrier Network of N. Cal. v. Am. Kennel Club, Inc., 507 F.3d 1027, 1035 (9th Cir. 2005). Though the complaint need not contain detailed

factual allegations, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S.Ct. 1955, 1965 (2007). Attachments to a complaint become part of that pleading for all purposes, including motions to dismiss. Amfac Mort. Corp. v. Arizona Mall of Tempe, Inc., 583 F.2d 426, 429-30 (9th Cir. 1978).

## ANALYSIS

**A.     Count One: Extortion Claim**

The parties are in agreement that the applicable law in support of Plaintiff's claim of extortion is A.R.S. §13-1804, which defines Theft by Extortion as follows:

> A person commits theft by extortion by knowingly obtaining or seeking to obtain property or services by means of a threat to do in the future any of the following:
>
> *     *     *
>
> 2. Cause physical injury except as provided in paragraph 1 of this subsection.
>
> 3. Cause damage to property.
>
> 4. Engage in other conduct constituting an offense.
>
> 5. Accuse anyone of a crime or bring criminal charges against anyone.[1]
>
> *     *     *

Defendants claim that Plaintiff does not identify in his Complaint the particular defendant(s) who committed extortion, the particular threats that would amount to extortion, or the property or services the defendant(s) sought to obtain. (Doc. #6, ¶ 7.)

In the background allegations of Plaintiff's Complaint (Doc. #1, Exh. A at 2-4), Plaintiff describes two e-mails he received that contained the purported threatening communications. The first one, dated January 7, 2008, was an e-mail Plaintiff received from Defendants Edalat and Veripak, after Plaintiff had communicated to them regarding their

---

[1] Subsections 1 and 6-8 are inapplicable here.

1 delinquency on the promissory note. The e-mail was addressed to Plaintiff, and contained
2 the following remarks:

> 3 Be very cautious as to the tactics you choose to attack my personal character and entrepreneurship over the past 20 years of doing business. And I am sure that practicing law in your state of Arizona has its own guidelines in which you have to live by and respect. **Fear is not in my vocabulary and if you feel that I am one bit concerned of your past two letters to my office, you are dead wrong! You will soon et a real taste of what is about to come your way and not just bits and pieces**. To protect a convicted felon is only going to hurt what little reputation you have as a lawyer or maybe you are also involved in the schemes as was Jeanne Marie Rowzee, Esq. Be careful counsel for you are walking on very thin ice! In the state of California, we have very strong laws that soon you will be schooled if you are not aware of for trying to extort money or use such tactics for collection.
> . . .
> Let's dance!

(Id. at 2-3) (emphasis added).

On January 17, 2008, Diversified filed a Complaint against Defendants Edalat and Veripak in the Superior Court of the State of California[2], alleging Fraud in the Inducement and Promissory Fraud, and Breach of Contract. (Id. at 3.) Plaintiff then references, on February 1, 2008, an e-mail authored by Menzies that contained the following remarks:

> Further, considering the junior Mr. Strojnik filed the Complaint, which advises the violation of California law, and could have been avoided with a modicum of due diligence, my client has advised me that **he will be reporting these violations of the California Rules of Professional Conduct to the California State Bar**. He has asked me to inform you of this. That said, my client will also oppose your pro hac vice application on the same grounds.
>
> However, **my client agrees to forbear filing the criminal complaint with the California AG if your client withdraws the complaint and enters into a full waiver and release of any and all claims**. Please note that the filing of the state bar complaint is not contingent, as my client intends on doing this independent of the litigation and does not want it factored into any proposed settlement or considered in any way as a means to gain leverage in any negotiations.

(Doc. #1, ¶ 17) (emphasis added).

The e-mails sent by Defendants Edalat and Veripak, and the e-mail authored by Menzies, referenced above, could reasonably be interpreted as containing threats on behalf

---

[2] Plaintiff, along with his son, Peter K. Strojnik, an attorney licensed to practice in California, filed the Complaint on behalf of Diversified: Plaintiff's application to appear *pro hac vice* was reportedly pending.

- 4 -

1  of Defendants to cause some future harm to Plaintiff, accuse Plaintiff of a crime, or file a bar
2  complaint against Plaintiff's son.  The benefit sought is unquestionably the discontinuation
3  of Plaintiff's pursuit of economic redress on the loan.  Although the threats are arguably
4  vague, perhaps purposely so, it may be that future discovery will establish that Plaintiff,
5  given all of the circumstances surrounding the aforementioned events, could not reasonably
6  be said to have felt threatened by these communications.  At this juncture however, Count
7  One of the Complaint meets the requirements of Rule 8.

8  **B.     Count Two: Civil Conspiracy Claim**

9  For a civil conspiracy to occur, two or more people must agree to accomplish an
10 unlawful purpose or to accomplish a lawful object by unlawful means, causing damages.
11 Wells Fargo Bank v. Arizona Laborers, 38 P.3d 12, 36 (Ariz. 2002).  The Supreme Court of
12 Arizona has held that "[t]here is no such thing as a civil action for conspiracy.  The action
13 is one for damages arising out of the acts committed pursuant to the conspiracy." Tovrea
14 Land and Cattle Co. v. Linsenmeyer, 412 P.2d 47, 63-64 (Ariz. 1966); see also Morrow,
15 D.D.S. v. Boston Mutual Life Ins. Co., 2007 WL 3287585 *9 (D. Ariz.).  A conspiracy claim
16 therefore, must contain an allegation of actual damages for it to be actionable.  Plaintiff does
17 not aver in his Complaint what actual damages he suffered as a result of the alleged
18 conspiracy between Defendants.  Plaintiff's Count Two will therefore be dismissed.

19 **C.     Count Three: Pattern of Unlawful Activity**

20 Plaintiff alleges Pattern of Unlawful Activity pursuant to A.R.S. §13-2314.04, which
21 requires that he demonstrate that Defendants committed at least two "predicate acts," the last
22 act occurring within five years of the prior act; that the acts were related to each other; and
23 that the acts amounted to or posed a threat of continued unlawful activity.  See Ariz. Pattern
24 Jury Instructions – Civil, Commercial Torts 33 (4th Ed.).  Extortion is a predicate act.  A.R.S.
25 §13-2301(D)(4).  The United States Supreme Court has held, that under federal RICO[3], the
26 "continuity" requirement can be demonstrated by proving either "a series of related predicate

27 _____

28     [3] 18 U.S.C. §1961(5).

- 5 -

1  acts extending over a substantial period of time" or "past conduct that by its nature projects
2  into the future with a threat of repetition." H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S.
3  229, 241–42 (1989). The Ninth Circuit has held that alleged acts occurring over a span of
4  six months is insufficient to establish threat of continuity. Religious Technology Ctr. v.
5  Wollerscheim, 971 F.2d 364, 365-67 (9th Cir. 1992); see also River City Markets, Inc. v.
6  Fleming Foods West, Inc., 960 F.2d. 1458, 1464 (9th Cir. 1992) (misrepresentations occurring
7  over a one-month period insufficient to establish threat of continuity). Arizona's extortion
8  statute is analogous to the federal extortion statute. Lifeflite Medical Air Transport, Inc. v.
9  Native American Air Services, Inc., 7 P.3d 158, 161 (Ariz. Ct. App. 2000). In discussing the
10 1993 amendments to the Arizona extortion statute, the appellate court noted:

> [B]ecause of the legislature's obvious reliance on federal interpretation in fashioning these amendments, it is reasonable to conclude that the legislature also intended to follow the Supreme Court's definition of "continuous" to require that the related predicate acts extend "over a substantial period of time," i.e., over more that "a few weeks or months."

14 Id. at 161-62.

15 Plaintiff only alleges two instances of e-mail communication that could be construed
16 as predicate acts that, though related, together are isolated in time: the acts can not therefore
17 be construed to meet the continuity requirement of the statute. Plaintiff also requests punitive
18 damages for the alleged RICO violations. Punitive damages are not recoverable in the
19 absence of bodily injury. A.R.S. §13-2314.04(K). Plaintiff does not allege bodily injury in
20 his Complaint. For the foregoing reasons, Count Three will be dismissed.

21 **D.     Count Four: Defamation**

22 Plaintiff alleges in Count Four of his Complaint that Defendants' February 1, 2008
23 e-mail, which he claims was received by his son, alleges false criminal conduct, causing
24 damage to Plaintiff. The referenced e-mail bears repeating here:

> Further, considering the junior Mr. Strojnik filed the Complaint, which advises the violation of California law, and could have been avoided with a modicum of due diligence, my client has advised me that **he will be reporting these violations of the California Rules of Professional Conduct to the California State Bar**. He has asked me to inform you of this. That said, my client will also oppose your pro hac vice application on the same grounds.

- 6 -

> However, my client agrees to forbear **filing the criminal complaint with the California AG** if your client withdraws the complaint and enters into a full waiver and release of any and all claims. Please note that the filing of the state bar complaint is not contingent, as my client intends on doing this independent of the litigation and does not want it factored into any proposed settlement or considered in any way as a means to gain leverage in any negotiations.

(Doc. #1, ¶ 17) (emphasis added).

While Defendants insist repeatedly that the former bolded section above refers to Plaintiff's son "the junior Mr. Strojnik," it is not clear from a reading of the paragraph whether the author threatens reporting to the California State bar ethical violations committed by Plaintiff or his son, just as it is not clear what ethical violations are being referenced. It is even arguable that the threat could be to both father and son.[4] The second remark more clearly refers to a threat to file a criminal complaint against Plaintiff, although Defendants interpret the remark to have been aimed at Diversified. Regardless of who the threats are directed toward, it is clear that they constitute threats to file a complaint, or complain of something, and are not in themselves "statements" that are false or defamatory. If Defendant Menzies followed through on his threats and filed such allegations, those allegations would constitute statements that could potentially be defamatory and support a cause of action.

Defamation is described as "[o]ne who publishes a false and defamatory communication concerning a private person . . . is subject to liability, if, but only if, he (a) knows that the statement is false and it defames the other, (b) acts in reckless disregard of these matters, or (c) acts negligently in failing to ascertain them." Dube v. Likins, 167 P.3d 93, 104 (Ariz. Ct. App. 2007) (citing Rowland v. Union Hills Country Club, 757 P.2d 105, 110 (Ariz. Ct. App. 1988)). Arizona statutes define "statement" to mean, in the context of criminal swearing offenses, as "any representation of fact . . ." A.R.S. §13-2701(2). The

---

[4] Any attorney engaged in the practice of law, or unauthorized practice of law in Arizona is subject to the jurisdiction of the Arizona Supreme Court, which adjudicates allegations of misconduct. Rules 31 and 42, Rules of the Supreme Court of Arizona; ER 5.5, Rules of Professional Conduct. It may be reasonable for Plaintiff to assume he would be subject to the jurisdiction of the California Courts if in fact he was practicing there, or appearing *pro hac vice*.

1  facts asserted by Menzies are his intention to make statements that, if made, could be false
2  and defamatory.

3  In Plaintiff's Response to Defendants' Motion to Dismiss he argues that the January
4  7, 2008 e-mail sent to him by Defendants Edalat and Veripak is also defamatory. Plaintiff
5  did not reference that communication in Count Four, the defamation count of his Complaint.
6  The Court will not consider that allegation, therefore, in this analysis. Jack Russell Terrier
7  Network of N. Cal. v. Am. Kennel Club, Inc., 407 F.3d 1027, 1035 (9th Cir. 2005) (nothing
8  that the court may not assume that plaintiff can prove facts different from those alleged in
9  the complaint when deciding a Rule 12(b)(6) motion to dismiss). Count Four will therefore
10 be dismissed.

**E.    Count Five: Negligence**

Plaintiff alleges in Count Five that Defendants breached a duty of care, specifically, the duty outlined in the California Rules of Professional Conduct in section 5-1000(A), which provides that: "A member shall not threaten to present criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute." Since Defendants Edalat and Veripak are not lawyers, and therefore not "members" of the California Bar Association, they can not be charged with this duty. In addition, although Defendant Menzies is a California lawyer, he has not had an attorney-client relationship with Plaintiff. Claims for professional negligence generally can be brought only by persons or entities with which or with whom the attorney has an attorney-client relationship. Major Clients Agency v. Diemer, 67 Cal.App.4th 1116, 1132 (1998); Jones v. Tozzi, 2006 WL 1582311, *17 (E.D. Cal. June 2, 2006) ("Plaintiff has not and cannot plead the existence of a duty of care owed by Defendant, an opposing attorney, to Plaintiff as a party to litigation.").

Plaintiff argues unpersuasively in his Response that the Defendants owe him a duty not to commit criminal acts. None of the cases cited by Plaintiff compel that sweeping conclusion, and neither do the cases compel the conclusion that the Arizona Extortion statute imposes a duty, the breach of which creates civil remedies. Count Five will therefore be dismissed.

**F.     Personal Jurisdiction**

The Arizona long-arm statute, Rule 4.2(a) of the Arizona Rules of Civil Procedure, authorizes the exercise of personal jurisdiction over a non-resident defendant only to the extent permitted by the due process clause of the United States Constitution. Ariz. R. Civ. P. 4.2(a); Travelers Cas. & Sur. Co. of Am. v. Telestar Const. Co., 252 F.Supp.2d 917, 929 (D. Ariz. 2003). Due process requires that each defendant in an action have sufficient minimum contacts with the forum state such that the state's exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945).

In Calder v. Jones, the Supreme Court held that personal jurisdiction can be based upon:  (1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered, and which the defendant knows is likely to be suffered, in the forum state. 465 U.S. 783, 788-90 (1984); see Core-Vent Corp. AB v. Nobel Indus., 11 F.3d 1482, 1486 (9th Cir. 1993); Travelers Cas. & Sur. Co. of Am., 252 F.Supp.2d at 930. In a tort action, the Ninth Circuit has held that "jurisdiction may attach if an out-of-forum defendant merely engages in conduct aimed at, and having an effect in, the situs state." Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995).

Plaintiff has alleged sufficient facts in his Complaint to support personal jurisdiction over Defendants Edalat and Veripak. The January 7, 2008 e-mail was clearly directed to Plaintiff, and was sent in response to a letter mailed by Plaintiff to Defendants Edalat and Veripak, which contained Plaintiff's address in Arizona and e-mail address. (Doc. #1, Exhs. 2, 3, 4.) Defendants' conduct was therefore "aimed at," and had an effect, in Arizona. Count One of Plaintiff's Complaint against Defendants Edalat and Veripak, therefore, sets forth sufficient allegations of personal jurisdiction.

Plaintiff does not, however, allege sufficient facts to establish personal jurisdiction over Defendant Menzies. His Complaint includes the text of the February 1, 2008 e-mail, but does not include anywhere within his Complaint an allegation that the e-mail was sent to Plaintiff in Arizona, or an allegation that Menzies had knowledge of Plaintiff's location.

He only indicates that "[o]n February 1, 2008, Menzies issued an e-mail the relevant portion of which threatened criminal prosecution unless the Complaint is dismissed." (Doc. #1, ¶17.) Thus, Count One against Defendant Menzies will therefore be dismissed for lack of personal jurisdiction.

## CONCLUSION

The Court grants Plaintiff's Motion to Dismiss Count One as to Defendant Menzies, and Counts Two through Five with respect to all Defendants. Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by an amendment. Thinket Ink Info. Res., Inc., v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004). It does not appear that Counts Three through Five could be saved by amendment, based upon the foregoing analysis.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. #6) is **GRANTED IN PART** and **DENIED IN PART**; Count One as to Defendant Menzies, and Count Two are dismissed without prejudice; Counts Three, Four and Five are dismissed with prejudice.

DATED this 17th day of April, 2008.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge