**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Booker T. Evans, Jr., EvansBT@gtlaw.com, SBN 009970
Kimberly A. Warshawsky, WarshawskyK@gtlaw.com, SBN 022083
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, a married man dealing with his sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL EDALAT a/k/a/ PAUL P. EDALAT and JANE DOE EDALAT, husband and wife; VERIPAK CORPORATION, a Delaware Corporation; CHARLES MENZIES and JANE DOE MENZIES, his wife,<br><br>Defendants. | Case No. 08-CV-00344-MHB<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2), FED.R.CIV.P.**<br><br>(Oral Argument Requested)<br><br>(Assigned to the Honorable Michele H. Burns) |

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants Paul and Jane Doe Edalat (collectively, "Edalat"), Veripak Corporation ("Veripak) and Charles and Jane Doe Menzies (collectively, "Menzies") specially appear for the purpose of again moving the Court for an Order dismissing all counts brought against them on the basis that this Court lacks personal jurisdiction over them. Edalat, Menzies, and Veripak do not have sufficient contacts with the State of Arizona such that this Court's exercise of jurisdiction would over them would comport with the traditional notions of fair play and substantial justice, as required by *International Shoe Co. v. Washington*, 326 U.S. 310,

316 (1945). Messrs. Edalat's and Menzies' responses to Plaintiff's various correspondence to each of them are also insufficient to establish that either defendant purposefully directed his activities at this State.

Defendants Edalat, Veripak, and Menzies support this Motion with the attached Memorandum of Points and Authorities, the accompanying Declarations of Paul Edalat and Charles Menzies, and all matters of record, which are incorporated herein by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION AND RELEVANT BACKGROUND.**

   **A.    Procedural Background.**

Plaintiff filed his complaint against Defendants Edalat, Menzies, and Veripak for Extortion, Conspiracy, Pattern of Unlawful Activity pursuant to A.R.S. § 13-2314.04, Defamation, and Negligence before the Superior Court of Maricopa County on February 4, 2008. Defendants removed the action to this Court on February 22, 2008, and, on February 29, 2008, filed their Motion to Dismiss each count of Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants further moved to dismiss each of the defendants for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

By Order dated April 18, 2008, this Court dismissed Plaintiff's claims for Pattern of Unlawful Activity, Defamation, and Negligence with prejudice. The Court also dismissed Plaintiff's claim for Conspiracy without prejudice, and granted Plaintiff leave to replead his Conspiracy claim. The Court further dismissed defendant Menzies on the basis that Plaintiff failed to allege facts sufficient to establish that the Court could exercise personal jurisdiction over him.

Plaintiff filed his First Amended Complaint on April 20, 2008 against all defendants for Extortion and Conspiracy. In an attempt to establish jurisdiction over

PHX 328,197,166v1

Menzies, Plaintiff alleged that both Edalat and Menzies were subject to the jurisdiction of this Court because they committed torts against Plaintiff when responding to Plaintiff's communications. *See* First Amended Complaint (Docket # 12), ¶¶ 7, 12, 19.

### B.  Factual Background.

Despite Plaintiff's attempts to correct the deficiencies in his complaint, the fact remains that none of the defendants should be in this lawsuit: none are from Arizona, none have contacts of any kind in Arizona, none have purposefully availed themselves of the privilege of doing business in Arizona, and none have engaged in affirmative conduct with respect to Arizona such that it would be fair and reasonable for this Court to exercise jurisdiction over them. Plaintiff thus has no basis upon which to bring claims against Edalat, Menzies, or Veripak, and the Court should dismiss this action accordingly.

Mr. Edalat has no contacts with Arizona whatsoever. He has been a resident of California for thirty years, and has never resided or worked in Arizona. Exhibit 1, Declaration of Paul Edalat, dated February 29, 2008 ("Edalat Decl."), ¶¶ 9-10.[1] Mr. Edalat does not own property in Arizona, has never personally transacted business in Arizona, and has no bank accounts or telephone listings in Arizona. Exh. 1, Edalat Decl., ¶¶ 11-15. He has no offices, agents, or employees in Arizona. Exh. 1, Edalat Decl., ¶¶ 16-18. He has never purposefully availed himself of the privilege of conducting business in Arizona. Exh. 1, Edalat Decl., ¶¶ 12, 15, 19. In fact, the *only* conceivable contact that Mr. Edalat has with Arizona is his January 7, 2008 email response to Plaintiff's multiple communications about Veripak's alleged failure to make payments on Promissory Note to Plaintiff's client, Diversified Global Investments, LLC ("Diversified"). Mr. Edalat's response to Plaintiff's communications does not constitute

---

[1] Mr. Edalat's Declaration was attached as Exhibit 8 to Defendants' February 2008 Motion to Dismiss Plaintiff's Complaint. Another copy is attached hereto for the Court's convenience.

PHX 328,197,166v1

"purposeful availment" of the laws of Arizona such that this Court's exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

Mr. Menzies is similarly not subject to the personal jurisdiction of this Court. Mr. Menzies is a life-long California resident, and has never resided or worked in Arizona. Exhibit 2, Declaration of Charles Menzies, dated February 29, 2008 ("Menzies Decl."), ¶¶ 3-4.[2] Mr. Menzies does not own property in Arizona, has never personally transacted business in Arizona, and has no bank accounts or telephone listings in Arizona. Exh. 2, Menzies Decl., ¶¶ 4-8. He has no offices, agents, or employees in Arizona. Exh. 2, Menzies Decl., ¶¶ 10-12. He has never purposefully availed himself of the privilege of conducting business in Arizona. Exh. 2, Menzies Decl., ¶¶ 6, 9. Like Mr. Edalat, Mr. Menzies' only contact to this State is an email: his February 1, 2008 response to Plaintiff's California complaint and other communications. *See* First Amended Complaint (Docket # 12), ¶¶ 18-19. His response to Plaintiff's communications is insufficient to create the personal jurisdiction of this Court, even if that communication constituted a tort, as Plaintiff claims.

Because Veripak is a defendant in this action only because of Edalat's and Menzies' alleged tortious conduct, Veripak must be dismissed since Edalat and Menzies are not subject to the personal jurisdiction of this Court. *See* First Amended Complaint (Docket #12), ¶¶ 5-6. Regardless of whether Edalat and Menzies are dismissed, however, Veripak must still be dismissed because Veripak is also not subject to the personal jurisdiction of this Court. Veripak is a Delaware corporation , and its principal place of business is in California. Exh. 1, Edalat Decl., ¶ 2. It has conducted no business in this State and is not even qualified to do business in Arizona. Exh. 1, Edalat Decl., ¶¶ 3-4.

---

[2] Mr. Menzies' Declaration was attached as Exhibit 9 to Defendants' February 2008 Motion to Dismiss Plaintiff's Complaint. Another copy is attached hereto for the Court's convenience.

-4-

PHX 328,197,166v1

Veripak also has no agents or employees in this State and has not been the subject of litigation in this State. Exh. 1, Edalat Decl., ¶¶ 5-7. It has also not targeted Arizona as a business opportunity. Exh. 1, Edalat Decl., ¶ 8. Veripak has also not conducted any act in Arizona that would give rise to the reasonable exercise of the jurisdiction of this Court, nor has Plaintiff alleged as much. *See* First Amended Complaint (Docket #12).

## II. PLAINTIFF CANNOT SATISFY ITS BURDEN OF ESTABLISHING THAT THIS COURT MAY EXERCISE PERSONAL JURISDICTION OVER DEFENDANTS.

Once the defendant has challenged the exercise of personal jurisdiction, the plaintiff bears the burden of showing that that court has jurisdiction. *Travelers Cas. & Sur. Co. of Am. v. Telstar Constr. Co., Inc.*, 252 F.Supp.2d 917, 928 (D. Ariz. 2003); *MacPherson v. Taglione*, 762 P.2d 596, 599 (Ariz. Ct. App. 1988). To satisfy that burden, Plaintiff show that **each** defendant's personal contacts with the forum state are sufficient to meet the requirements of due process. *International Shoe*, 326 U.S. at 316. Plaintiff must also establish that each defendants' contact with the State of Arizona was voluntary, and attributable to his or its own actions, rather than to the actions of the Plaintiff. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir. 1986); *Tech. Witts, Inc. v. Skynet Elec. Co., Ltd.*, 2007 WL 809856, *5 (D. Ariz. Mar. 12, 2007).

Since Plaintiff cannot establish that any of the defendants had sufficient minimum personal contacts with the State of Arizona to support this Court's exercise of jurisdiction, and because none of the defendants has such contacts with Arizona, nor did they make voluntary contact with Arizona, exercising personal jurisdiction over them would violate the due process clause of the United States Constitution and, consequently, Arizona's long-arm statute. Accordingly, this action should be dismissed on the basis that this Court lacks personal jurisdiction.

PHX 328,197,166v1

A.   **Legal Standards Governing the Exercise of Personal Jurisdiction.**

The Arizona long-arm statute, Rule 4.2(a) of the Arizona Rules of Civil Procedure, authorizes the exercise of personal jurisdiction over a non-resident defendant only to the extent permitted by the due process clause of the United States Constitution. Ariz.R.Civ.P. Rule 4.2(a); *Travelers Cas. & Sur. Co. of Am.*, 252 F.Supp. at 929. "Arizona will exert personal jurisdiction over a non-resident litigant to the maximum extent allowed by the federal constitution." *Id.*; *Uberti v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995).

Due process requires that each defendant in an action have sufficient minimum contacts with the forum state such that the state's exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. To determine whether sufficient minimum contacts exist, "courts focus on the relationship among the **defendant**, the forum, and the litigation." *Brink v. First Credit Res.*, 57 F.Supp.2d 848, 860 (D. Ariz. 1999) (emphasis added). A court may exercise general or specific jurisdiction over a defendant only if it first finds that the defendant's contacts with the forum state are sufficient to satisfy due process. *Travelers Cas. & Sur. Co.*, 252 F.Supp. at 930 (citing *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414-15 nn. 8-9 (1984).

"The nature of the defendant's contacts with the forum state will determine whether the court exercises general or specific jurisdiction over the defendant." *Id.* General jurisdiction is appropriate only where the defendant's activities in the forum state are "substantial" or "continuous and systematic," even if the cause of action is unrelated to those activities. *Helicopteros*, 466 U.S. at 413-414. Specific jurisdiction is established by a three-part test: "(1) the out of state defendant must have **purposefully** directed its activities toward residents of the forum state; (2) the cause of action must arise out of or result from the defendant's forum-related action; and (3) the forum's exercise of personal

jurisdiction must be reasonable." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F.Supp. 820, 824 (N.D. Cal. 1992) (emphasis added); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997).

       **B.    Defendants are Not Subject to Jurisdiction of this Court. The Complaint Must Therefore be Dismissed with Prejudice.**

None of the defendants have *any* contacts with the State of Arizona, and are none legally present in Arizona. *See* Exhs. 1 and 2; Section I.B., *supra*. This Court may not therefore exercise general jurisdiction over them. *Helicopteros*, 466 U.S. at 413-414.

Nor can this Court exercise specific jurisdiction over them. Plaintiff's sole bases for hauling each of the defendants into this Court is their responses to Plaintiff's letters, emails, and other correspondence. *See* First Amended Complaint (Docket # 12), ¶¶ 12, 18, 19. As the Ninth Circuit has made clear, "use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state." *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985) (citing *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1254 (9th Cir. 1980)). This is so because the "purposeful availment analysis turns upon whether the defendants' contacts are attributable to his own actions or solely to the actions of the plaintiff." *Tech. Witts*, 2007 WL 809856, at *5. Where, as here, the defendants did not *voluntarily* enter Arizona (either physically or electronically), and did not engage in any conduct that would allow or promote the transaction of business in this State, none of the defendants can be said to have purposefully availed themselves of the laws and benefits of this State such that the Court's exercise of jurisdiction would be reasonable. *Id.*; *see also Dexter Coal Co.*, 805 F.2d at 740.

The case of *Batton v. Tennessee Farmers Mutual Insurance Company*, 736 P.2d 2 (Ariz. 1987), is particularly instructive. In *Batton*, plaintiffs Robert and Linda Batton

-7-

PHX 328,197,166v1

sued their insurance company, defendant Tennessee Farmers Mutual Insurance Company, in Arizona for breach of contract and bad faith following a car accident that had occurred in Arizona. *Id*. at 3. The trial court dismissed the Battons' suit on the basis that the Arizona courts lacked personal jurisdiction over the Tennessee insurance company, and the court of appeals affirmed. *Id*.

The Battons argued to the Arizona Supreme Court that Tennessee Farmers was subject to personal jurisdiction in Arizona in part because it had a committed a tort in this State. *Id.*, at 7-8. Specifically, they argued that, when corresponding with their Arizona attorney, Tennessee Farmers engaged in a bad faith breach of the Battons' insurance contract, and could therefore be sued in Arizona. *Id*. at 8. Relying on United States Supreme Court and Ninth Circuit case law, the Arizona Supreme Court rejected the Battons' argument, because "[f]irst, and most important, Tennessee Farmers' correspondence with Batton's Arizona attorney, **even if tortious or actionable as a breach of contract**, is not a '**purposeful**' contact with Arizona." *Id*. (emphasis added) (citing *Calder v. Jones*, 465 U.S. 783 (1983)). "The requisite minimum contacts are not established when the *plaintiff's action* 'requires the defendant to send communications into th[e] forum.'" *Id*. (quoting *Hunt v. Erie Ins. Group*, 728 F.2d 1244, 1248 (9th Cir. 1984)) (alterations in original). The Arizona Supreme Court therefore upheld both the trial court and the court of appeals' decisions to dismiss Tennessee Farmers for lack of personal jurisdiction. *Id*.

The Arizona District Courts have similarly held that a defendant's response to plaintiff's conduct or correspondence is insufficient to confer personal jurisdiction over that defendant. In *Technical Witts, Inc. v. Skynet Electronic Co., Ltd.*, 2007 WL 809856 (D. Ariz. Mar. 12, 2007), Judge Murguia dismissed defendant Jim Liang for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. As in *Batton*, the *Technical Witts* plaintiff argued that Liang was subject to suit in Arizona

-8-

because he had corresponded with the plaintiff, who was an Arizona resident, via email and telephone, during which he had made certain representations that formed the basis of the suit. *Id.*, * 4. As in *Batton*, plaintiff's argument was soundly rejected because Liang had not voluntarily entered Arizona on his own accord. *Id.*, * 4-5. His emails and telephone calls responding to plaintiff's communications did not constitute sufficient affirmative conduct that would promote the transaction of business in this State such that Liang could have been found to purposefully avail himself of the benefits and privileges of Arizona. *Id.* (citing *Decker Coal*, 805 F.2d at 840; *Calder*, 465 U.S. at 789; and *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). The Court also held that Arizona was not "the focal point both of the story and of the harm suffered," and there was thus no basis upon which to hale Liang into court in Arizona. *Id.* (further noting that because plaintiff could not overcome the so-called first prong of the jurisdictional test – the requirement that the defendant purposefully avail himself of the forum State – the court did not have to consider whether Liang had minimal contacts with Arizona, or whether it would be reasonable to hale Liang into court in this State); *see also Erie*, 728 F.2d at 1248 ("[T]he mere unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state. … The mere fact that Erie communicated with Hunt in the state, and may have committed a tort in the exchange of correspondence, does not show that Erie purposefully availed itself of the privilege of conducting business in California.") (alterations in original) (internal citations omitted).

Here, as in *Batton* and *Technical Witts*, defendants Edalat, Menzies, and Veripak did not voluntarily enter this State, and did not otherwise purposefully avail themselves of the benefit of doing business in Arizona. Both Edalat and Menzies are California residents. *See* Exhs. 1, 2. Neither Edalat nor Menzies initiated contact with any person in Arizona with respect to this case, and neither Edalat nor Menzies traveled to Arizona in

connection with this case. Instead, and as Plaintiff admits in his First Amended Complaint, both merely responded to Plaintiff's correspondence from their home state of California. Moreover, and as Plaintiff implicitly admits in his First Amended Complaint, both Edalat's and Menzeis' responses to Plaintiff's communications dealt exclusively with California-related conduct. Specifically, Edalat's correspondence dealt with whether Veripak and Edalat were required to repay a debt to Diversified. *See* Exh. 1 to Plaintiff's First Amended Complaint. Diversified is a California resident and the alleged debt – to the extent it existed and was legal – was entered into in California. *Id*. The Note securing the alleged debt was also governed by California law. *Id*. Arizona was not only <u>not</u> the focal point of Edalat's correspondence, it had no part in the dispute between Edalat, Veripak, and Diversified. *Tech. Witts*, 2007 WL 809856, * 5.

Arizona similarly had no part in Menzies' February 1 email correspondence. Menzies, as corporate counsel for Veripak, responded to Plaintiff's complaint, which was filed in California (the "California action"). *See* Exhs. 6 and 7 to Plaintiff's First Amended Complaint. The California action related to the alleged Note between Veripak, Edalat, and Diversified – all of whom are California residents. *Id*. The February 1 email was also directed at Plaintiff's son, the younger Peter Strojnik, who was counsel of record for Diversified in the California action, and who was also a California resident. *Id*. Neither Edalat nor Menzies purposefully availed themselves of the benefits and protections of Arizona, and all defendants must be dismissed for lack of personal jurisdiction.

Even if Edalat and Menzies could have been said to have purposefully availed themselves of the benefits of this State, it would still be unreasonable for them to be haled into Court in this State. Neither are from Arizona, and neither could reasonably anticipate being haled into the courts of this State simply because they responded to Plaintiff's correspondence while they were both in California. To the extent Plaintiff has any claims

-10-

PHX 328,197,166v1

against any of the defendants, due process requires that the suit be brought in California – not Arizona.

### III. CONCLUSION.

None of the defendants have sufficient contacts with Arizona to warrant this Court's exercise of personal jurisdiction over them, and none of the defendants purposefully availed themselves of the privileges, benefits, and protections of this State. It would therefore be a violation of due process for this Court to exercise personal jurisdiction over them. Defendants Edalat, Menzies, and Veripak therefore respectfully request that the Court dismiss this case with prejudice pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and for such other relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 2nd day of May, 2008.

GREENBERG TRAURIG, LLP


By: /s/Kimberly A. Warshawsky
    Booker T. Evans, Jr.
    Kimberly A. Warshawsky
    Attorneys for Defendants

PHX 328,197,166v1

## CERTIFICATE OF SERVICE

☒ I hereby certify that on May 2, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, AZ  85012
Strojnik@aol.com
Attorney for Plaintiff

☐ I hereby certify that on May _____, 2008, I served the attached document by facsimile and United States mail on the following, who are not registered participants of the CM/ECF System:

By: /s/ Sue Cole
    Employee, Greenberg Traurig, LLP

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

-12-

PHX 328,197,166v1