**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Technical Witts, Inc., | ) | No. CV 04-2025-PHX-MHM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Skynet Electronic Co., Ltd., Skynet | ) | |
| Electronic Corp., Jim Liang, Jane Doe | ) | |
| Liang, John and Jane Does 1-30, XYZ | ) | |
| Corporation 1-30, ABC Partnerships 1-30, | ) | |
| and LMN Entities, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Presently pending before the Court is Defendants' Motion to Dismiss and Motion for More Definite Statement.  Plaintiff has filed a Response (Dkt. #33) and Defendants have filed a Reply (Dkt. #35).  The Court considers all the papers and issues the following Order.

BACKGROUND

Plaintiff Technical Witts, Inc., brought this lawsuit against Defendants Skynet Electronic Co., Ltd., a Taiwanese corporation ("Skynet Taiwan"), Skynet Electronic Corporation, a California corporation ("Skynet California"), and Jim Liang and his wife, Judia Liang, both of whom are Taiwanese citizens.  Plaintiff has alleged claims for patent infringement (Count I), inducement of patent infringement (Count II), contributory patent

1   infringement (Count III), fraud (Count IV), fraudulent inducement (Count V), and negligent

2   misrepresentation (Count VI), and injunctive relief (Count VII).

3       Plaintiff states that it holds all legal rights to the '329 Patent, which applies to systems

4   employing power converters adapted to provide zero-voltage switching ("soft switching")

5   at turn-on and turn-off transitions of the switches therein.  Plaintiff has alleged that

6   Defendants have engaged in, and may continue to engage in, the manufacture and sale of

7   power supplies that infringe on Plaintiff's'329 Patent.  Plaintiff claims that Defendants have

8   been aware of their infringing activity since either March 7, 2001 after Mr. Liang's

9   presentation at the 2001 Applied Power Electronics Conference in Anaheim, California, or

10  June 1, 2001 when Plaintiff's Chief Engineer, Ernest Wittenbreder traveled to Defendants'

11  Taiwan offices and informed Defendants of the infringement.

12      Plaintiff states that Mr. Liang, acting in his capacity as Chairman of the Board of

13  Skynet Taiwan, participated in a series of email and telephone correspondences with

14  Plaintiff.  In fact, Mr. Liang invited Mr. Wittenbreder by email to visit Defendants' office in

15  Taiwan.  Plaintiff asserts that Mr. Wittenbreder's invitation to Taiwan was under the guise

16  of formalizing a licensing agreement with Defendants' use of the '329 Patent.  Plaintiff

17  alleges, however, that after Mr. Wittenbreder arrived at Defendants' office, Mr. Liang

18  informed him that Defendants wished merely to establish a consulting relationship with

19  Plaintiff.  Plaintiff contends that Defendants coerced Plaintiff to make the trip to Taiwan

20  despite knowing that it did not intend to formalized a licensing agreement with Plaintiff.

21  Plaintiff claims resulting damages including lost man-hours and lost commercial

22  opportunities.

23      Defendants have filed a Motion to Dismiss based on Federal Rules of Civil Procedure

24  12(b)(2), 12(b)(6), and 9(b).  Specifically, Mr. Liang and Mrs. Liang move to dismiss based

25  on this Court's lack of personal jurisdiction.  Judia Liang also moves to dismiss all claims

26  against her for failure to state a claim upon which relief can be granted.  Furthermore, Judia

27  Liang, Jim Liang, Skynet Taiwan, and Skynet California move to dismiss Counts IV (fraud),

28  Cout V (fraudulent inducement), and Count VI (negligent misrepresentation) for failure to

1   plead with particularity.  Defendants also move to dismiss Counts IV, V, and VI for failure

2   to state a claim upon which relief can be granted.  In the alternative, Defendants move for

3   a more definite statement in Counts IV, V, and VI.

4                                    LEGAL STANDARD

5   I.       DISMISSAL FOR LACK OF PERSONAL JURISDICTION

6           A defendant may move to dismiss a cause of action pursuant to Rule 12(b)(2) of the

7   Federal Rules of Civil Procedure.  The plaintiff then bears the burden of demonstrating that

8   jurisdiction exists.  <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 800 (9th Cir.

9   2004). The plaintiff "need only demonstrate facts that if true would support jurisdiction over

10  the defendant." <u>Ballard v. Savage</u>, 65 F.3d 1495, 1498 (9th Cir. 1995); <u>Fields v. Sedgwick</u>

11  <u>Assoc. Risks, Ltd.</u>, 796 F.2d 299, 301 (9th Cir. 1986). Uncontroverted allegations in the

12  complaint must be taken as true. <u>AT & T v. Compagnie Bruxelles Lambert</u>, 94 F.3d 586, 588

13  (9th Cir. 1996).  However, the court may not assume the truth of such allegations if they are

14  contradicted by affidavit.  <u>Data Disc, Inc. v. Systems Technology Associates, Inc.</u>, 557 F.2d

15  1280, 1284 (9th Cir. 1977).

16  II.      DISMISSAL FOR FAILURE TO STATE A CLAIM

17          A motion to dismiss for failure to state a claim will be denied unless it is "clear that

18  no relief could be granted under any set of facts that could be proved consistent with the

19  allegations."  <u>Falkowski v. Imation Corp.</u>, 309 F.3d 1123, 1132 (9th Cir. 2002), <u>citing</u>

20  <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).  A

21  complaint must contain a "short and plain statement of the claim showing that the pleader is

22  entitled to relief." Fed.R.Civ.P. 8(a). "Each averment of a pleading shall be simple, concise,

23  and direct. No technical forms of pleading or motions are required." Fed.R.Civ.P. 8(e).  In

24  all averments of fraud or mistake, however, the circumstances constituting fraud or mistake

25  must be stated with particularity.  Fed.R.Civ.P. 9(b).  The allegations must be "specific

26  enough to give defendants notice of the particular misconduct which is alleged to constitute

27  the fraud charged so that they can defend against the charge and not just deny that they have

28  done anything wrong." <u>Semegen v. Weidner</u>, 780 F .2d 727, 731 (9th Cir. 1985).  These rules

1   "do not require a claimant to set out in detail the facts upon which he bases his claim. To the

2   contrary, all the Rules require is 'a short and plain statement of the claim' that will give the

3   defendant fair notice of what the plaintiff's claim is and the grounds on which it rests."

4   Conley v. Gibson, 355 U.S. 41, 47 (1957).

5                                   DISCUSSION

6   I.    PERSONAL JURISDICTION OVER THE LIANG DEFENDANTS

7         There are two independent limitations on a court's power to exercise personal

8   jurisdiction over a non-resident defendant: the applicable state's personal jurisdiction rule and

9   constitutional principles of due process. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir.

10  1990); Data Disc, 557 F.2d at 1286.  Arizona's long-arm statute provides for personal

11  jurisdiction to the extent permitted by the Due Process Clause of the United States

12  Constitution. Ariz. R. Civ. P. 4.2(a); see also Uberti v. Leonardo, 181 Ariz. 565, 569, 892

13  P.2d 1354, 1358, cert. denied, 516 U.S. 906 (1995) (stating that under Rule 4.2(a), "Arizona

14  will exert personal jurisdiction over a nonresident litigant to the maximum extent allowed by

15  the federal constitution").

16        The exercise of jurisdiction over a non-resident defendant violates the protections

17  created by the due process clause unless the defendant has "minimum contacts" with the

18  forum State "he should reasonably anticipate being haled into court there."  Burger King

19  Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).  Personal jurisdiction may be either general

20  or specific.  Panavision International, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1990).

21        General jurisdiction exists where the defendant's contacts with the forum State are so

22  substantial or continuous and systematic that jurisdiction exists even if the cause of action

23  is unrelated to those contacts.  Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d

24  1082, 1086 (9th Cir. 2000). The standard for establishing general jurisdiction is "fairly high."

25  Id.; Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986).  The defendant's contacts

26  must approximate physical presence in the forum State.  Schwarzenegger, 374 F.3d at 801.

27  Factors considered in evaluating the extent of contacts include whether the defendant makes

28  sales, solicits or engages in business, designates an agent for service of process, holds a

- 4 -

1   license, or is incorporated in the forum State. <u>Bancroft & Masters</u>, 223 F.3d at 1086.  Here,

2   there is no evidence to indicate that either Mr. or Mrs. Liang have had substantial or

3   continuous and systematic contacts with Arizona to warrant a finding of general jurisdiction.

4          Specific jurisdiction exists where the cause of action arises out of or relates to the

5   defendant's activities within the forum. <u>Data Disc</u>, 557 F.2d at 1286.  Specific jurisdiction

6   is analyzed using a three-prong test: (1) the non-resident defendant must purposefully direct

7   its activities or consummate some transaction with the forum or a resident thereof; or perform

8   some act by which it purposefully avails itself of the privilege of conducting activities in the

9   forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one

10  which arises out of or results from the defendant's forum-related activities; and (3) the

11  exercise of jurisdiction must be reasonable.  <u>Lake v. Lake</u>, 817 F.2d 1416, 1421 (9th Cir.

12  1987).  Each of these conditions is required for asserting jurisdiction. <u>Insur. Co. of N. Am.</u>

13  <u>v. Marina Salina Cruz</u>, 649 F.2d 1266, 1270 (9th Cir. 1981).

14         The requirement of purposeful availment ensures that the defendant should reasonably

15  anticipate being haled into the forum State court based on his contacts.  <u>World-Wide</u>

16  <u>Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980).  The Ninth Circuit typically treats

17  "purposeful availment" somewhat differently in tort cases versus contract cases.  <u>Dole Food</u>

18  <u>Co., Inc. v. Watts</u>, 303 F.3d 1104, 1111 (9th Cir. 2002).  Tort cases are examined to determine

19  whether a defendant *purposefully directed* his activities at the forum State.  <u>Id.</u>  The analysis

20  applies an "effects" test that focuses on the forum in which the defendant's actions were felt,

21  whether or not the actions themselves occurred within the forum. <u>See</u> <u>Schwarzenegger</u>, 374

22  F.3d at 803 (<u>citing</u> <u>Calder v. Jones</u>, 465 U.S. 783, 789-90, 104 S.Ct. 1482, 79 L.Ed.2d 804

23  (1984)).  A showing that a defendant purposefully directed his conduct toward a forum State

24  usually consists of evidence of the defendant's actions outside the forum State that are

25  directed at the forum, such as the distribution in the forum State of goods originating

26  elsewhere.  <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770, 774-75, 104 S.Ct. 1473, 79

27  L.Ed.2d 790 (1984) (finding purposeful direction where defendant published magazines in

28  Ohio and circulated them in the forum State, New Hampshire); <u>see also</u> <u>World-Wide</u>

- 5 -

1  Volkswagen, 444 U.S. at 297-98 (noting that a "forum State does not exceed its powers

2  under the Due Process Clause if it asserts personal jurisdiction over a corporation that

3  delivers its products into the stream of commerce with the expectation that they will be

4  purchased by consumers in the forum State").

5       The second factor requires that the claim arise out of or result from the defendant's

6  forum-related activities.  A claim arises out of a defendant's conduct if the claim would not

7  have arisen "but for" the defendant's forum-related contacts.  Panavision, 141 F.3d at 1322.

8       Once the plaintiff has satisfied the first two factors, the defendant bears the burden of

9  overcoming a presumption that jurisdiction is reasonable by presenting a compelling case

10  that specific jurisdiction would be unreasonable.    Burger King, 471 U.S. at 472-73.  The

11  exercise of jurisdiction must not offend "traditional notions of fair play and substantial

12  justice."  International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Several factors

13  are considered in assessing whether the exercise of jurisdiction over a non-resident is

14  reasonable. World-Wide Volkswagen, 444 U.S., at 292.  The factors to consider include the

15  following: the burden on the defendant; the interests of the forum State; the plaintiff's interest

16  in obtaining relief; the judicial system's interest in obtaining an efficient resolution; and the

17  shared interest of the several States in furthering fundamental substantive social policies.  Id.

18       With regard to Plaintiff's patent claims, Federal Circuit law applies.    Amana

19  Refrigeration Inc. v. Quadlux, Inc., 172 F.3d 852, 856 (Fed. Cir. 1999).  To determine

20  specific personal jurisdiction over an out-of-State defendant under the Federal Circuit, the

21  Court must look to whether (1) the defendant purposefully directed its activities at residents

22  of the forum State, (2) the claim arises out of or relates to the defendant's activities with the

23  forum State, and (3) assertion of personal jurisdiction is reasonable and fair.  Inamed Corp.

24  v. Kuzmak, 249 F.3d, 1356, 1360 (Fed. Cir. 2001) (citing Akro Corp. v. Luker, 45 F.3d 1541,

25  1545 (Fed. Cir. 1995)).  The first two factors correlate to the "minimum contacts" prong of

26  the International Shoe analysis.  Id.  (citing Akro, 45 F.3d at 1545).  The third factor

27  correlates to the "fair play and substantial justice" prong. Id. (citing Akro, 45 F.3d at 1545).

28

- 6 -

1   The plaintiff bears the burden of establishing minimum contacts; then defendants must prove

2   that it would be unreasonable to exercise jurisdiction.  Id.  (citing Akro, 45 F.3d at 1546).

3        Plaintiff argues that it has made a prima facie case that this Court has specific

4   jurisdiction over Jim Liang and Judia Liang.  Both Mr. and Mrs. Liang disagree and

5   maintain that they have not purposefully availed themselves of the privilege of conducting

6   activities within Arizona, nor have they invoked any benefits and protections of Arizona law,

7   and therefore they do not have sufficient minimum contacts with Arizona for this Court to

8   exercise jurisdiction over them.

9   A.    PERSONAL JURISDICTION OVER JIM LIANG

10       Plaintiff contends that this Court has jurisdiction over Jim Liang because Mr. Liang

11  corresponded with Plaintiff, who was in Arizona, via email and telephone.  Plaintiff asserts

12  that during these telephone calls Mr. Liang made representations purporting to negotiate a

13  license agreement with Plaintiff and that Mr. Liang, via email, invited Plaintiff's Chief

14  Engineer, Mr. Wittenbreder, to travel to Taiwan.  Plaintiff cites Yahoo! Inc. v. La Ligue

15  Contre Le Racisme Et L'Antisemitisme, 379 F.3d 1120, 1133 (9th Cir. 2004) to assert that a

16  court should consider such things as telephone and mail contacts directed into the forum

17  State addressing a licensing agreement should be considered when deciding purposeful

18  availment.  However, Plaintiff cites to the dissenting opinion in the 2004 Yahoo! case that

19  has been vacated.  See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 399

20  F.3d 1010 (9th Cir. 2005).  Nevertheless, upon rehearing the Ninth Circuit found that three

21  contacts with the forum State ((i) a cease and desist letter; (ii) serving service of process in

22  the forum State; and (iii) two interim orders directing action in the forum State) was enough

23  for the court to assert personal jurisdiction over a non-resident, foreign defendant.  Yahoo!

24  Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1208-1211 (9th Cir.

25  2005).  The result in the rehearing of Yahoo! is distinguishable from this case because there,

26  the defendant initiated multiple and varied contacts with the forum State, including obtaining

27  two interim orders directing Yahoo! to take action in California, with substantial penalty if

28

- 7 -

1  Yahoo! did not take action. Id. at 1209. In the instant case, Mr. Liang simply responded to

2  emails and telephone calls to Plaintiff who happened to be in Arizona.

3      Mr. Liang cites Peterson v. Kennedy, 771 F.2d 1244, 1262 (9th Cir. 1985) to assert that

4  an exchange of telephone calls and letters is not enough for the court to find personal

5  jurisdiction over him. Mr. Liang also asserts that he did not enter into the forum State in

6  search of business here, nor did he conduct activities in the forum State to invoke the benefits

7  and protections of Arizona laws.

8      Mr. Liang did not voluntarily enter Arizona on his own accord either physically or

9  electronically. Nor has Mr. Liang intentionally directed his actions toward the State in a way

10 that would lend to a reasonable expectation of being haled into court here. In fact, when

11 Plaintiff contacted Defendants, Mr. Liang invited Plaintiff to discuss business possibilities

12 by Plaintiff visiting Defendants' office in Taiwan. Mr. Liang did not volunteer to visit, nor

13 did he visit, Arizona for the discussions. As Defendant asserted, the Ninth Circuit has found

14 that "[p]urposeful availment analysis turns upon whether the defendant's contacts are

15 attributable to his own actions or solely to the actions of the plaintiff." Decker Coal Co. v.

16 Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986). As stated above, Defendants'

17 emails and telephone calls were conducted in response to communications initiated by

18 Plaintiff. Furthermore, the Supreme Court has found that the forum State must be "the focal

19 point both of the story and of the harm suffered." Calder, 465 U.S. at 789. Here, Plaintiff

20 may assert that it suffered harm in Arizona but Arizona is not the focal point of both the story

21 and the harm that Plaintiff asserts. The Court also notes that the emails and telephone calls

22 between the parties did not result in any sort of continuous business agreement nor the

23 formation of a contract.

24     The Court finds that Mr. Liang did not reach out to Arizona to contact Plaintiff.

25 Defendant's acts include responding to emails and telephone calls initiated by Plaintiff, who

26 was in Arizona. During the course of their email correspondences, Mr. Liang invited Mr.

27 Wittenbreder to travel to Taiwan for a meeting. However, at no time did Mr. Liang

28 purposefully avail himself nor purposefully direct his activities toward Arizona, thereby

- 8 -

1    invoking the benefits of Arizona laws.  Nor did Mr. Liang enter into any sort of contract or

2    business deal with any person or company in Arizona.

3            Purposeful availment requires a finding that the defendant performed some type of

4    affirmative conduct which allows or promotes the transaction of business within the forum

5    State.  Doe v. Unocal Corp., 248 F.3d 915, 923 (9th Cir.2001).  The Court finds that Plaintiff

6    has not proven that Mr. Liang purposefully availed himself of the laws and benefits of

7    Arizona's law for either the tort-based fraud claims or the patent infringement claims.  Thus,

8    Mr. Liang should not reasonably anticipate being haled into court here.

9            Since the Court finds that Plaintiff has not proven the first prong of the test – that Mr.

10   Liang has purposefully availed himself of the laws of Arizona – it does not consider whether

11   the claims against Mr. Liang arise out of whatever minimal contacts he may have had with

12   Arizona nor whether it would be reasonable to hale Mr. Liang into court here.  Instead, the

13   Court finds that it would be inappropriate to find that it has personal jurisdiction over Mr.

14   Liang.

15   B.    PERSONAL JURISDICTION OVER JUDIA LIANG

16           Judia Liang contends that the Court lacks personal jurisdiction over her.  She asserts

17   that she lives thousands of miles away and is a citizen of Taiwan.  Mrs. Liang has been

18   physically present in Arizona only once for a period of less than one day in 2004, and the

19   present claims against her do not arise out of that visit.  Mrs. Liang asserts that she is named

20   in the present lawsuit merely because she is married to Mr. Liang.  Plaintiff does not contest

21   her assertion.  In fact, Plaintiff argues that the reason it named Mrs. Liang is because Arizona

22   is a community property State, thereby requiring naming Mrs. Liang in order to reach any

23   community property she owns with Mr. Liang.  However, for the Court to exercise personal

24   jurisdiction over Mrs. Liang, it must find that she has purposefully availed herself of the laws

25   of Arizona.  Calder, 465 U.S. at 790.  The Court finds no evidence that Mrs. Liang has

26   purposefully availed herself of the laws of this State.  Therefore, the Court finds that it would

27   be inappropriate to exercise personal jurisdiction over Mrs. Liang.  Furthermore, because the

28

1    Court lacks personal jurisdiction over Mrs. Liang, it grants the Motion to Dismiss all claims

2    against her.

3    II.    PLEADING FRAUD

4    　　　Under FRCP 9(b), fraud must be pleaded with particularity as to the circumstances

5    of fraud, such as time, place, persons, false statements, and why those statements are false.

6    In re GlenFed Inc. Sec. Litig., 42 F.3d 1541, 1548 n. 7 (9th Cir. 1994).  Mere allegations that

7    the defendants' actions were "fraudulent" are insufficient.  Hall v. Romero, 141 Ariz. 120,

8    124, 685 P.2d 757, 761 (Ct.App.1984).  A complaint fails to state an actionable claim unless

9    all of the following elements have been alleged with particularity: (1) a representation, (2)

10   its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its

11   truth, (5) his intent that it should be acted upon by the person and in the manner reasonably

12   contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right

13   to rely thereon, (9) his consequent and proximate injury.  Nielson v. Flashberg, 101 Ariz.

14   335, 338-39, 419 P.2d 514, 517-18 (1966).

15   　　　Defendants contend that Plaintiff's Complaint fails to allege sufficient particularity.

16   Defendant claims that the Complaint fails to set forth details as to what statements were false

17   or misleading, when the statements were made, how Plaintiff knew they were false.

18   Defendants also assert that Plaintiff must provide "contemporaneous statements or

19   information" to suggest that Dependants' statements were false or misleading when made.

20   Yourish v. California Amplifier, 191 F.3d 983, 993 (9th Cir. 1999).

21   　　　Plaintiff asserts that it has pled fraud with sufficient particularity.  Specifically,

22   Plaintiff states that Mr. Liang, acting in his capacity as Chairman of the Board of Skynet

23   Taiwan, made fraudulent statements in or around May 2001 when he invited Mr.

24   Mittenbreder to travel to Defendant's facility in Taiwan for the purpose of formalizing a

25   licensing agreement.  (Pl.'s 1st Amend. Compl. ¶ 92.)  Plaintiff further asserts that upon Mr.

26   Wittenbreder's arrival, Mr. Liang refused to formalize a licensing agreement.  (Pl.'s 1st

27   Amend. Compl. ¶ 95.)  Instead, Mr. Wittenbreader stated that he never had any intention of

28   securing a licensing agreement, but rather wanted Mr. Wittenbreader to enter into a

- 10 -

1   consulting relationship with Skynet Taiwan. <u>Id.</u> Plaintiff alleges that "[u]pon information

2   and belief, [Mr.] Liang intended to bring Mr. Wittenbreder to the Taiwan site to obtain a

3   consulting agreement with Mr. Wittenbreder in lieu of a licensing agreement." (Pl.'s 1st

4   Amend. Compl. ¶ 96.) Plaintiff asserts that he relied on Mr. Liang's representation that the

5   reason for Mr. Wittenbreder's trip to Taiwan was to formalize a licensing agreement with

6   Defendant. (Pl.'s 1st Amend. Compl. ¶ 94.) Moreover, Pliantiff asserts that Mr. Liang sought

7   to obstruct and complicate prospective determinations of ownership of intellectual property

8   developed under a consulting agreement with the patent rights already owned by Plaintiff.

9   (Pl. 1st Amend. Compl. ¶ 97.) Furthermore, Plaintiff alleges that it suffered damages

10  including lost man-hours and lost commercial opportunities because of Mr. Wittenbreder's

11  futile trip to Taiwan. (Pl. 1st Amend. Compl. ¶ 99.)

12          As required by Rule 9(b), Plaintiff has pled the time, place, person, false statement

13  and the reason the statements were false. Plaintiff's Complaint provides that Defendant

14  Skynet Taiwan misrepresented Mr. Wittenbreder's trip to Taiwan, that Mr. Liang knew of the

15  falsity, that Mr. Liang intended to induce Mr. Wittenbreder to rely on his misrepresentation,

16  that Mr. Wittenbreder did, in fact, rely on Mr. Liang's misrepresentation, and that Plaintiff

17  suffered resulting damages. <u>Engalla</u>, 15 Cal.4th at 974. Thus, the Court finds that Plaintiff

18  has pled fraud with sufficient particularity to overcome a Motion to Dismiss. Therefore, the

19  Court denies Defendants' Motion to Dismiss Counts IV - VI for Failure to State Claims Upon

20  Which Relief Can be Granted. Furthermore, the Court denies Defendant's request for a more

21  definite statement of Courts IV - VI.

22  IV.    RESPONSIVE PLEADINGS

23          The Court considers Plaintiff's assertion that Skynet Taiwan and Skynet California

24  have not properly filed any responsive pleading. Defendant contends that all Defendants

25  have responded when they asked the Court to dismiss Counts IV - VI. Plaintiff asserts that

26  Counts IV - VI were only asserted against Mr. Liang. However, all three Counts incorporate

27  by reference all allegations contained in the previous paragraphs. Paragraph 92 states that

28  Mr. Liang acted "on behalf of Defendant Skynet" when it invited Mr. Wittenbreder to travel

to Taiwan.    Since Plaintiff has incorporated Paragraph 92 by reference and because Paragraph 92 describes action specifically relevant to Counts IV - VI, the Court finds that Plaintiff asserted Counts IV - VI against Skynet Taiwan.    Defendant states that Skynet California is not a subsidiary of Skynet Taiwan, but rather is an independent corporate entity over which Skynet Taiwan has no ownership interest.    The Court agrees with Plaintiff that Skynet California has not filed a responsive pleading.    However, the Court finds no record that Skynet California has received service of process.

## CONCLUSION

**IT IS ORDERED**, that the Court grants in part and denies in part Defendants' Motion to Dismiss (Dkt. #20) in accordance with this Order.

**IT IS FURTHER ORDERED** that the Court grants Plaintiff's Stipulated Motion to Extend Time to Respond to Defendant's Motion to Dismiss (Dkt. #29).

**IT IS FURTHER ORDERED** that Plaintiff shall show cause why the Court should not dismiss the case as to Defendant Skynet California for lack of service of process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.    Plaintiff shall show cause by March 30, 2007.

DATED this 12th day of March, 2007.

_____
Mary H. Murguia
United States District Judge

- 12 -