**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Booker T. Evans, Jr., SBN 009970, evansbt@gtlaw.com
Kimberly A. Warshawsky, SBN 022083, warshawskyk@gtlaw.com
Laura E. Sixkiller, SBN 022014, sixkillerl@gtlaw.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, a married man dealing with his sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL EDALAT a/k/a/ PAUL P. EDALAT and JANE DOE EDALAT, husband and wife; VERIPAK CORPORATION, a Delaware Corporation; CHARLES MENZIES and JANE DOE MENZIES, his wife,<br><br>Defendants. | Case No. 08-CV-00344-MHB<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2), FED.R.CIV.P.**<br><br>**AND**<br><br>**RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927**<br><br>(Oral Argument Requested)<br><br>(Assigned to the Hon. Michele H. Burns) |

## INTRODUCTION

Plaintiff, Peter Strojnik ("Strojnik"), filed his First Amended Complaint on April 20, 2008, alleging extortion and civil conspiracy against Defendants Paul Edalat ("Edalat;), Veripak Corporation ("Veripak") and Charles Menzies ("Menzies"). Following service of the Amended Complaint, Defendants filed a Motion to Dismiss for want of personal jurisdiction, citing Rule 12(b)(2), Federal Rules of Civil Procedure. The basis for Plaintiff's Complaint

appears to be his allegation that the Defendants committed torts against him when they responded to written communications he directed to them.

A brief summary of the underlying facts reveal that Defendants have no contacts in Arizona and have not availed themselves of the privileges associated with doing business in Arizona. Defendants have provided affidavits in support of the fact that they have no contacts with Arizona. If only one side of the conflict is supported by affidavits, the Court's task is relatively simple because it may not assume the truth of the allegations in a pleading which is contradicted by affidavit. *See Data Disc, Inc. v. Systems Tech. Associates*, 557 F.2d 1280, 1284 (9th Cir. 1977).

The Plaintiff submitted correspondence to the Defendants. Defendants did not initiate any of the communications sent by Strojnik. As a result, this case turns on whether email responses from Edalat and Menzies to Strojnik's multiple communications about Veripak's failure to make payments on a promissory note to Strojnik's client, Diversified Global Investments, LLC, constitutes "purposeful availment" of the laws of Arizona, allowing this Court to exercise jurisdiction over them. Defendants think not.

## **JURISDICTION**

Plaintiff's response cites *Cummings v. Western Trial Lawyers Association*, No. Civ. 00-0086-PHX-ROS, a District Court opinion by Judge Roslyn O. Silver, in support of his claim that Defendants purposely injected themselves into Arizona's affairs. The facts of *Cummings* can not support this conclusion. In *Cummings,* the defendants were not responding to the plaintiff, but in fact initiated activity by directing letters into Arizona that the court found attacked the plaintiff and ultimately prevented her from working. The letters were not directed to the plaintiff but were in fact directed and distributed to as many as fifty members of the organization, many of whom resided in Arizona.

Here, Defendants merely responded to communications initiated by Strojnik that were directed to Edalat and Veripak in California. Their responses were done only by way of

email and were directed to Plaintiff at the email address he provided for receipt of responses. In other words, he invited the response.

*Peterson* applies here. The email correspondence sent by Defendants to Strojnik in Arizona does no more than respond to his letters. Hence, responses to Plaintiff's communications can not be said to meet the "purposeful availment" test set forth in *Peterson*. *See Peterson v. Kennedy*, 771 F.2d 1244 (9th Cir. 1985). Like *Peterson*, the only contact these Defendants had with Arizona, the forum state, consists of emails. Plaintiff offers no affidavits or other evidence that Defendants had any other contact with Arizona or otherwise sought privileges and protections under Arizona law. Therefore, insofar as jurisdiction is concerned, the uncontradicted affidavits of Defendants must be accepted. *Data Disc, Inc. v. Systems Tech. Associates*, 557 F.2d at 1285.

In *Cummings*, Judge Silver found a distinction between allegations in tort and those in contract. The key factor where torts are alleged, is that the defendants must have engaged in conduct aimed at, and having effect in, the situs state. *Panavision Int'l., L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998). The Defendants in the instant case did not "aim their conduct" at Arizona as was the case in *Cummings*. These Defendants merely responded to correspondence directed to them which provided them with an email address that happened to be located in Arizona.

Strojnik would have this Court make an extraordinary finding. A holding in favor of Strojnik's position would allow that any testy exchange between parties by email could result in jurisdiction being had wherever that email is received. Extending his theory to its ultimate end, it could be argued that emails received by way of Blackberry or other PDA-type devices while traveling could subject the sender to jurisdiction (1) where the server is located; (2) where the recipient happens to be at the time the email is received; or (3) where any computer to which the device is connected is located. Such was not the intent of Judge Silver

-3-

in *Cummings*. Therefore, even applying the "effects test," jurisdiction over Edalat, Veripak and Menzies can not be had.

### STROJNIK'S CHARACTERIZATION OF DEFENDANTS' MOTION

Strojnik urges the Court to find that Defendants' Motion to Dismiss is somehow a motion for rehearing. His argument ignores the fact that he filed and served an Amended Complaint attempting to establish a new factual basis for claims of extortion and civil conspiracy against these Defendants. By rule, Defendants were required to serve an answer or other responsive pleading within ten days following service of the amended pleading, unless the Court ordered otherwise. *See* Rule 15, Federal Rules of Civil Procedure.

Rule 15 does not require an answer but states:

> "A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten days after service of the amended pleading …"

In the matter before this Court, Defendants, consistent with the rule, filed their response to Strojnik's Amended Complaint timely by way of their Motion to Dismiss pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure. The pleading is not a motion for reconsideration or rehearing. It attacks claims made in Strojnik's Amended Complaint in which facts were set forth attempting to establish jurisdiction over all three Defendants for claims of extortion and civil conspiracy. There is no basis for sanctions or other penalties with regard to the style or manner in which Defendants' Motion was brought.

### RESPONSE TO MOTION FOR SANCTIONS

Strojnik's request for sanctions is self-defeating. He cites, *Wages v. IRS*, 915 F.2d 1230, 1235-1236 (9th Cir. 1990), which requires a finding of bad faith before sanctions can be imposed. The basis for "bad faith" is set forth in Rule 11, Federal Rules of Civil Procedure. To initiate an action under this rule, a party must prepare and serve a motion as provided in Rule 5, but shall not file the motion or present it to the court unless, within 21 days, the questioned pleading is not withdrawn or corrected.

Here there is no basis for Strojnik's motion. Rule 11 is violated when there is no reasonable inquiry into the basis for a pleading or motion, there is no chance for success under existing precedent and there is no reasonable argument to extend, modify or reverse the controlling law. *See Wolfinger v. Cheche*, 206 Ariz. 504, 80 P.3d 783 (App. 2003). Further, allegations of factual or legal insufficiency should not be handled under Rule 11, but by motion to dismiss, to strike, for the more definite statement or for summary judgment. *See Advisory Committee Note* to Amended Rule 11, 97 F.R.D. 165, 198 (1983).

To merit sanctions, there must be no chance of success under existing precedent. *Smith v. Lucia*, 173 Ariz. 290, 297, 842 P.2d 1303, 1310 (App. 1992). Here, there is both a legal and factual basis for the court to find for Defendants. In other words, there is a chance for success, which defeats any claim that Strojnik can make for sanctions.

## CONCLUSION

The exercise of jurisdiction over a non-resident defendant violates the protections created by the due process clause, unless a defendant has "minimum contacts" with the forum state such that he should reasonably anticipate being hailed into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Personal jurisdiction may be either general or specific. General jurisdiction exists where the defendant's contacts with the forum state are so substantial or continuous and systematic that jurisdiction exists even if the cause of action is unrelated to those contacts. *See Bancroft and Masters, Inc. v. Augusta National, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

Specific jurisdiction exists where the cause of action arises out of or relates to the defendant's activities within the forum state. *Data Disc, Inc.*, 557 F.2d at 1286. Specific jurisdiction requires a three-prong test: (1) the non-resident defendant must purposefully direct its activities or consummate some transaction with the forum state or a resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities of the forum, thereby invoking the benefits and protection of its laws; (2) the claim

-5-

must be one which arises out of or results from the defendants forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). Each of these conditions is required for asserting jurisdiction.

By the very order of the statement of the three-prong test, the non-resident defendant is required to initiate some conduct or engage in some transaction within the forum seeking to impose jurisdiction. In the case before this Court, the Defendants' acts were all responsive.

In *Technical Witts, Inc. v. Skynet Electronic Company, Ltd.*, No. Civ. 04-2025-PHX-MHM, the District Court found that Jim Liang's correspondence with plaintiff, who was in Arizona, via email and telephone, did not meet the first prong of the test. Plaintiff did not prove that "Mr. Liang purposefully availed himself of the laws and benefits of Arizona's law for either the tort-based fraud claims or the patent infringement claims." Thus, Mr. Liang should not reasonably anticipate being hailed into court in Arizona. The case at bar is similar. Like Mr. Liang, in *Technical Witts*, the Defendants did not voluntarily enter Arizona either physically or electronically. They did not direct their actions toward the State in a way that would lend to a reasonable expectation of being hailed into court here. In fact, Strojnik initiated contact with these Defendants and invited them to correspond with him to either resolve or contest a debt that he alleged was owed to his client. The Ninth Circuit has held that "purposeful availment analysis turns upon whether defendant's contacts are attributable to his own actions or solely to the actions of the plaintiff." *See Decker Coal Company v. Commonwealth Edison Company*, 805 F.2d 834, 840 (9th Cir. 1986).

As stated throughout this pleading, Defendants' emails were sent in response to communications initiated by Strojnik. The emails did not result in any settlement agreement, contract or business deal. Purposeful availment requires a finding that the defendant performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state. *See Technical Witts, Inc. v. Skynet Electronic Company, Ltd.* at page 9, citing *Doe v. Unical Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). There are no facts or

-6-

evidence presented to this Court that establishes that any of the Defendants purposefully availed of themselves of the laws and benefits of Arizona's law for purposes of the claim brought by Strojnik. Therefore, it is inappropriate for this Court to exercise personal jurisdiction over any of the Defendants named in Strojnik's lawsuit.

DATED this 23rd day of May, 2008.

                GREENBERG TRAURIG, LLP

                By: /s/ Booker T. Evans, Jr.
                    Booker T. Evans, Jr.
                    Kimberly A. Warshawsky
                    Laura E. Sixkiller
                    Attorneys for Defendants Edalat, Veripak and Menzies

**CERTIFICATE OF SERVICE**

☒  I hereby certify that on May 23, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, AZ  85012
Strojnik@aol.com
Attorney for Plaintiff

☐  I hereby certify that on _____, 2008, I served the attached document by facsimile and United States mail on the following, who are not registered participants of the CM/ECF System:

By: /s/ Sue Cole
Employee, Greenberg Traurig, LLP