1

Peter Strojnik, Arizona Bar No. 6464
THE LAW FIRM OF PETER STROJNIK

2

3030 North Central Avenue, Suite 1401

3

Phoenix, Arizona 85012
Telephone: 602-524-6602

4

Facsimile: 602-296-0135
E-mail: Strojnik@aol.com

5

Attorney for Plaintiff

6

7

**IN THE UNITED STATES DISTRICT COURT**

8

**FOR THE DISTRICT OF ARIZONA**

) Case No. 08-CV-00344-MHB

9

)
)

10

PETER   STROJNIK,   a   married   man )
dealing with his sole and separate claim, )

**MOTION FOR SANCTIONS PURSUANT
TO Fed.R.Civ.P 11(b)(1)(2)**

11

)

12

Plaintiff, )
)

(Oral Argument Requested)

13

vs. )
)

14

PAUL EDALAT a/k/a PAUL P. EDALAT )
and JANE DOE EDALAT, husband and )

15

wife; VERIPAK CORPORATION, a )

16

Delaware Corporation; CHARLES )
MENZIES and JANE DOE MENZIES, his )

17

wife, )
)

18

Defendants. )
)

19

20

Plaintiff seeks sanctions against Defendants and their counsel for filing Defendants'

21

Motion To Dismiss Plaintiff's First Amended Complaint For Lack Of Personal Jurisdiction

22

Pursuant To Rule 12(B )(2) ("Second Motion to Dismiss").  Defendants' Second Motion to

23

Dismiss violates the provisions of Fed.R.Civ.P. 11(b)(1) and (2) in all of the following respects:

24

25

(1) It is presented for an improper purpose, such as to harass, cause unnecessary
delay, or needlessly increase the cost of litigation; and

1

2

(2) The legal contentions are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

3

4

This Motion is more fully supported by the following Memorandum of Points and Authorities that is by this reference incorporated herein.

5

6

**MEMORANDUM OF POINTS AND AUTHORITIES**

7

8

Defendants file their Second Motion to Dismiss on precisely the same grounds and for

9

precisely the same reasons they brought in their First Motion to Dismiss. Defendants' First

10

Motion to Dismiss was denied following clear and coherent reasoning expressed in the Court

11

Order dated April 17, 2008 (doc 11). The Second Motion does not point out with specificity the

12

matters that Defendants believe were overlooked or misapprehended by the Court in its Order;

13

they do not offer any new factual matters not considered previously; they do not explain why

14

any such new matters were not brought before the Court previously; and they do not seek any

15

specific modifications of the previously entered Order. The Second Motion does not address

16

the law of the case doctrine. (Legal determinations are properly regarded as law of the case

17

governing the same issue in the same case.)  The Second Motion is no more than an attempt to

18

circumvent the requirements of Local Rule 7.2 (g).   The Second Motion to Dismiss

19

unnecessarily multiplies this proceeding.  It is designed in its entirety to cause Plaintiff loss of

20

21

attorney time.  The Second Motion to Dismiss is presented for an improper purpose, to harass,

22

cause unnecessary delay, or needlessly increase the cost of litigation.  Additionally, the legal

23

24

contentions are not warranted by existing law or by a nonfrivolous argument for extending,

25

modifying, or reversing existing law or for establishing new law.

1  ***Defendants' Motion Is the Second Motion to Dismiss Pursuant To Rule 12(b) (2)***

2       Defendants' present Motion to Dismiss is Defendants' second bite at the same apple.

3
4  Their first Motion to Dismiss (doc 6) was met with the Order (doc 11) which explained, in clear

5  and unambiguous language:

6       In Calder v. Jones, the Supreme Court held that personal jurisdiction can be based
   upon: (1) intentional actions (2) expressly aimed at the forum state (3) causing
7  harm, the brunt of which is suffered, and which the defendant knows is likely to be
   suffered, in the forum state. 465 U.S. 783, 788-90 (1984); see Core-Vent Corp.
8  AB v. Nobel Indus., 11 F.3d 1482, 1486 (9th Cir. 1993); Travelers Cas. & Sur. Co.
   of Am., 252 F.Supp.2d at 930. In a tort action, the Ninth Circuit has held that
9  "jurisdiction may attach if an out-of-forum defendant merely engages in conduct
   aimed at, and having an effect in, the situs state." Ziegler v. Indian River County,
10  64 F.3d 470, 473 (9th Cir. 1995).

11
        Plaintiff has alleged sufficient facts in his Complaint to support personal
12  jurisdiction over Defendants Edalat and Veripak. The January 7, 2008 e-mail was
   clearly directed to Plaintiff, and was sent in response to a letter mailed by Plaintiff
13  to Defendants Edalat and Veripak, which contained Plaintiff's address in Arizona
   and e-mail address. (Doc. #1, Exhs. 2, 3, 4.) Defendants' conduct was therefore
14  "aimed at," and had an effect, in Arizona. Count One of Plaintiff's Complaint
   against Defendants Edalat and Veripak, therefore, sets forth sufficient allegations
15  of personal jurisdiction.

16
        Plaintiff does not, however, allege sufficient facts to establish personal jurisdiction
17  over Defendant Menzies. His Complaint includes the text of the February 1, 2008
   e-mail, but does not include anywhere within his Complaint an allegation that the
18  e-mail was sent to Plaintiff in Arizona, or an allegation that Menzies had
   knowledge of Plaintiff's location.
19

20       On April 20, 2008, Plaintiff filed his First Amended Complaint (doc 12) which,

21  complying with the Order, showed that Defendant Menzies had knowledge of Plaintiff's

22  location and forwarded the offensive e-mails to Plaintiff in Arizona.

23

24

25

### *The Court Order (doc 12) is the Law of the Case*

Legal determinations are properly regarded as law of the case governing the same issue in the same case. *Christianson v. Colt Industries Operating Corp*., 486 U.S. 800, 817 (1988); *Arizona v. California*, 460 U.S. 605, 618 (1983). The court should not revisit earlier decisions, even though having the power to do so, except in "extraordinary circumstances such as where the earlier decision was `clearly erroneous and would work a manifest injustice.'" *Christianson* 486 U.S. at 817 (1988) (citing *Arizona,* 460 U.S. at 618 n.8 (1983). The doctrine of the law of the case "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona,* 460 U.S. at 618. The doctrine applies "as much to the decisions of a coordinate court in the same case as to a court's own decisions." *Christianson,* 486 U.S. at 816. Because it prevents courts from entertaining endless litigation of the same issue, the doctrine promotes finality and judicial economy. 13 Wright & Miller, Federal Practice and Procedure § 4478 (2007).   The Court Order disposing of the first Motion to Dismiss (doc 11) is the law of the case.

### *Defendant's Second Motion to Dismiss Is Pure Harassment*

Defendants' second Motion to Dismiss reargues the same points made in their first Motion to Dismiss – even attaching the same Declarations! See docs 14-2 and 14-3 and compare to docs 6-9 and 6-10.   In their Second Motion, Defendants rely on *Peterson v. Kennedy*, 771 F.2d 1244 (9th Cir. 1985) for the proposition that extortionate e-mails addressed and mailed to Plaintiff in Arizona and causing damage to an Arizona resident "simply do not qualify as purposeful activity invoking the benefits and protection of the (forum) state", 771 F. 2nd at 1262. In *Peterson*, Plaintiff (Peterson) claimed that Defendant (Kennedy), an attorney,

–4–

committed malpractice in his representation of Peterson in a National Football League grievance. In *Peterson,* both parties agreed that Kennedy's sole contacts with California consisted of a series of telephone calls that he made to Peterson from the union's Washington D.C. office and letters that he sent to a California physician regarding Peterson's injury. While not specifically stated in the decision, it is clear that the cause of action by Peterson against Kennedy did not arise out of Kennedy's communications with Peterson. The *Peterson* case is inapposite.   Defendants do not, however, discuss Judge Silver's opinion in *Cummings v. Western Trial Lawyers Association*, No. CIV 00-0086-PHX-ROS (D.Ariz. 2001) discussing *Peterson*:

> Although Peterson remains good law, many Ninth Circuit personal jurisdiction cases involving certain types of tort claims similar to Plaintiff's claims against Guinn and Bragg apply the more liberal "effects test." Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1321 (9 Cir. 1998). The Ninth Circuit has held that a district court should "apply different purposeful availment tests to contract and tort cases." Ziegler [Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995) , 64 F.3d at 473 (citing Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1486 (9 Cir. 1993); Garcia Marquez, 942 F.2d at 621). "Consistent with the Supreme Court's holding in Burger King, merely contracting with a resident of the forum state is insufficient to confer specific jurisdiction over a nonresident." Id. In tort cases, however, the Ninth Circuit found that courts should apply the effects test and that "jurisdiction may attach if an out-of-forum defendant merely engages in conduct aimed at, and having effect in, the situs state." Id.; Panavision [Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1321 (9 Cir. 1998)], 141 F.3d at 1321 (stating that in tort cases, purposeful availment may be established if "the defendant's conduct is aimed at or has an effect in the forum state.").

Defendants next argue – without any evidentiary support whatever - that "the defendants did not voluntarily enter Arizona"[1].  Of course they did.  They sat down by

---

[1] See Second Motion at p 7 line 18.

1  the computer, composed their extortionate e-mails, and sent them to Plaintiff in Arizona.

2

3  If a California shooter kills an Arizona resident across the California-Arizona border, he

4  is amenable to process here.

5      Defendants next argue that *Batton v. Tennessee Farmers Mutual Insurance Co.*, 153

6  Ariz. 268, 736 P.2d 2 (1987) is "particularly instructive"[2].  Indeed.  The Arizona Supreme

7  Court in Batton *expressly affirmed* the constitutional maxim that "if a defendant purposefully

8  directs its activities at a particular forum, and the effects of its activities are reasonably

9  foreseeable, jurisdiction is proper because the defendant can reasonably anticipate being called

10  to account for its own actions". *Batton*, 153 Ariz. At 273, 736 P.2d at 7.  Here, Defendants sent

11  their extortionate e-mails to a resident of the State of Arizona and they should have (as they

12  certainly did) expect to be hailed in court here.

13

14      Lastly, Defendants argue Judge Murguia's well reasoned decision in *Technical Witts. v.*

15  *Skyland* (see Order attached hereto as Exhibit 1).  Indeed, in *Technical Witts* Judge Murguia

16  provided an excellent treatment of *specific* jurisdiction cases:

17

18      The requirement of purposeful availment ensures that the defendant should
      reasonably anticipate being haled into the forum State court based on his contacts.
19      World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The Ninth
      Circuit typically treats "purposeful availment" somewhat differently in tort cases
20      versus contract cases. Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir.
      2002). Tort cases are examined to determine whether a defendant *purposefully*
21      *directed* his activities at the forum State. Id. The analysis applies an "effects" test
      that focuses on the forum in which the defendant's actions were felt, whether or
22      not the actions themselves occurred within the forum. See Schwarzenegger, 374
      F.3d at 803 (citing Calder v. Jones, 465 U.S. 783, 789-90, 104 S.Ct. 1482, 79
23      L.Ed.2d 804 (1984)). A showing that a defendant purposefully directed his

24

25

---

[2] See Second Motion at p 7 line 24.

conduct toward a forum State usually consists of evidence of the defendant's actions outside the forum State that are directed at the forum, such as the distribution in the forum State of goods originating elsewhere. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774-75, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) (finding purposeful direction where defendant published magazines in Ohio and circulated them in the forum State, New Hampshire); see also World-Wide Volkswagen, 444 U.S. at 297-98 (noting that a "forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State").

The second factor requires that the claim arise out of or result from the defendant's forum-related activities. A claim arises out of a defendant's conduct if the claim would not have arisen "but for" the defendant's forum-related contacts. Panavision, 141 F.3d at 1322.

Once the plaintiff has satisfied the first two factors, the defendant bears the burden of overcoming a presumption that jurisdiction is reasonable by presenting a compelling case that specific jurisdiction would be unreasonable. Burger King, 471 U.S. at 472-73. The exercise of jurisdiction must not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Several factors are considered in assessing whether the exercise of jurisdiction over a non-resident is reasonable. World-Wide Volkswagen, 444 U.S., at 292. The factors to consider include the following: the burden on the defendant; the interests of the forum State; the plaintiff's interest in obtaining relief; the judicial system's interest in obtaining an efficient resolution; and the shared interest of the several States in furthering fundamental substantive social policies. Id.

Judge Murguia noted that Mr. Liang, a resident of Taiwan, did not reach out to Arizona to contact Plaintiff. Defendant's acts include responding to emails and telephone calls initiated by Plaintiff, who was in Arizona. During the course of their email correspondences, Mr. Liang invited Mr. Wittenbreder to travel to Taiwan for a meeting. However, at no time did Mr. Liang enter into any sort of contract or business deal with any person or company in Arizona.

*Technical Witts* is irrelevant to the facts before the Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C.§1027

Sanctions are appropriate here because Defendants' latest Motion to Dismiss has been argued and decided previously.  In addition, it is clear that  Defendants Second Motion to Dismiss is an attempt to circumvent Local Rule 7.2(g) relating to motions for reconsideration.  Local Rule 7.2(g) states:

> (g) **Motions for Reconsideration**.
> (1) Form and Content of Motion. The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.
>
> (2) Procedure. No response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court, but no motion for reconsideration may be granted unless the Court provides an opportunity for response. Absent good cause shown, any motion for reconsideration shall be filed no later than ten (10) days after the date of the filing of the Order that is the subject of the motion.

## CONCLUSION AND PRAYER FOR RELIEF

Nothing has changed since the Court's April 17, 2008 Order – other than that Plaintiff's First Amended Complaint shows that Defendant Menzies knew that he was sending the extortionate e-mail to Plaintiff, a resident of the State of Arizona.  Defendants' Second Motion

to Dismiss is brought in bad faith, it unnecessarily multiplies the proceedings, and it causes Plaintiff to incur unnecessary costs, expenses, and attorneys' fees[3].

Plaintiff requests that Defendants and their attorneys be sanctioned for violating Rule 11(b)(1) and (2) by monetary sanctions in an amount no less than $10,000.00 payable to the Clerk of the Court or some worthy organization at the election of the Court.

RESPECTFULLY submitted this 28th day of May, 2008.

_____
Peter Strojnik
Attorney for Plaintiff

---

[3] While Plaintiff appears in propriam personam, Plaintiff is an attorney, and the multiplication of the proceeding by Defendants does in fact cause him unnecessary costs and expenses in terms of lost time and the allocation of his efforts.

**CERTIFICATE OF SERVICE**

The foregoing e-filed this
28th day of May, 2008.

/s/