**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Booker T. Evans, Jr., SBN 009970, evansbt@gtlaw.com
Kimberly A. Warshawsky, SBN 022083, warshawskyk@gtlaw.com
Laura E. Sixkiller, SBN 022014, sixkillerl@gtlaw.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, a married man dealing with his sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL EDALAT a/k/a/ PAUL P. EDALAT and JANE DOE EDALAT, husband and wife; VERIPAK CORPORATION, a Delaware Corporation; CHARLES MENZIES and JANE DOE MENZIES, his wife,<br><br>Defendants. | Case No. 08-CV-00344-MHB<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED.R.CIV.P. 11(b)(1)(2)**<br><br>(Oral Argument Requested)<br><br>(Assigned to the Hon. Michele H. Burns) |

**INTRODUCTION**

Defendants, Paul Edalat ("Edalat"), Veripak Corporation ("Veripak") and Charles Menzies ("Menzies") (collectively "Defendants"), specially appear for the purpose of responding to Plaintiff, Peter Strojnik, ("Strojnik")'s Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(b)(1)(2) ("Rule 11 Motion"). Defendants submit that Strojnik's Motion should be denied and Defendants awarded their reasonable expenses, including attorneys' fees, incurred in defending against the Rule 11 Motion (See Rule 11 (c)(2) Fed. R. Civ. P.)

Strojnik's Rule 11 Motion basically restates his Response to Defendant's Motion to Dismiss ("Response"). In both his Response and his Rule 11 Motion, Strojnik accuses

Defendants and their counsel of unnecessarily multiplying the proceedings and needlessly increasing the cost of litigation. However, it is Strojnik that wastes this Court's time by unnecessarily increasing litigation costs with baseless requests for sanctions and repetitive pleadings.

Strojnik baldly asserts, without providing any legal or factual support, that Defendants' Motion to Dismiss is "presented for an improper purpose, to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the legal contentions [in the Rule 12(b)(2) Motion] are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." [Rule 11 Motion, 2:21-25] Simply reciting the legal standard for imposing sanctions is not enough to establish that Defendants and their counsels' actions merit the imposition of sanctions under the legal standard.

As Defendants demonstrate in their Reply in Support of their Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2), Fed. R. Civ. P. and Response to Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 ("Reply"), the Rule 12(b)(2) Motion is well-founded and amply supported by existing law. Contrary to Strojnik's position in his latest Rule 11 Motion and Response, it was not only proper for Defendants to file their Rule 12(b)(2) Motion in response to Strojnik's Amended Complaint, the Motion to Dismiss should be granted for the reasons stated by Defendants in their Motion and Reply.

## RULE 11 SANCTIONS ARE INAPPROPRIATE

Strojnik asserts that the Rule 12(b)(2) Motion violates Rule 11 in two respects: (1) "[i]t is presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; and (2) "[t]he legal contentions are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." [Rule 11 Motion, 1:22-2:2] Strojnik is wrong on both

PHX 328,267,133v4

counts. Contrary to Strojnik's baseless assertions, Defendants' Rule 12(b)(2) Motion was filed and pursued in full compliance with Rule 11, Fed. R. Civ. P. ("Rule 11").

### Defendants' Rule 12(b)(2) Motion is Well Grounded in Fact and Law

Rule 11 is "an extraordinary remedy" that should be "exercised with extreme caution." *Conn v. Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992) (internal quotation marks and citation omitted); *Larez v. Holcomb*, 16 F.3d 1513, 1522 (9th Cir. 1994) ("[W]e must exercise extreme caution in sanctioning attorneys under Rule 11, *particularly* where such sanctions emerge from an attorney's efforts to secure the court's recognition of new rights") (emphasis in original). Sanctions are only proper under Rule 11 "when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Conn*, 967 F.2d at 1420.

According to the Ninth Circuit Court of Appeals, "[i]f, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time the position is adopted, then sanctions should not be imposed." *Id.* (quoting *Golden Eagle Dist. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986)). A filing is "frivolous" only where it is "both baseless and made without reasonable and competent inquiry." *Larez*, 16 F.3d at 1522 (internal quotation marks and citation omitted). Even a cursory review of Defendants' Rule 12(b)(2) Motion and Reply reveals that the Motion is well grounded in fact and warranted by existing law. [*See generally* Rule 12(b)(2) Motion, 5:8-11:10; Reply, 2:16-7:4]

The crux of Strojnik's Rule 11 Motion and his assertion that the Rule 12(b)(2) Motion is "pure harassment" is his disagreement with the legal position taken by Defendants with respect to the legal effect of Messrs. Edalat's and Menzies' responses to Strojnik's various correspondence to each of them. [Rule 11 Motion, 4:17-7:24] In short, Strojnik essentially argues that the legal conclusions reached by Defendants in their Motion are incorrect. This is not an appropriate basis for imposing Rule 11 sanctions. Allegations of

PHX 328,267,133v4

factual or legal insufficiency should not be handled under Rule 11, but by motion to dismiss, to strike, for the more definite statement or for summary judgment. *See Advisory Committee Note* to Amended Rule 11, 97 F.R.D. 165, 198 (1983). The issue of which party has the proper side of the argument – Strojnik or Defendants -- is irrelevant to the determination of whether sanctions should be imposed under Rule 11. As the Ninth Circuit Court of Appeals has held, "Rule 11 should not impose the risk of sanctions in the event that the court later decides that the lawyer was wrong." *Golden Eagle*, 801 F.2d at 1542.

Besides, as Defendants' Reply makes clear: Strojnik's arguments fall short of the mark. Strojnik fails to establish that it is proper for the Court to exercise personal jurisdiction over Defendants under the circumstances presented here. Both the Motion and Reply establish that Edalat, Menzies, and Veripak do not have *any* contacts with the State of Arizona, let alone contacts sufficient to support a finding that the exercise of jurisdiction over them by this Court would comport with traditional notions of fair play and substantial justice, as required by *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). [Rule 12(b)(2) Motion, 5:6-11:2]

Strojnik is essentially asking the Court to make an extraordinary finding that personal jurisdiction in Arizona, the forum state, is proper where the Defendants merely responded to correspondence directed to them from an email address that happens to be located in Arizona. [Reply, 2:17-4:2] For the reasons stated in both the Rule 12(b)(2) Motion and the Reply, such a finding would be improper and contrary to law.

Messrs. Edalat's and Menzies' responses to Strojnik's various correspondence to each of them is insufficient to establish that either defendant purposefully directed his activities at this State. [Rule 12(b)(2) Motion, 7:8-11:2] The Ninth Circuit has held that "use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state." *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985) (citing *Thos. P. Gonzalez Corp. v.*

-4-

PHX 328,267,133v4

*Consejo Nacional de Production de Costa Rica*, 614 F.2d 1247 (9th Cir. 1980)). This is so because the "purposeful availment analysis turns upon whether the defendants' contacts are attributable to his own actions or solely to the actions of the plaintiff." *Tech. Witts, Inc. v. Skynet Elec. Co., Ltd.*, 2007 WL 809856, *5 (D. Ariz. Mar. 12, 2007). Where, as here, the defendants did not *voluntarily* enter Arizona (either physically or electronically), and did not engage in any conduct that would allow or promote the transaction of business in this State, none of the defendants can be said to have purposefully availed themselves of the laws and benefits of this State such that the Court's exercise of jurisdiction would be reasonable. *Id.*; see also *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir. 1986).

Strojnik's Rule 11 Motion (and Response to the Rule 12(b)(2) Motion) cites *Cummings v. Western Trial Lawyers Association,* No. Civ. 00-0086-PHX-ROS, a District Court opinion by Judge Roslyn O. Silver, in support of his claim that Defendants purposely injected themselves into Arizona's affairs. The facts of *Cummings* can not support this conclusion. In *Cummings,* the defendants were not responding to the plaintiff, but in fact initiated activity by directing letters into Arizona that the court found attacked the plaintiff and ultimately prevented her from working. The letters were not directed to the plaintiff but were in fact directed and distributed to as many as fifty members of the organization, many of whom resided in Arizona.

Here, Defendants merely responded to communications initiated by Strojnik that were directed to Edalat and Veripak in California. Their responses were done only by way of email and were directed to Plaintiff at the email address he provided for receipt of responses. In other words, he invited the response.

*Peterson* applies here. The email correspondence sent by Defendants to Strojnik in Arizona does no more than respond to his letters. Hence, responses to Strojnik's communications can not be said to meet the "purposeful availment" test set forth in *Peterson.*

PHX 328,267,133v4

*See Peterson*, 771 F.2d at 1262. Like *Peterson*, the only contact these Defendants had with Arizona, the forum state, consists of emails. Strojnik offers no affidavits or other evidence that Defendants had any other contact with Arizona or otherwise sought privileges and protections under Arizona law. Therefore, insofar as jurisdiction is concerned, the uncontradicted affidavits of Defendants must be accepted. *Data Disc, Inc. v. Systems Tech. Associates*, 557 F.2d 1280, 1285 (9th Cir. 1977).

In *Cummings*, Judge Silver found a distinction between allegations in tort and those in contract. The key factor where torts are alleged, is that the defendants must have engaged in conduct aimed at, and having effect in, the situs state. *Panavision Int'l., L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998). The Defendants in the instant case did not "aim their conduct" at Arizona as was the case in *Cummings*. These Defendants merely responded to correspondence directed to them which provided them with an email address that happened to be located in Arizona.

A holding in favor of Strojnik's position would allow that any testy exchange between parties by email could result in jurisdiction being had wherever that email is received. Extending his theory to its ultimate end, it could be argued that emails received by way of Blackberry or other PDA-type devices while traveling could subject the sender to jurisdiction (1) where the server is located; (2) where the recipient happens to be at the time the email is received; or (3) where any computer to which the device is connected is located. Such was not the intent of Judge Silver in *Cummings*. Therefore, even applying the "effects test," jurisdiction over Edalat, Veripak and Menzies can not be had.

### Defendants' Rule 12(b)(2) Motion was Filed for a Proper Purpose

Strojnik's assertion that the Rule 12(b)(2) Motion was "presented for an improper purpose" is without any basis in law or fact. Strojnik characterizes Defendants' Rule 12(b)(2) Motion as a "second bite at the same apple" and urges the Court to treat the Rule 12(b)(2) Motion as a motion for rehearing or reconsideration. [Rule 11 Motion, 3:2-4:16, 8:2-17] But

-6-

Strojnik's argument ignores the fact that he has filed and served an Amended Complaint that attempts to establish a new factual basis for claims of extortion and civil conspiracy against these Defendants.

By rule, Defendants were required to serve an answer or other responsive pleading within ten days following service of the amended pleading, unless the Court ordered otherwise. *See* Rule 15, Federal Rules of Civil Procedure.

Rule 15 does not require an answer but states:

> "A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten days after service of the amended pleading …"

In the matter before this Court, Defendants, consistent with the rule, filed their response to Strojnik's Amended Complaint timely by way of their Rule 12(b)(2) Motion. The pleading is not a motion for reconsideration or rehearing. It attacks claims made in Strojnik's Amended Complaint in which facts were set forth attempting to establish jurisdiction over all three Defendants for claims of extortion and civil conspiracy. There is no basis for sanctions or other penalties with regard to the style or manner in which Defendants' Rule 12(b)(2) Motion was brought.

In considering whether to impose Rule 11 sanctions, the Court should be cognizant of the concern that the imposition of sanctions may chill zealous and vigorous advocacy. *Larez*, 16 F.3d at 1522; *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1159-60 (9th Cir. 1987). Courts should not use sanctions "to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." *Hudson*, 836 F.2d at 1160 (internal quotation marks and citation omitted); *see also Advisory Committee Note* to Amended Rule 11, 97 F.R.D. 165, 199 (1983) ("The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories"). Imposing sanctions here would have this unwanted effect.

Defendants and their counsel are simply holding Strojnik to his burden of establishing that the Court has personal jurisdiction over each of the Defendants. *Travelers Cas. & Sur.*

-7-

PHX 328,267,133v4

*Co. of Am. v. Telstar Constr. Co., Inc.*, 252 F.Supp.2d 917, 928 (D. Ariz. 2003) (holding that once defendant has challenged the exercise of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction). Challenging the basis upon which Strojnik contends that the Court has personal jurisdiction for the claims asserted in his Amended Complaint is well within the bounds of the law and permissible advocacy. Indeed, Defendants' counsel would have been remiss in their obligation to zealously represent their clients if they had not contested Strojnik's allegations in his Amended Complaint that personal jurisdiction over each of the Defendants is proper.

### The Court Should Award Defendants Their Attorneys' Fees and Costs

Rule 11 provides that the Court may award to the prevailing party – whether the movant or the target of the motion -- the reasonable expenses, including attorneys' fees, incurred for the motion. Fed. R. Civ. P. Rule 11(c)(2); *Advisory Committee Note* to Amended Rule 11, 146 F.R.D. 401, 591 (1993). An award of Defendants' attorneys' fees and costs incurred in opposing Strojnik's Rule 11 Motion is warranted.

Boiled down, Strojnik's Rule 11 Motion is nothing more than a reurging of his Response to the Rule 12(b)(2) Motion. Strojnik had no basis for bringing his Rule 11 Motion. As demonstrated herein, Defendants' Rule 12(b)(2) Motion is well grounded in law and fact and was brought for a proper purpose. The mere fact that Strojnik disagrees with Defendants' position and the case law Defendants cite in support of their position is not a satisfactory basis for imposing Rule 11 sanctions upon Defendants or Defendants' counsel. To the contrary, it is improper to bring a Rule 11 Motion to "test the legal sufficiency or efficacy of allegations in the pleadings" or to "emphasize the merits of a party's position." *Advisory Committee Note* to Amended Rule 11, 146 F.R.D. 401, 590 (1993).

Accordingly, the circumstances of this case warrant the Court granting Defendants their reasonable expenses, including their attorneys' fees and costs, incurred in defending against Strojnik's baseless Rule 11 Motion.

PHX 328,267,133v4

## CONCLUSION

There is no basis for Strojnik's Rule 11 Motion. Rule 11 is violated when there is no reasonable inquiry into the basis for a pleading or motion, there is no chance for success under existing precedent and there is no reasonable argument to extend, modify or reverse the controlling law. *See Wolfinger v. Cheche,* 206 Ariz. 504, 80 P.3d 783 (App. 2003). To merit sanctions, there must be no chance of success under existing precedent. *Smith v. Lucia,* 173 Ariz. 290, 297, 842 P.2d 1303, 1310 (App. 1992).

Here, there is both a legal and factual basis for the court to find for Defendants. None of the Defendants have sufficient contacts with Arizona to warrant this Court's exercise of personal jurisdiction over them, and none of the defendants purposefully availed themselves of the privileges, benefits, and protections of this State. It would therefore be a violation of due process for this Court to exercise personal jurisdiction over them. In short, there is a chance for success, which defeats any claim that Strojnik can make for sanctions.

Rule 11 is to be employed only in those rare cases in which an attorney deliberately presses an unfounded claim or defense. *Boone v. Superior Court,* 145 Ariz. 235, 239, 700 P.2d 1335, 1339 (1985). This is not one of those rare instances. Accordingly, Defendants respectfully request that the Court deny Strojnik's Rule 11 Motion and grant Defendants their reasonable expenses, including attorneys' fees, pursuant to Rule 11(c)(2).

DATED this 16th day of June, 2008.

GREENBERG TRAURIG, LLP

By: /s/ Booker T. Evans, Jr.
    Booker T. Evans, Jr.
    Kimberly A. Warshawsky
    Laura E. Sixkiller
    Attorneys for Defendants Edalat, Veripak and Menzies

PHX 328,267,133v4

## CERTIFICATE OF SERVICE

☒ I hereby certify that on June 16, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, AZ 85012
Strojnik@aol.com
Attorney for Plaintiff

☐ I hereby certify that on _____, 2008, I served the attached document by facsimile and United States mail on the following, who are not registered participants of the CM/ECF System:

By: /s/ Marie E. Sanchez
Employee, Greenberg Traurig, LLP

-10-

PHX 328,267,133v4