IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER STROJNIK, a married man dealing with his sole and separate claim,,)<br>Plaintiff,<br>vs.<br>PAUL EDALAT a/k/a PAUL P. EDALAT and JANE DOE EDALAT, husband and wife; VERIPAK CORPORATION, a Delaware Corporation; CHARLES MENZIES and JANE DOE MENZIES, his wife,<br>Defendants. | No. CV-08-00344-PHX-MHB<br><br>**ORDER** |

**OVERVIEW**

This matter comes before the Court upon consideration of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint For Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) ("Defendant's Second Motion to Dismiss") (Doc. #14). Plaintiff has filed a Response (Doc. #15), and Defendants have filed a Reply (Doc. #17). This case was removed from Maricopa County Superior Court by Defendants based upon diversity of citizenship. (Doc. #1.) Plaintiff's original Complaint (Doc. #1, Exh. A) alleged five (5) causes of action under Arizona law or Arizona common law: Extortion, Conspiracy, Pattern of Unlawful Activity, Defamation, and Negligence.

Defendants filed a Motion to Dismiss the original complaint ("Defendant's First Motion to Dismiss") on February 29, 2008 (Doc. #6). In that motion Defendants argued, in part, that the complaint did not allege sufficient general or personal jurisdiction over the Defendants. (Id. at 13-15.) In support of this claim, Defendants attached Affidavits of Defendants Edalat and Menzies. (Id., Exhs. 8, 9.) These undisputed affidavits established that, other than the e-mail correspondence described in Plaintiff's Complaint, Defendants do not have contact with the forum state[1]. (Id.) Defendants took the position that the e-mail communications were insufficient to confer general or personal jurisdiction over the Defendants. After briefing was complete, this Court entered an Order granting in part, and denying in part Defendants' Motion. (Doc. #11.)

On the issue of jurisdiction, the Court found that Plaintiff had not alleged sufficient facts to establish personal jurisdiction over Defendant Menzies on Count I, the Extortion Count, but that sufficient facts were alleged to establish jurisdiction over Defendants Edalet and Veripak. (Doc. #11, at 9-10.) Specifically, after an analysis of the prevailing legal authority, the Court found that:

> Plaintiff has alleged sufficient facts in his Complaint to support personal jurisdiction over Defendant Edalat and Veripak. The January 7, 2008 e-mail was clearly directed to Plaintiff, and was sent in response to a letter mailed by Plaintiff to Defendants Edalat and Veripak, which contained Plaintiff's address in Arizona and e-mail address. (Doc. #6, Exhs. 2, 3, 4.) Defendants conduct was therefore "aimed at," and had an effect, in Arizona. Count One of Plaintiff's Complaint against Defendant Edalat and Veripak, therefore, sets forth sufficient allegations of personal jurisdiction.
>
> Plaintiff does not, however, alleged sufficient facts to establish personal jurisdiction over Defendant Menzies. **His Complaint includes the text of the February 1, 2008 e-mail, but does not include anywhere within his Complaint an allegation that the e-mail was sent to Plaintiff in Arizona, or an allegation that Menzies had knowledge of Plaintiff's location.** He only indicates that "[o]n February 1, 2008, Menzies issued an e-mail the relevant portion of which threatened criminal prosecution unless the Complaint is dismissed." (Doc. #6, ¶17.)

(Id.)(emphasis added).

---

[1] Defendant Edalat, as executive vice-president of Veripak Corporation ("Veripak"), averred in his Affidavit that Veripak also has no contact with the forum state. (Doc. #6, Exh. 9.)

The Court then dismissed Count I against Menzies without prejudice, and Count II without prejudice[2]. (Id., at 10.)

Plaintiff then filed an Amended Complaint, which differed from the original Complaint by the addition of two paragraphs to the Background Allegations (¶¶ 16, 19) and the amendment of one paragraph under Count Two (¶29). (Doc. #12.) The two paragraph additions to the Background Allegations directly addressed the personal jurisdiction deficiency noted by the Court in the above-cited bolded extract of the Court's Order:  the paragraphs  read as follows:

(¶16)    On January 8, 2008, Plaintiff communicated with Defendant Menzies by e-mail regarding the matter, stating that Plaintiff would "forward [Plaintiff's] future communications regarding this matter to you.".  The e-mail stated Plaintiffs address in Phoenix, Arizona.  Plaintiff also attached to the e-mail a letter in PDF format showing Plaintiff's Phoenix, Arizona address. (Exhibit 5).

(¶19)    The 02-01-08 e-mail from Menzies to Plaintiff was directed to Plaintiff at a time when Menzies knew from previous eletronic communications that the e-mail would be received by Plaintiff in Phoenix, Arizona.  The e-mail, Exhibit 7, was in fact received in Phoenix, Arizona.

The one paragraph amended under Count Two, which directly addresses a factual deficiency noted by the Court in its Order,  reads as follows:[3]

(¶29)    Plaintiff has been damaged by Defendants by acts committed by the Defendants pursuant to the civil conspiracy described above.

---

[2]The Court also dismissed Counts 3-5 with prejudice.  The reason for the dismissal of those counts is not pertinent here.

[3]As the deficiency noted does not relate to the jurisdictional issues raised by Defendants in their Second Motion, the added paragraph is not relevant here, except to emphasize that this paragraph, like the other two additions, directly addressed the deficiency noted by the Court in its Order dismissing the Count.

1    Defendants then filed the instant Second Motion to Dismiss. Defendants argue again that
2    Plaintiff cannot satisfy its burden of establishing that this court may exercise personal
3    jurisdiction over defendants. (Doc. #14, at 5.) The two exhibits attached in support of their
4    Motion, Exhibits 1 and 2 are the same affidavits attached to their first motion to dismiss as
5    Exhibits 8 and 9. (Id., at FN 1,2.) The only difference in the jurisdictional argument made
6    by Defendants in their first motion to dismiss and their second motion to dismiss is the
7    reference to different legal authority.  None of the case-authority cited in the latter motion
8    post-date this Court's April 17, 2008 Order.

9    Plaintiff filed a Response, arguing that Defendants' Second Motion should be denied for
10   the same reason the First Motion was denied, since the argument and the facts in support are
11   the same, citing the *law of the case* doctrine. (Doc. #15.) Plaintiff also requests sanctions
12   pursuant to 28 U.S.C. §1027, arguing that Defendants' Second Motion is merely an attempt
13   to circumvent Local Rule 7.2(g) relating to motions for reconsideration. (Id., at 7-8.)

## ANALYSIS

15   Plaintiff is correct in arguing that Defendants' jurisdictional argument is, in substance, the
16   same as the one made before. Defendants respond by claiming that "[Plaintiff's] argument
17   ignores the fact that he filed and served an Amended Complaint attempting to establish a new
18   factual basis for claims of extortion and civil conspiracy against these Defendants. By Rule,
19   Defendants were required to serve an answer or other responsive pleading within ten days
20   following service of the amended pleading, . . . [Defendants' second motion to dismiss]
21   attacks claims made in Strojnik's Amended Complaint in which facts were set forth
22   attempting to establish jurisdiction over all three Defendants for claims of extortion and civil
23   conspiracy." (Doc. #17, at 4.)

24   Since Plaintiff's Amended Complaint corrected the specific deficiency addressed by the
25   Court in its Order, it is specious for Defendants to argue that the amended complaint raises
26   any new issues not previously addressed. In fact, in their motion, Defendants do not dispute
27   the averred new facts. The issue raised, whether or not the communications alleged in the
28   complaint are sufficient to confer personal jurisdiction, is not altered by the addition of

paragraphs 16 and 19 of the Amended Complaint, and Defendants do not argue in their motion that they do. That issue this Court has decided.

Defendants argue that this Court should not construe their motion as a motion for reconsideration because, pursuant to Fed.R.Civ.P. 12(b)(2), they are entitled to respond to the Amended Complaint by filing a motion to dismiss. Carrying this argument to the logical extreme, anytime a complaint is amended in response to an order of the Court, a party may revisit any issue that was litigated in relation to the original complaint, even when the amended complaint does not alter in any meaningful way the nature of the dispute. This is clearly not the intent of the rule.

Defendants would arguably be entitled to file a motion to dismiss based upon lack of personal jurisdiction as to Defendant Menzies, since he is newly added to the Amended Compliant. That would especially be so if any new facts were alleged that distinguished Defendant Menzie's forum contact from the other Defendants. Since there is no qualitative difference between the alleged forum contact by Defendant Menzies and the other two Defendants, a motion to dismiss for lack of personal jurisdiction would be governed by the *law of the case*. The doctrine of the *law of the case* "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. Arizona v. California, 460 U.S. 605, 618 (1983).

Plaintiffs ask for sanctions, pursuant to Fed.R.Civ.P. 11(c)(1)(B), and citing Wages v. IRS, 915 F.2d 1230 (9th Cir. 1990). To impose sanctions, the court must make a finding of subjective bad faith. See In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1996). Because it is at least arguable that Defendants may have raised, in order to preserve, the personal jurisdiction issue again as to Defendant Menzie, given the addition of him again as a defendant in the Amended Complaint, this Court does not find bad faith and will not impose sanctions. Further presentation of repetitive motions may warrant heightened scrutiny.

///

**CONCLUSION**

Defendants' Second Motion to Dismiss does not raise any new facts or refer to any new legal authority which would compel the court to reconsider its earlier denial of Defendants' First Motion to Dismiss, and the *law of the case* therefore controls.  The Court does not find that Defendants acted in bad faith in filing the motion and therefore will not impose sanctions.

**IT IS THEREFORE ORDERED**, that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint For Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) (Doc. #14) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Request For Sanctions (Doc. #15) is denied.

**IT IS FURTHER ORDERED** that Defendants have twenty (20) days from the date of this Order to serve their Answer on Plaintiff.

DATED this 5th day of September, 2008.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge